## FOURTEENTH AMENDED AND RESTATED FORBEARANCE AGREEMENT

**THIS FOURTEENTH AMENDED AND FORBEARANCE AGREEMENT** (this "Agreement") is dated and effective as of this 28th day of February, 2026, by and among **James C. JUSTICE, III, Individually,** a resident of the Commonwealth of Virginia ("JCJ III"), **James C. JUSTICE, II, Individually,** a resident of the State of West Virginia ("JCJ II"), **Cathy L. JUSTICE, Individually,** a resident of the State of West Virginia ("Ms. Justice"), **BELLWOOD CORPORATION,** a West Virginia corporation ("Bellwood"), **JUSTICE LOW SEAM MINING INC.,** a West Virginia corporation ("JLSM"), **GREENBRIER MEDICAL INSTITUTE, LLC,** a West Virginia limited liability company ("GMI"), **TAMS MANAGEMENT, INC.,** a West Virginia corporation ("Tams"), **OAKHURST CLUB, LLC,** a West Virginia limited liability company ("Oakhurst"), **JAMES C. JUSTICE COMPANIES, INC.,** a Delaware corporation ("JCJC"), **TWIN FIR ESTATES, LLC,** a Virginia limited liability company ("Twin Fir"), **WILCOX INDUSTRIES, INC.,** a West Virginia corporation ("Wilcox"), **GREENBRIER HOTEL CORPORATION,** a West Virginia corporation ("Greenbrier Hotel"), **PLAYERS CLUB, LLC,** a Delaware limited liability company ("Players Club"), **JUSTICE FAMILY GROUP, LLC,** a Delaware limited liability company ("JFG"), **GREENBRIER GOLF AND TENNIS CLUB CORPORATION,** a West Virginia corporation ("GGTCC"), **THE GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC.,** a Delaware corporation ("TGSCDC") **THE GREENBRIER SPORTING CLUB, INC.,** a West Virginia corporation ("TGSC") (collectively, the "Judgment Debtors"); **KIRBY LAND COMPANY, INC.,** a West Virginia corporation ("Kirby"), **VIRGINIA FUEL CORPORATION,** a Delaware corporation, **SOUTHEAST COTTON, INC.,** a West Virginia corporation, **AMERICAN TURF GRASS CORPORATION,** a Virginia corporation, **BLACK RIVER FARMS, LLC,** a West Virginia limited liability company, **RAPIDAN, LLC,** a West Virginia limited liability company, **EVERGREEN TURF CORPORATION,** a Delaware corporation, **BLUE RIDGE FARM CENTER, INC.,** a Virginia corporation, **STONEY BROOK PLANTATION, INC.,** a West Virginia corporation, **JUSTICE FARM SUPPLY, INC.,** a West Virginia corporation, **TEN MILE BAY, LLC,** a West Virginia limited liability company, **JUSTICE FAMILY FARMS, LLC,** a West Virginia limited liability company, **GREENHORN, LLC,** a Kentucky limited liability company, **GREENBRIER LEGACY COTTAGE DEVELOPMENT COMPANY I, INC.,** a West Virginia corporation ("Legacy Development I"), **GREENBRIER LEGACY COTTAGE DEVELOPMENT COMPANY II, INC.,** a West Virginia corporation ("Legacy Development II"), **MORNING GLORY COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Morning Glory"), **MARIGOLD COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Marigold"), **DOGWOOD COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Dogwood"), **SUGAR MAPLE COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Sugar Maple"), **HEMLOCK COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Hemlock"), **HYDRANGEA COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Hydrangea"), **HONEYSUCKLE COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Honeysuckle"), **RHODODENDRON COTTAGE HOMEOWNERS ASSOCIATION, INC.,** a West Virginia corporation ("Rhododendron"), **GREENBRIER IA, INC.,** a Delaware corporation ("Greenbrier IA")(collectively, the "Collateral Parties" and, together with the Judgment Debtors, the "Justice Parties"), **GSR, LLC,** a West Virginia limited liability company

("GSR") and **JUSTICE HOLDINGS, LLC**, a West Virginia limited liability company ("Justice Holdings"); and **CARTER BANK & TRUST**, a Virginia banking corporation ("CBT").

## RECITALS

**A.** JCJ III is indebted to CBT pursuant to (i) Judgment entered on April 20, 2023, Case No. CL23000110-00, Instrument No. JD202300213 ("Judgment JD202300213"), (ii) Judgment entered on April 20, 2023, Case No. CL23000112-00, Instrument No. JD202300215 ("Judgment JD202300215"), jointly and severally with JCJ II and Ms. Justice, (iii) Judgment entered on April 20, 2023, Case No. CL23000117-00, Instrument No. JD202300220 ("Judgment JD202300220"), jointly and severally with JCJ II and Ms. Justice, (iv) Judgment entered on April 20, 2023, Case No. CL23000118-00, Instrument No. JD202300221 ("Judgment JD202300221"), jointly and severally with JCJ II and Ms. Justice, and (v) Judgment entered on April 20, 2023, Case No. CL23000120-00, Instrument No. JD202300223 ("Judgment JD202300223"), jointly and severally with JCJ II and Ms. Justice (collectively, the "JCJ III Indebtedness"). The JCJ III Indebtedness and all other present and future liabilities, indebtedness and obligations of JCJ III to CBT shall collectively be referred to herein as the "JCJ III Bank Indebtedness."

**B.** The JCJ III Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the JCJ III Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "JCJ III Debt Collateral Documents").

**C.** JCJ II and Ms. Justice are indebted to CBT, jointly and severally, pursuant to (i) Judgment entered on April 20, 2023, Case No. CL23000111-00, Instrument No. JD202300214 ("Judgment JD202300214"), (ii) Judgment JD202300215, jointly and severally with JCJ III, (iii) Judgment entered on April 20, 2023, Case No. CL23000113-00, Instrument No. JD202300216 ("Judgment JD202300216"), (iv) Judgment entered on April 20, 2023, Case No. CL23000114-00, Instrument No. JD202300217 ("Judgment JD202300217"), (v) Judgment entered on April 20, 2023, Case No. CL23000115-00, Instrument No. JD202300218 ("Judgment JD202300218"), (vi) Judgment entered on April 20, 2023, Case No. CL23000116-00, Instrument No. JD202300219 ("Judgment JD202300219"), (vii) Judgment JD202300220, (viii) Judgment JD202300221, jointly and severally with JCJ III, (ix) Judgment entered on April 20, 2023, Case No. CL23000119-00, Instrument No. JD202300222 ("Judgment JD202300222"), (x) Judgment JD202300223, jointly and severally with JCJ III (collectively, the "JCJ II/Ms. Justice Indebtedness"). The JCJII/Ms. Justice Indebtedness and all other present and future liabilities, indebtedness and obligations of JCJ II and/or Ms. Justice to CBT shall collectively be referred to herein as the "JCJ/Ms. Justice Bank Indebtedness."

**D.** The JCJ II/Ms. Justice Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and

2

all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the JCJ II/Ms. Justice Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "JCJ II/Ms. Justice Debt Collateral Documents").

E.  Bellwood is indebted to CBT pursuant to Judgment entered on May 15, 2023, Case No. CL23000148-00, Instrument No. JD202300280 ("Judgment JD202300280") (the "Bellwood Indebtedness"). The Bellwood Indebtedness and all other present and future liabilities, indebtedness and obligations of Bellwood to CBT shall collectively be referred to herein as the "Bellwood Bank Indebtedness."

F.  The Bellwood Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the Bellwood Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "Bellwood Debt Collateral Documents").

G.  JLSM is indebted to CBT pursuant to Judgment entered on May 15, 2023, Case No. CL23000149-00, Instrument No. JD202300281 ("Judgment JD202300281") (the "JLSM Indebtedness"). The JLSM Indebtedness and all other present and future liabilities, indebtedness and obligations of JLSM to CBT shall collectively be referred to herein as the "JLSM Bank Indebtedness."

H.  The JLSM Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the JLSM Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "JLSM Debt Collateral Documents").

I.  Tams is indebted to CBT pursuant to (i) Judgment entered on May 15, 2023, Case No. CL23000150-00, Instrument No. JD202300282 ("Judgment JD202300282") and (ii) Judgment entered on May 15, 2023, Case No. CL23000154-00, Instrument No. JD202300286 ("Judgment JD202300286") (collectively, the "Tams Indebtedness"). The Tams Indebtedness and all other present and future liabilities, indebtedness and obligations of Tams to CBT shall collectively be referred to herein as the "Tams Bank Indebtedness."

J.  The Tams Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and

3

other collateral documents now or hereafter securing the Tams Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "Tams Debt Collateral Documents").

K.    Oakhurst is indebted to CBT pursuant to Judgment entered on May 15, 2023, Case No. CL23 000151-00, Instrument No. JD202300283 ("Judgment JD202300283") (the "Oakhurst Indebtedness"). The Oakhurst Indebtedness and all other present and future liabilities, indebtedness and obligations of Oakhurst to CBT shall collectively be referred to herein as the "Oakhurst Bank Indebtedness."

L.    The Oakhurst Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the Oakhurst Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "Oakhurst Debt Collateral Documents").

M.    JCJC, Twin Fir and Wilcox are indebted to CBT, jointly and severally, pursuant to Judgment entered on May 15, 2023, Case No. CL23000152-00, Instrument No. JD202300284 ("Judgment JD202300284") (the "JCJC/Twin Fir/Wilcox Indebtedness"). The JCJC/Twin Fir/Wilcox Indebtedness and all other present and future liabilities, indebtedness and obligations of JCJC, Twin Fir and/or Wilcox to CBT shall collectively be referred to herein as the "JCJC/Twin Fir/Wilcox Indebtedness Bank Indebtedness."

N.    The JCJC/Twin Fir/Wilcox Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the JCJC/Twin Fir/Wilcox Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "JCJC/Twin Fir/Wilcox Debt Collateral Documents").

O.    GMI is indebted to CBT pursuant to Judgment entered on May 15, 2023, Case No. CL23000153-00, Instrument No. JD202300285 ("Judgment JD202300285") (the "GMI Indebtedness"). The GMI Indebtedness and all other present and future liabilities, indebtedness and obligations of GMI to CBT shall collectively be referred to herein as the "GMI Bank Indebtedness."

P.    The GMI Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the GMI Indebtedness or any portion

325841351v2

thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "GMI Debt Collateral Documents").

**Q.** Greenbrier Hotel, Players Club and JFG are indebted to CBT, jointly and severally, pursuant to Judgment entered on May 15, 2023, Case No. CL23000155-00, Instrument No. JD2023 00287 ("Judgment JD202300287") (the "Greenbrier Hotel/Players Club/JFG Indebtedness"). The Greenbrier Hotel/Players Club/JFG Indebtedness and all other present and future liabilities, indebtedness and obligations of Greenbrier Hotel, Players Club and/or JFG to CBT shall collectively be referred to herein as the "Greenbrier Hotel/Players Club/JFG Bank Indebtedness."

**R.** The Greenbrier Hotel/Players Club/JFG Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the Greenbrier Hotel/Players Club/JFG Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "Greenbrier Hotel/Players Club/JFG Debt Collateral Documents").

**S.** GGTCC is indebted to CBT pursuant to Judgment entered on May 15, 2023, Case No. CL23000156-00, Instrument No. JD202300288 ("Judgment JD202300288") (the "GGTCC Indebtedness"). The GGTCC Indebtedness and all other present and future liabilities, indebtedness and obligations of GGTCC to CBT shall collectively be referred to herein as the "GGTCC Bank Indebtedness."

**T.** The GGTCC Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties, and other collateral documents now or hereafter securing the GGTCC Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "GGTCC Debt Collateral Documents").

**U.** TGSCDC and TGSC are indebted to CBT pursuant to Judgment entered on May 15, 2023, Case No. CL23000158-00, Instrument No. JD202300289 ("Judgment JD202300289") (the "TGSCDC/TGSC Indebtedness"). The TGSCDC/TGSC Indebtedness and all other present and future liabilities, indebtedness and obligations of TGSCDC and/or GGTCC to CBT shall collectively be referred to herein as the "TGSCDC/TGSC Bank Indebtedness."

**V.** The TGSCDC/TGSC Indebtedness is secured by, among other collateral, deeds of trust and security agreements executed by the Justice Parties and other subsidiaries, affiliates and parties related to the Justice Parties (such deeds of trust, security agreements and all other security agreements, financing statements, pledge agreements, deeds of trust, guaranties,

5

and other collateral documents now or hereafter securing the TGSCDC/TGSC Indebtedness or any portion thereof, together with all written renewals, amendments, modifications, extensions, supplements and/or replacements thereof, shall collectively be referred to herein as the "TGSCDC/TGSC Debt Collateral Documents").

**W.** The Justice Parties previously requested that CBT forebear from the exercise of certain of its rights and remedies under or in connection with (i) Judgment JD202300213, Judgment JD202300215, Judgment JD202300220, Judgment JD202300221, Judgment JD202300223, Judgment JD202300214, Judgment JD202300216, Judgment JD202300217, Judgment JD202300218, Judgment JD202300219, Judgment JD202300222, Judgment JD202300280, Judgment JD202300281, Judgment JD202300282, Judgment JD202300285, Judgment JD202300286, Judgment JD202300283, Judgment JD202300284, Judgment JD202300287, Judgment JD202300288 and Judgment JD202300289 (collectively, the "Judgments") and (ii) the JCJ III Debt Collateral Documents, the JCJ II/Ms. Justice Debt Collateral Documents, the Bellwood Debt Collateral Documents, the JLSM Debt Collateral Documents, the Tams Debt Collateral Documents, the Oakhurst Debt Collateral Documents, the JCJC/Twin Fir/Wilcox Debt Collateral Documents, the GMI Debt Collateral Documents, the Greenbrier Hotel/Players Club/JFG Debt Collateral Documents, the GGTCC Debt Collateral Documents and the TGSCDC/TGSC Debt Collateral Documents (collectively, the "Bank Debt Collateral Documents"). CBT agreed to do so and the Justice Parties and CBT entered into a Forbearance Agreement dated as of April 1, 2024, as amended and restated pursuant to an Amended and Restated Forbearance Agreement dated as of August 26, 2024, as further amended and restated pursuant to a Second Amended and Restated Forbearance Agreement dated as of October 15, 2024, as further amended and restated pursuant to a Third Amended and Restated Forbearance Agreement dated as of November 19, 2024, as further amended and restated pursuant to a Fourth Amended and Restated Forbearance Agreement dated as of December 31, 2024, as further amended and restated pursuant to a Fifth Amended and Restated Forbearance Agreement dated as of February 6, 2025 as further amended and restated pursuant to a Sixth Amended and Restated Forbearance Agreement dated as of March 31, 2025, as further amended and restated pursuant to a Seventh Amended and Restated Forbearance Agreement dated as of April 30, 2025, as further amended and restated pursuant to an Eighth Amended and Restated Forbearance Agreement dated as of May 31, 2025, as further amended and restated pursuant to a Ninth Amended and Restated Forbearance Agreement dated as of June 30, 2025, as further amended and restated pursuant to a Tenth Amended and Restated Forbearance Agreement dated as of August 14, 2025, as further amended and restated pursuant to an Eleventh Amended and Restated Forbearance Agreement dated as of September 30, 2025, as further amended and restated pursuant to a Twelfth Amended and Restated Forbearance Agreement dated as of December 31, 2025 and as further amended and restated pursuant to a Thirteenth Amended and Restated Forbearance Agreement dated as of January 31, 2026 (as so amended and restated, the "Existing Forbearance Agreement").

**X.** In connection with the execution of the Existing Forbearance Agreement, the settlement of certain litigation brought by GLAS Trust Company, LLC, as note trustee against CBT, and the obligations of the non-CBT parties under the Amended and Restated Indemnification Agreement made and entered into as of July 1, 2022, by and between Greenbrier Hotel, GMI, GGTCC, TGSC, TGSCDC, Oakhurst, Bellwood, JCJC, JFG, Players Club, Justice Farms of North Carolina, LLC, JLSM, Twin Fir, Wilcox, Wintergreen Partners, Inc., Tams, JCJ

6

II, Ms. Justice and JCJ III, and CBT (the "A&R Indemnification Agreement"), Players Club, JFG, TGSCDC, TGSC, GMI, GGTCC, Oakhurst, JCJ II, Ms. Justice, Bellwood, JCJC, Twin Fir, Wilcox, JLSM, Tams and JCJ III have borrowed $15,000,000.00 from CBT and executed a Promissory Note dated August 26, 2024 and payable to CBT evidencing that borrowing and their obligations under the A&R Indemnification Agreement (the "Indemnity Note").

**Y.** Greenbrier IA is the legal and beneficial owner of intellectual property relating to the real and personal property owned by Greenbrier Hotel. Greenbrier IA is joining this agreement to induce CBT to enter into this Agreement by granting a first priority security interest in and to all of its assets, including but not limited to its intellectual property, as additional security to CBT in respect of and securing repayment of the Bank Indebtedness.

**Z.** The Justice Parties have again requested that CBT forbear from the exercise of certain of its rights and remedies under or in connection with (i) the Bank Indebtedness, (ii) the Judgments, (iii) the Indemnity Note and (iv) the Bank Debt Collateral Documents, and CBT has agreed to do so and is entering into this Agreement in express reliance upon the representations, warranties, covenants and agreements contained herein of the Justice Parties.

## AGREEMENT

For and in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which consideration are hereby mutually acknowledged, the parties hereto hereby agree as follows:

**1.** **Recitals.** The foregoing recitals are confirmed by the parties as true and correct and are incorporated herein by this reference. The recitals are a material, substantive and contractual part of this Agreement.

**2.** **Acknowledgment of Amounts Due, Default and Waiver.**

(a) Each of the Justice Parties hereby agrees that, as of April 1, 2024: (i) under Judgment JD202300213, (A) the principal balance was $508,381.50, (B) accrued interest was $14,912.52, (C) attorney's fees were $10,167.00 and (D) interest continues to accrue; (ii) under Judgment JD202300215, (A) the principal balance was $34,723,733.37, (B) accrued interest was $1,018,562.85, (C) late charges were $19,647.86, (D) attorney's fees were $694,475.00 and (E) interest continues to accrue; (iii) under Judgment JD202300220, (A) the principal balance was $13,366,646.80, (B) accrued interest was $392,088.31, (C) attorney's fees were $267,333.00 and (D) interest continues to accrue; (iv) under Judgment JD202300221, (A) the principal balance was $36,861,112.50, (B) accrued interest was $1,081,259.30, (C) attorney's fees were $737,222.00 and (D) interest continues to accrue; (v) under Judgment JD202300223 - Count I, (A) the principal balance was $32,896,892.88, (B) accrued interest was $964,975.52, (C) late charges were $18,515.92, (D) attorney's fees were $657,937.00 and (E) interest continues to accrue; (vi) under Judgment JD202300223 - Count II, (A) the principal balance was $6,242,606.44, (B) accrued interest was $183,116.46, (C) attorney's fees were $124,852.00 and (D) interest continues to accrue; (vii) under Judgment JD202300214, (A) the principal balance was $508,381.50, (B) accrued interest was $14,912.52, (C) attorney's fees were $10,167.00 and (D) interest continues to

accrue; (viii) under Judgment JD202300216, (A) the principal balance was $45,002,027.63, (B) accrued interest was $1,320,059.48, (C) late charges were $20,000.90, (D) attorney's fees were $900,040.00 and (E) interest continues to accrue; (ix) under Judgment JD202300217, (A) the principal balance was $51,551,610.20, (B) accrued interest was $1,512,180.57, (C) late charges were $22,911.83, (D) attorney's fees were $1,061,052.00 and (E) interest continues to accrue; (x) under Judgment JD202300218, (A) the principal balance was $22,835,762.75, (B) accrued interest was $669,849.04, (C) late charges were $10,149.23, (D) attorney's fees were $456,715.00 and (E) interest continues to accrue; (xi) under Judgment JD202300219, (A) the principal balance was $36,619,535.76, (B) accrued interest was $1,074,173.05, (C) late charges were $16,275.35, (D) attorney's fees were $733,254.00 and (E) interest continues to accrue; (xii) under Judgment JD202300222, (A) the principal balance was $21,304,934.29, (B) accrued interest was $624,944.74, (C) late charges were $9,468.86, (D) attorney's fees were $426,098.00 and (E) interest continues to accrue; (xiii) under Judgment JD202300280, (A) the principal balance was $34,723,733.37, (B) accrued interest was $1,018,562.85, (C) late charges were $19,647.86, (D) attorney's fees were $694,475.00 and (E) interest continues to accrue; (xiv) under Judgment JD202300281, (A) the principal balance was $36,861,112.50, (B) accrued interest was $1,081,259.30, (C) attorney's fees were $737,222.00 and (D) interest continues to accrue; (xv) under Judgment JD202300282, (A) the principal balance was $6,242,606.44, (B) accrued interest was $183,116.46, (C) attorney's fees were $124,852.00 and (D) interest continues to accrue; (xvi) under Judgment JD202300286, (A) the principal balance was $32,896,892.88, (B) accrued interest was $964,975.52, (C) late charges were $18,515.92, (D) attorney's fees were $657,937.00 and (E) interest continues to accrue; (xvii) under Judgment JD202300283, (A) the principal balance was $21,304,934.29, (B) accrued interest was $624,944.74, (C) late charges were $9,468.86, (D) attorney's fees were $426,098.00 and (E) interest continues to accrue; (xiii) under Judgment JD202300284, (A) the principal balance was $13,366,646.80, (B) accrued interest was $392,088.31, (C) attorney's fees were $267,333.00 and (D) interest continues to accrue; (xix) under Judgment JD202300285, (A) the principal balance was $22,835,762.75, (B) accrued interest was $669,849.04, (C) late charges were $10,149.23, (D) attorney's fees were $456,715.00 and (E) interest continues to accrue; (xx) under Judgment JD202300287, (A) the principal balance was $51,551,610.20, (B) accrued interest was $1,512,180.57, (C) late charges were $22,911.83, (D) attorney's fees were $1,061,052.00 and (E) interest continues to accrue; (xxi) under Judgment JD202300288, (A) the principal balance was $45,002,027.63, (B) accrued interest was $1,320,059.48, (C) late charges were $20,000.90, (D) attorney's fees were $900,040.00 and (E) interest continues to accrue; and (xxii) under Judgment JD202300289, (A) the principal balance was $36,619,535.76, (B) accrued interest was $1,074,173.05, (C) late charges were $16,275.35, (D) attorney's fees were $733,254.00 and (E) interest continues to accrue. During the period April 1, 2024 to and including the date of this Agreement, the Judgment Debtors have made certain payments to CBT as set forth on Schedule 1 attached hereto. Each of the Justice Parties hereby agrees that, as of the date of this Agreement, the principal balance under the Indemnity Note is $15,000,000 and interest has accrued and shall accrue on such principal balance as provided in the Indemnity Note. Each of the Justice Parties hereby acknowledges and agrees that each of the Judgments is a final judgment, and therefore defaults and events of default have occurred under each of the Bank Debt Collateral Documents and the Bank Loan Documents (as defined in Section 2(c) hereof). Each of the Justice Parties hereby waives any and all rights to notice of payment default or any other default, protest, and notice of protest, dishonor, diligence in collecting and bringing suit against any party, notice of intention to accelerate, notice of

8

325841351v2

acceleration, demand for payment and any other notices whatsoever regarding the JCJ III Bank Indebtedness, the JCJ II/Ms. Justice Bank Indebtedness, the Bellwood Bank Indebtedness, the JLSM Bank Indebtedness, the Tams Bank Indebtedness, the Oakhurst Bank Indebtedness, the JCJC/Twin Fir/Wilcox Bank Indebtedness, the GMI Bank Indebtedness, the Greenbrier Hotel/Players Club/JFG Bank Indebtedness, the GGTCC Bank Indebtedness, the TGSCDC/TGSC Bank Indebtedness, the Indemnity Note (collectively, the "Bank Indebtedness"), the Judgments, the Bank Debt Collateral Documents and/or the Bank Loan Documents, and each hereby further waives any claims that any notices previously given are insufficient for any reason. None of the Justice Parties has any defenses, affirmative or otherwise, rights of setoff, rights of recoupment, claims, counterclaims, actions or causes of action of any kind or nature whatsoever against CBT or any of its affiliates, employees, officers, directors, shareholders, agents, attorneys, accountants, consultants, insurers, successors or assigns (collectively, the "CBT Parties"), directly or indirectly, arising out of, based upon, or in any manner connected with, any transaction, event, circumstance, action, failure to act, or occurrence of any sort or type, whether known or unknown, which occurred, existed, was taken, permitted, or began prior to or on the date of this Agreement or accrued, existed, was taken, permitted or begun in accordance with, pursuant to, or by virtue of any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Judgments, or any of the indebtedness in connection with any other credit relationships between any of the Justice Parties and any of the CBT Parties (collectively, the "Other Bank Credit Relationships Indebtedness"), any of the documents evidencing or executed in connection with any of the Other Bank Credit Relationships Indebtedness (collectively, the "Other Bank Credit Relationships Documents"), or this Agreement, including without limitation under or in connection with the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq., or Regulation B, 12 CFR Part 202; TO THE EXTENT THAT ANY SUCH DEFENSES, AFFIRMATIVE OR OTHERWISE, RIGHTS OF SETOFF, RIGHTS OF RECOUPMENT, CLAIMS, COUNTERCLAIMS, ACTIONS OR CAUSES OF ACTION EXIST, SUCH DEFENSES, RIGHTS, CLAIMS, COUNTERCLAIMS, ACTIONS AND CAUSES OF ACTION ARE HEREBY FOREVER WAIVED, DISCHARGED AND RELEASED BY EACH OF THE JUSTICE PARTIES.

(b)        Each of the Justice Parties hereby agrees that, as of February 28, 2026, the amount due by each of the Judgment Debtors under the Judgments and the Indemnity Note is accurately set forth on Schedule 2 attached hereto.

(c)        Each of the Justice Parties hereby acknowledges and agrees that CBT has no obligation to make any loans or advances to or for the benefit of any of the Justice Parties under (i) any of the Judgments, (ii) under any of the Bank Debt Collateral Documents, (iii) under any of the documents, instruments or agreements associated with any of the Judgments, the Bank Debt Collateral Documents and/or the Indemnity Note (collectively, the "Bank Loan Documents") or (iv) under the New Bank Documents (as defined in Section 4(a) hereof). Each of the Justice Parties hereby acknowledges and agrees that CBT has the present right to exercise any and all rights and remedies available to it under the Judgments, under the Bank Debt Collateral Documents, under the Bank Loan Documents, under the Other Bank Credit Relationships Documents, at law, in equity or otherwise, and all other rights and remedies available to CBT, all of which rights and remedies CBT hereby expressly reserves. Each of the Justice Parties hereby acknowledges and agrees that interest and attorneys' fees described in the Judgments continue to

9

accrue and each of the Justice Parties hereby agrees, jointly and severally, to pay all such interest and attorneys' fees in accordance with the Judgments, as modified by this Agreement.

**3.** **No Waiver**. The execution, delivery and performance of this Agreement by CBT and the acceptance by CBT of the performance of each of the Justice Parties hereunder (a) shall not constitute a waiver or release by CBT of any default or event of default that may now or hereafter exist under this Agreement, any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents or any of the Other Bank Credit Relationships Documents and (b) except as expressly provided in Section 5 hereof, shall be without prejudice to, and is not a waiver or release of, CBT's rights at any time in the future to exercise any and all rights conferred upon CBT by this Agreement, the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents and/or the Other Bank Credit Relationships Documents, at law, in equity or otherwise, including without limitation the right to institute foreclosure proceedings under the Bank Debt Collateral Documents, the Bank Loan Documents and/or the Other Bank Credit Relationships Documents, or to institute collection proceedings or other creditor process against any or all of the Justice Parties. Each of the Justice Parties hereby expressly waives any and all claims or rights now or hereafter arising from or related to any delay by CBT in exercising any rights or remedies under this Agreement, any of the Judgments, under any of the Bank Debt Collateral Documents, under any of the Bank Loan Documents and/or under any of the Other Bank Credit Relationships Documents, including, without limitation, any delay in foreclosing under any of the Bank Debt Collateral Documents.

**4.** **Release**.

(a) Each of the Justice Parties, on behalf of itself and its respective agents, directors, shareholders, officers, members, managers, attorneys, accountants, consultants, insurers, administrators, executors, successors and/or assigns, hereby releases, acquits and forever discharges the CBT Parties from any and all claims, counterclaims, demands, rights of action, causes of action, debts, damages (actual or punitive), costs, expenses, attorneys' fees and expenses, and all liabilities and responsibilities of every kind or character (all such claims, counterclaims, demands, rights of action, causes of action, debts, damages (actual or punitive), costs, expenses, attorneys' fees and expenses, liabilities and responsibilities shall collectively be referred to as the "Liabilities"), howsoever arising, whether now existing or hereafter arising, including without limitation Liabilities arising out of or in connection with the Bank Indebtedness, the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents, this Agreement, the other documents executed and/or delivered in connection with this Agreement (all such documents executed and/or delivered in connection with this Agreement, together with all renewals, amendments, modifications, extensions, supplements and/or replacements thereof, collectively, the "New Bank Documents"), and/or any other documents, instruments or papers concerning or in any way relating to any of the foregoing, including without limitation the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq., or Regulation B, 12 CFR Part 202, regardless of whether the Liabilities are known or unknown, now existing or hereafter arising, joint or several, at law or in equity, arising by statute, contract, warranty or tort, and regardless of whether the Liabilities have heretofore been asserted.

10

(b)     Each of the Justice Parties represents, warrants and agrees that it will not commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to CBT in connection with the making, closing, administering, collecting or enforcing by CBT of any of the Bank Indebtedness, any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents, this Agreement or any of the New Bank Documents, or any other documents, instruments or papers concerning or in any way relating to any of the foregoing. Each of the Justice Parties hereby agrees, jointly and severally, to indemnify and hold the CBT Parties harmless from any and all Liabilities, howsoever arising, out of or in connection with the making, closing, administering, collecting or enforcing by CBT of any of the Judgments, any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents, this Agreement or the New Bank Documents, or any other documents, instruments or papers concerning or in any way relating to any of the foregoing or delivered pursuant to any of the foregoing or this Agreement, and each hereby agrees to pay all amounts payable under this Section 4 upon demand by CBT.

5.     **Forbearance**. Unless earlier terminated pursuant to Section 8 hereof, CBT agrees that it will not foreclose or attempt to foreclose on any collateral securing the Judgments or the Bank Indebtedness, or exercise any creditor process or any other remedies available to it under the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, this Agreement, any of the New Bank Documents or applicable law, except for that creditor process relating to the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced, as set forth hereinbelow in Section 7(o) for a period from the date hereof until April 15, 2026 (the "Forbearance Period"). Upon the termination of the Forbearance Period on April 15, 2026 or earlier under the provisions of Section 8 hereof, CBT may seek to foreclose upon any or all of the collateral securing the Judgments and/or the Bank Indebtedness and to exercise any and all creditor process and/or any other rights or remedies to which CBT may be entitled under or in connection with the Judgments, the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced, the Bank Debt Collateral Documents, the Bank Loan Documents, this Agreement, and/or any of the New Bank Documents, at law, in equity or otherwise. Each of the Justice Parties hereby agrees that none of them will, during or after the Forbearance Period, (A) initiate any action of any kind against CBT with respect to any of the Judgments, the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced, any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents, this Agreement, any of the New Bank Documents or otherwise, (B) exercise any remedy available under any of Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents, this Agreement, any of the New Bank Documents or otherwise or (C) make any type of demand upon CBT with respect to any of the Judgments, the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced, any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents, this Agreement, any of the New Bank Documents or otherwise.

325841351v2

**6. Representations and Warranties**. In order to induce CBT to execute, deliver and perform this Agreement, each of the Justice Parties hereby represents and warrants to CBT (which representations and warranties shall survive the execution and delivery of this Agreement) that:

(a)        this Agreement is not being made or entered into with the intent to hinder, delay, or defraud any entity or person, and each of the Justice Parties is solvent;

(b)        no voluntary or involuntary petition for bankruptcy under any chapter of the Federal Bankruptcy Code has been instituted or threatened by or against any of the Justice Parties;

(c)        (i) this Agreement, the Judgments, the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Documents, this Agreement and the New Bank Documents constitute the legal, valid and binding obligation of each of the Justice Parties to the extent each is a party thereto, enforceable against each of the Justice Parties to the extent each is a party thereto in accordance with its respective terms, and (ii) none of this Agreement, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Documents or the New Bank Documents, nor the execution, delivery or performance of this Agreement, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Documents or the New Bank Documents by each of the Justice Parties to the extent each is a party thereto (A) violates any law, rule or regulation, or any order of any governmental authority or entity having jurisdiction over any of the Justice Parties or any of their respective properties or assets, (B) conflicts with or results in the termination of, constitutes a default or event of default under, or accelerates any performance required by any indenture, mortgage, deed of trust, lease, agreement or any other instrument to which any of the Justice Parties is a party or by which any of the Justice Parties or any of their respective properties or assets is bound or (C) results in the creation or imposition of any lien, charge or encumbrance upon any of the assets of any of the Justice Parties, except for the liens in favor of CBT; and

(d)        all information provided by any of the Justice Parties to CBT prior to or on the date hereof, including, without limitation, all financial statements, (i) was, at the date of delivery, and is as of the date hereof, true, correct and complete in all material respects, and (ii) none of such information contains any material misstatement of fact or omits to state any fact necessary to make the statement contained therein not misleading. Each of the Justice Parties recognizes and acknowledges that CBT is entering into this Agreement based in part on the financial information provided to CBT by each of the Justice Parties and that the truthfulness, the correctness and completeness of that financial information is a material inducement to CBT in entering into this Agreement. During the term of this Agreement, each of the Justice Parties agrees immediately to advise CBT in writing of (i) any and all new information, facts, or occurrences which would in any way supplement, contradict, or affect any financial statements or other information furnished to CBT by any of the Justice Parties, (ii) the occurrence of any default or event of default, or the occurrence of any event that with the giving of notice or the lapse of time, or both, would constitute a default or an event of default under any of this Agreement, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents, or (iii) the occurrence of any event that would have a material adverse effect upon (A) the business, assets, properties,

12

liabilities, condition (financial or otherwise), results of operations or business prospects of any of the Justice Parties, (B) the ability of any of the Justice Parties to perform any obligation under this Agreement, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents to the extent it is a party thereto, (C) the legality, validity, binding effect or enforceability of this Agreement, any of the Judgments, the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents, or (D) the ability of CBT to enforce any of its rights or remedies under or in connection with this Agreement, any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents.

7. **Covenants**. In order to induce CBT to execute, deliver and perform this Agreement, the parties hereto hereby agree that:

(a) Each of the Justice Parties shall pay (and each shall be jointly and severally obligated to pay) in immediately available funds to CBT on the date of this Agreement attorneys' fees and expenses incurred by CBT in connection with the preparation of this Agreement, all exhibits and other attachments hereto, the New Bank Documents and all other documents, instruments and other papers executed and/or delivered in connection with this Agreement in the amount of $43,000.00. After the date of this Agreement, each of the Justice Parties shall pay (and each shall be jointly and severally obligated to pay) all sums due in accordance with the A&R Indemnification Agreement. Furthermore, on and after the termination of the Forbearance Period on April 1, 2026 or earlier under the provisions of Section 8 hereof, each of the Justice Parties shall pay (and each shall be jointly and severally obligated to pay) all expenses incurred by CBT arising from or in connection with the collection, enforcement or protection of CBT's rights and remedies under the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents, the New Bank Documents and/or this Agreement. The Justice Parties agree and stipulate for all purposes that an attorney's fee of 10% of the amount outstanding under the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents, the New Bank Documents and/or this Agreement at the time of the termination of the Forbearance Period on April 15, 2026 or earlier under the provisions of Section 8 hereof, shall constitute a reasonable attorney's fee. Expenses include without limitation (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses. These expenses are due and payable immediately upon demand. If not paid immediately upon demand, these expenses will bear interest from the date of non-payment until paid in full at the highest interest rate in effect as provided for in the terms of the Judgments. All fees and expenses will be secured by any and all collateral that any of the Justice Parties has granted to the Bank. In addition, to the extent permitted by the United States Bankruptcy Code, each of the Justice Parties hereby agrees to pay the attorneys' fees and expenses incurred CBT to protect its rights and interests in connection with any bankruptcy proceedings initiated by or against any of the Justice Parties. The Justice Parties shall indemnify CBT and each of its employees, directors, officers, advisors, agents and other representatives (each, an "Indemnitee") from and against, and hold each Indemnitee harmless from, any and all liabilities, and related costs, expenses and disbursements, including the

13

325841351v2

fees, charges and disbursements of any counsel (limited to a single outside counsel to such Indemnitees, taken as a whole, one local counsel in each relevant jurisdiction (which may include a single special counsel acting in multiple jurisdictions) and, solely in the event of an actual or perceived conflict of interest, one additional counsel (and, if necessary, one local counsel in each relevant jurisdiction (which may include a single special counsel acting in multiple jurisdictions)), to each group of similarly situated affected Indemnitees taken as a whole) for any Indemnitee, incurred by or asserted against any Indemnitee or to which any Indemnitee may become subject, arising out of, in connection with, or as a result of (i) the execution or delivery of this Agreement or any agreement or instrument contemplated hereby, the performance by the parties hereto of their respective obligations hereunder or the consummation of any transactions contemplated hereby, (ii) any Judgment, any loan or the use of the proceeds therefrom, (iii) any presence or release of, or exposure to, any and all regulated substances, materials, chemicals or pollutants at, on, under or from any property currently or formerly owned, leased or operated by the Justice Parties or any liability arising in connection therewith related in any way to the Justice Parties, or (iv) any actual or prospective claim, litigation, investigation, action, suit, arbitration, or administrative, juridical or regulatory action or proceeding in any jurisdiction relating to any of the foregoing, whether based on contract, tort or any other theory and regardless of whether any Indemnitee is a party thereto; provided that such indemnity shall not, as to any Indemnitee, be available to the extent that such liabilities or related expenses resulted primarily from (x) the gross negligence or willful misconduct of such Indemnitee as determined by a court of competent jurisdiction by final and non-appealable judgment or (y) a material breach by such Indemnitee of its obligations under this Agreement determined by a court of competent jurisdiction by final and non-appealable judgment.

(b)     The Justice Parties, jointly and severally, shall pay the Bank Indebtedness as follows:

(i)     The sum of $278,419,396.14 (such sum, "Tranche A") (which sum represents the amount of the Judgment JD202300287, Judgment 202300288, Judgment JD202300289, Judgment 202300285, Judgment JD202300283, Judgment JD202300284, Judgment JD202300280, the Indemnity Note plus $28,359,067.07 of accrued and unpaid interest at the non-default contract rate, plus $98,454.03 of late charges, plus $4,538,967.00 of attorneys' fees plus $18,657.24 of advances for delinquent real estate taxes, with respect to each of the foregoing, as of April 1, 2024) shall be due and payable as follows: (1) installments of accrued interest on the outstanding balance on Tranche A at the rate of the Index (as hereinafter defined) plus 4.62% per annum (the "Margin") with a minimum floor interest rate of 9.75% per annum commencing on May 1, 2024 and continuing to and including January 31, 2025, and thereafter with a minimum floor interest rate of 10.00% per annum commencing on February 1, 2025, on the first day of each calendar month thereafter to and including the Maturity Date (as hereinafter defined) and (2) the entire principal balance outstanding on Tranche A, plus all accrued and unpaid interest, shall be immediately due and payable in full on the Maturity Date. Interest on Tranche A shall be computed on the basis of a year of 360 days, and CBT shall have the right to apply each interest payment in such order of application to Tranche A as CBT shall determine in its sole and absolute discretion. If none of the events described in Section 8 hereof shall have occurred, CBT will accept as payment in full of Tranche A the sum of $278,419,396.14 plus accrued interest on Tranche A if such sum is paid in immediately available funds during the period from the date of this Agreement to and including the Maturity Date and as a condition of

14

CBT's accepting such payment, the Justice Parties and the other entities party to the Release and Reaffirmation Agreement (as defined in Section 7(g) hereof) shall have executed and delivered to CBT a release and reaffirmation agreement in substantially the same form as the Release and Reaffirmation Agreement. The maturity date for Tranche A shall be the Maturity Date.

The Tranche A payment due on February 1, 2026 under this Agreement was $2,517,375.38. On or before the date of this Agreement, the Justice Parties shall pay in immediately available funds $1,517,375.38 towards such payment due and CBT herewith agrees to defer the balance of $1,000,000.00 of that payment due until April 1, 2026, upon which date that balance of $1,000,000.00 shall be due and payable in full, time thereof being of the essence.

"Maturity Date" shall mean April 15, 2026.

"Index" shall mean, beginning with the first Change Date, the interest rate charged on Tranche A based on the following index: 1 Month CME Term SOFR Rate (the "Benchmark"). Information about the index is published by CME Group Benchmark Administration Limited (or a successor administrator designated by the relevant authority). The Benchmark is the most recent index value available as of 18 days before each Change Date. CBT does not guarantee by selecting this Benchmark, or the Margin, that the interest rate charged on Tranche A will be the same rate CBT charges on any other loans or class of loans CBT makes to any of the Justice Parties or other borrowers. If this Index is no longer available, the Justice Parties agree and consent to CBT's selecting a substitute Benchmark and an alternative Margin - all at CBT's sole discretion. CBT will give the Justice Parties advance notice of its selection. As used in this subsection, "no longer available" includes, but is not limited to, when a Benchmark is terminated, becomes deregulated, or becomes unacceptable for use by a regulator.

If the Benchmark is deemed to be no longer available, it will be replaced if any of the following events (each, a "Replacement Event") occur: (A) the administrator, including any successor administrator of the Benchmark, has stopped providing the Benchmark to the general public; (B) the administrator or its regulator issues a public statement indicating that the Benchmark is no longer reliable or representative; or (C) the effective date of an applicable federal or state law, or applicable federal or state regulation that prohibits use of the Benchmark. If a Replacement Event occurs, CBT will select a new benchmark (the "Replacement Benchmark") and may also select a new margin (the "Replacement Margin"), as follows:

(a)     If a replacement benchmark and margin has been selected or recommended by the Federal Reserve Board, the Federal Reserve Bank of New York, or a committee endorsed or convened by the Federal Reserve Board or the Federal Reserve Bank of New York at the time of a Replacement Event, CBT shall select that benchmark and margin as the Replacement Benchmark and Replacement Margin.

(b)     If (a) is not available at the time of a Replacement Event, CBT will make a reasonable, good faith effort to select a Replacement Benchmark and a Replacement Margin that, when added together, the Bank reasonably expects will minimize any change in the interest rate, taking into account the historical performance of the Benchmark and the Replacement Benchmark.

325841351v2

The Replacement Benchmark and Replacement Margin, if any, will be operative immediately upon a Replacement Event and will be used to determine the interest rate and payments on Change Dates that are more than 30 days after a Replacement Event. The Benchmark and Margin could be replaced more than once during the term of this Agreement. After a Replacement Event, all references to the "Benchmark" and "Margin" shall be deemed to be references to the "Replacement Benchmark" and "Replacement Margin." The Bank will also give the Justice Parties notice of the Replacement Benchmark and Replacement Margin, if any, and such other information required by applicable law and regulation.

(1) Change Date. Each date on which the interest rate charged on Tranche A may change is called a Change Date. The interest rate charged on Tranche A may change on May 1, 2024 and monthly thereafter.

(2) Calculation Of Change. Before each Change Date CBT will calculate the interest rate to be charged on Tranche A, which will be the Benchmark plus the Margin. Subject to any limitations, this will be the interest rate charged on Tranche A until the next Change Date. The new interest rate being charged on Tranche A will become effective on each Change Date. The interest rate charged on Tranche A and other charges on Tranche A will never exceed the highest rate or charge allowed by law.

(3) Limitations. The interest rate charged on Tranche A will never be less than 9.75 percent per annum from the period commencing April 1, 2024 through and including January 31, 2025 and 10.00 percent per annum thereafter.

(4) Effect Of Variable Rate. A change in the interest rate charged on Tranche A will have the following effect on the payments: The amount of scheduled payments and the amount of the final payment will change.

(ii) The principal sum of $89,102,452.59 (such sum, "Tranche B") (which sum represents the amount of the Judgment JD202300281, Judgment JD202300213, Judgment JD202300282 and Judgment JD202300286 plus $11,020,346.18 of accrued and unpaid interest at the non-default contract rate, plus $18,515.92 of late charges, plus $1,530,178.00 of attorneys' fees plus $24,419.17 of advances for delinquent real estate taxes as of April 1, 2024) minus curtailment payments made since April 1, 2024 shall be due and payable as follows: the entire principal balance outstanding on Tranche B, plus all accrued and unpaid interest, shall be immediately due and payable in full on the Maturity Date. Interest on the unpaid principal balance of Tranche B has accrued since April 1, 2024 and shall accrue at the rate of the Prime Rate as published in The Wall Street Journal plus 5.25% per annum with a minimum floor interest rate of 9.75% per annum. Interest on Tranche B shall be computed on the basis of a year of 360 days. CBT has applied and shall apply each payment on Tranche B, first to Tranche B principal and then to Tranche B accrued and unpaid interest and after Tranche B has been paid in full either to (x) Tranche A in such order of order of application as CBT shall determine in its sole and absolute discretion or (z) that certain Sixth Amended and Restated Secured Term Promissory Note, dated as of December 17, 2024, executed by James C. Justice II payable to CF Green Investors, LP a Delaware limited partnership (as the same may be amended, restated, replaced, and/or assigned, the "Sixth A&R Note"). The determination of whether to apply any such payment to Tranche A or the Sixth A&R Note shall be made by CBT in its sole

16

and absolute discretion. The Justice Parties hereby acknowledge and agree that the principal balance due as of February 28, 2026 on Tranche B is $46,819,660.69 and interest accrued as of February 28, 2026 on Tranche B is $16,458,937.59.

(c)     The representations, warranties and covenants contained in Schedule 3 attached hereto and made a part hereof are hereby incorporated by reference and each of the Justice Parties hereby agrees to comply with and be bound by each and every provision in Schedule 3.

(d)     On or before the date of this Agreement, Greenbrier Hotel shall provide to CBT a list of each of its deposit and other accounts maintained with any financial institution, together with specimen checks and account numbers for each such account and the locations of the financial institutions at which each such account is maintained. The Justice Parties hereby represent and warrant to CBT that such list of accounts represents all the accounts maintained by the Justice Parties with respect to the material assets securing the Bank Indebtedness, the Judgments and/or the Indemnity Note. Greenbrier Hotel hereby certifies to CBT that each such account is maintained at a financial institution that has on-line banking access, and Greenbrier Hotel hereby agrees to provide CBT, on or before the date of this Agreement, all such logins, passwords and other information that are necessary for CBT to review and monitor on-line all activity in each such account. Greenbrier Hotel hereby agrees to direct each financial institution maintaining any such accounts to provide CBT duplicate account statements each month if so requested by CBT. Greenbrier Hotel hereby agrees to execute and deliver, and to cause each financial institution at which any such account is maintained to execute and deliver, in each case on or before the date of this Agreement, a deposit account control agreement in form and substance acceptable to CBT in its sole opinion for each such account. Furthermore, Greenbrier Hotel hereby agrees not to change any of the account numbers for any such accounts, not to close any such accounts without providing CBT not less than forty-five (45) days prior written notice of the proposed closing of any such account, and not to open any new deposit or other accounts with any financial institution unless and until (i) CBT shall have been provided all such login, password and other information that is necessary for CBT to review and monitor on-line all activity in each such new account and (ii) Greenbrier Hotel shall have executed and delivered, and caused each financial institution at which any such new account will be maintained to execute and deliver, a deposit account control agreement in form and substance acceptable to CBT in its sole opinion for each such account. Each deposit account control agreement described in this Section 7(e) shall be a "New Bank Document".

On or before the date of this Agreement, each of Bellwood, GGTCC, Greenbrier Hotel, GMI, TGSC, TGSCDC, JCJC, JCJ III, JLSM, Oakhurst, Kirby, Tams, Legacy Development I, Legacy Development II, Morning Glory, Marigold, Dogwood, Sugar Maple, Hemlock, Hydrangea, Honeysuckle and Rhododendron shall have executed and delivered modifications in form and substance acceptable to CBT in its sole opinion to the deeds of trust each has granted to CBT, and shall have caused each of the respective trustees under each such deeds of trust to have executed and delivered modifications to such deeds of trust, which modifications shall, among other matters, increase the principal amount of the debt secured to not less $350,000,000 and to secure all of the Bank Indebtedness (collectively, the "Deed of Trust Modifications"). Each of the Deed of Trust Modifications shall be a "New Bank Document".

17

(e)     On the date of this Agreement, each of the Justice Parties shall execute and deliver to CBT a release and reaffirmation agreement in form and substance acceptable to CBT in its sole opinion (the "Release and Reaffirmation Agreement"). The Release and Reaffirmation Agreement shall be a "New Bank Document".

(f)     On or before the date of this Agreement, each of the Judgment Debtors other than JCJ III shall have executed and delivered to CBT in form and substance acceptable to CBT in its sole opinion, an absolute, unconditional continuing guaranty of the payment and performance of each and every debt, of every type, purpose and description that each other Judgment Debtor either individually or with others, may now or at any time in the future owe to CBT. Each of the guaranties described in this subsection shall be a "New Bank Document."

(g)     The Justice Parties represent and warrant to CBT that one hundred percent (100%) in amount of all real estate taxes owed for tax years 2025 and prior on any property on which CBT has a deed of trust or other lien have been paid in full.

(h)     On or before the date of this Agreement, all of the Justice Parties shall have executed and delivered to CBT certificates of officers or members, as applicable, of each of the Justice Parties in form and substance acceptable to CBT in its sole opinion, together with consents of directors or members, as applicable, of each of the Justice Parties in form and substance acceptable to CBT in its sole opinion authorizing and approving this Agreement, the New Bank Documents, and all actions necessary and/or appropriate to carry out and perform the terms of this Agreement, the New Bank Documents and all other matters as CBT shall require in its sole opinion. To the extent that CBT waives this requirement, the Justice Parties hereby confirm, reaffirm, renew and reauthorize that all certificates and consents delivered to CBT by any of the Justice Parties in connection with any forbearance or similar agreements by and between CBT and one or more of the Justice Parties dated prior to the date of this Agreement have the same force and effect as if they had been delivered as of the date of this Agreement and had expressly authorized and approved this Agreement.

(i)     Bellwood is the owner of certain real property located in Fayette County, West Virginia upon which Farmland Partners Operating Partnership, LP ("FPOP") has a Deed of Trust securing a loan in the original principal amount of $6,380,000. On or before the date of this Agreement, the Justice Parties shall provide CBT fully executed copies of all loan, collateral and other documents associated with the foregoing transaction. In the event that Bellwood further refinances the loan held by FPOP or sells all or part of the real estate so encumbered, Bellwood shall remit any proceeds to CBT it receives from such refinance or sale. The Justice Parties hereby represent and warrant to CBT that no such refinance or sale has occurred as of the date of this Agreement.

(j)     On the date of this Agreement, all of the Justice Parties shall have caused outside counsel acceptable to CBT in its sole opinion to deliver to CBT opinions of counsel for each of the Justice Parties covering such matters as CBT shall require in its sole opinion, including but not limited to (1) the legal existence of each of the Justice Parties that is not a natural person, (2) the due authorization, execution, delivery and performance of this Agreement and the New Bank

18

Documents, and (3) the validity, enforceability and binding effect of this Agreement and the New Bank Documents.

(l)     Each of the Justice Parties hereby agrees to respond within two (2) calendar days to all information requests from CBT, and, in connection with each such response, simultaneously provide to CBT all documents, instruments and other papers necessary to respond in full to each such information request.  In that regard, the Justice Entities are currently in the process of attempting (a) through Raymond James & Associates, Inc. ("RJ"), to arrange a refinancing and takeout of the obligations owed pursuant to the Judgments and the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced and/or (b) through Goldman Sachs ("GS") to sell the Greenbrier Hotel and related properties to pay off the obligations owed pursuant to the Judgments and the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced and/or (c) through Woltz & Associates, Inc. to sell certain coal assets owned by JLSM and/or Tams.  The Justice Entities acknowledge and agree, represent and warrant that except as specifically set forth herein, CBT is under no obligation to accept a payoff of the obligations owed under the Judgments and the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced that is less than the entire balance owed.  For the avoidance of doubt, the Justice Entities acknowledge and agree, and represent and warrant that, except as expressly set forth herein, CBT is under no obligation to accept a payoff of either the Judgments or the Indemnity Note and the judgment to be rendered relating to the debt thereby evidenced that is discounted in any amount.  The Justice Entities hereby agree to provide to CBT complete and immediate visibility, data, information and requested documentation regarding (a) the status of any refinancing and/or refinancing efforts and/or any sale efforts by any of the Justice Entities with respect to any indebtedness, liabilities and/or obligations owed by any of the Justice Entities to CBT including but not limited to immediate access to all term sheets, indicative terms, loan documents, collateral documents or similar received from RJ and/or CS, (b) the status and progress of the listing, marketing and sale of assets by JLSM and/or Tams, (c) the status and progress of auctions or other sales of any asset owned by any of the Justice Entities including but not limited to the Greenbrier Hotel and related properties, (d) the status of any collection action, restructuring, renewal or settlement by or with any party arising from or in connection with any indebtedness, liabilities and/or obligations originally owed by any of the Justice Entities to (i) Greensill Capital (UK) Limited, any of its affiliates, or any of their respective successors in interest, including but not limited to United Bank of Switzerland, Credit Suisse Asset Management and/or GLAS Trust Company, LLC, or (ii)  Greenbrier-West Virginia Holdings, LLC and/or CF Green Investors LP, as to any and/or all of the foregoing including but not limited to all communications and correspondence whether electronic or otherwise associated with offers, counteroffers, term sheets, loan documents, collateral documents, demands for payment or collection and direct access to and cooperation from counsel handling the aforesaid matters for any of the Justice Entities.  In that regard, the Justice Parties shall cooperate in establishing for CBT weekly conferences with all the various agents acting on behalf of the Justice Parties (GS, Woltz & Associates and RJ) and shall instruct such agents in writing to cooperate completely, fully and timely with CBT in the provision of all such information.  The Justice Parties shall provide CBT with copies of any and all such instructions.

(m)     On or before the date of this Agreement, Greenbrier IA shall have executed and delivered security agreements in form and substance acceptable to CBT in its sole and absolute opinion that provide CBT a perfected first priority lien on and security interest in and to all of

19

Greenbrier IA's right, title, and interest in and to all of its assets, whether now owned or hereafter acquired, including, but not limited to, its intellectual property (collectively, "Greenbrier IA Security Agreement"). The Greenbrier IA Security Agreement shall be a "New Bank Document".

(n)     During the Forbearance Period, CBT intends to commission title examinations of some or all of the real property that serves as collateral for the Judgments and the Indemnity Note. The Justice Parties shall reimburse CBT within three (3) business days of presentation of invoices relating to such title examinations.

(o)     During the Forbearance Period, CBT shall be entitled to file in the Circuit Court of the City of Martinsville, Virginia a confession of judgment, substantially in the form attached hereto as Exhibit 1 (the "Confession of Judgment"), relating to the Indemnity Note. Upon such filing and the transmittal of a true copy of the filed Confession of Judgment to the Justice Parties pursuant to Section 18(h) hereinbelow, the judgment defendants/debtors to the Confession of Judgment shall each execute and have duly notarized an acceptance of service of process, substantially in the form attached hereto as Exhibit 2 (the "Acceptances of Service of Process") and shall return the originals of such Acceptances of Service to CBT both electronically and by hard copy within two (2) business days of their receipt of the filed Confessions of Judgment. Each of the Justice Parties represents, warrants and agrees that it will not commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to CBT in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to Section 8.01-433 of the Code of Virginia (1950), as amended, it being the express intent of the parties that the Indemnity Note be converted to a formal, final and non-appealable judgment pursuant to Virginia law.

**8.     Termination of Forbearance**. The forbearance granted by CBT pursuant to Section 5 hereof shall automatically and immediately terminate upon the expiration of the Forbearance Period and may be terminated earlier by CBT, at CBT's sole option (except upon the occurrence of an event described in Section 8(a) hereof, in which event the forbearance shall automatically and immediately terminate without notice to or demand of any kind on any person or entity), upon the occurrence of any of the following:

(a)     any of the Justice Parties files a petition for bankruptcy under any chapter of the Federal Bankruptcy Code or takes advantage of any other debtor relief law, or there is filed against any of the Justice Parties an involuntary petition for bankruptcy under any chapter of the Federal Bankruptcy Code, or the entry of any judgment in an amount greater than $50,000 against any of the Justice Parties; or

(b)     the discovery by CBT that any representation or warranty made herein or in any document executed or delivered in connection herewith (including without limitation any of the New Bank Documents or any of the other documents to be delivered pursuant to Section 7 hereof) by any of the Justice Parties was or is untrue, incorrect or misleading in any material respect; or

(c)     any lien, claim or charge, including, without limitation, any abstract of judgment, in an amount greater than $100,000 is filed against or with respect to any of the collateral securing any of the Judgments, any of the Bank Indebtedness or any of the Other Bank Credit Relationships Indebtedness, whether or not naming any of the Justice Parties as a defendant and

20

325841351v2

such lien, claim or charge is not fully covered by insurance, the execution thereon effectively stayed or remains undischarged for a period of thirty (30) days after the filing thereof; or

(d)     CBT receives notice of any garnishment against any deposit or other account maintained by any of the Justice Parties at CBT or any other financial institution, or CBT receives notice of any tax lien or other lien in favor of any governmental authority or other creditor in an amount greater than $100,000 that has been assessed or filed against any of the Justice Parties or any of their respective properties or assets; or

(e)     a default or event of default occurs under this Agreement, any of the Bank Debt Collateral Documents, the A&R Indemnification Agreement, any of the Bank Loan Documents, any of the New Bank Documents, the Third Amended and Restated Confidentiality and Nondisclosure Agreement entered into as of April 1, 2024 by and between CBT and the Justice Entities (as defined therein), the Fifth A&R Note and/or any of the Facility Documents (as defined in the Fifth A&R Note); or

(f)     any amendment, restatement, replacement, or other modification of or to the Fifth A&R Note and/or any of the Facility Documents subsequent to October 15, 2024 without CBT's prior written consent;

(g)     any of the Justice Parties breaches or defaults in the performance of any covenant, agreement or other provision contained in this Agreement.

**9.     Remedies**. Upon the termination of the forbearance (either because the Forbearance Period has expired or because of the occurrence of an event described in Section 8 hereof), (i) CBT shall have the immediate right to collect the entire amount of Bank Indebtedness, including without limitation all interest accruing at the rates of interest set forth in the Judgments and all other costs, charges, fees and expenses set forth in the Judgments, and all sums previously paid on the Bank Indebtedness will be applied by CBT to the Judgments in such order of application as CBT shall determine in its sole discretion and (ii) CBT may immediately exercise creditor process and/or one or more of the rights and remedies described in or available to CBT under any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents, any of the New Bank Documents, this Agreement, at law, in equity or otherwise available to CBT at the same or different times without notice to or demand on any of the Justice Parties or any other person or entity. Upon the termination of the forbearance (either because the Forbearance Period has expired or because of the occurrence of an event described in Section 8 hereof), in addition to the other obligations that each of the Justice Parties has under this Agreement, the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Documents and/or the New Bank Documents, each of the Justice Parties hereby agrees to assist and cooperate fully without cost to CBT, and to cause all officers, employees, agents and all other persons under the direction and/or control of any of the Justice Parties to assist and cooperate fully without cost to CBT, with the securing, protecting and liquidating of the collateral that secures the Judgments and/or the Bank Indebtedness.

**10.     Renewal; Lien Continuation; No Novation; Reaffirmation**. Each of the Justice Parties hereby expressly affirms, confirms, ratifies, renews and reaffirms the Judgments,

21

the Bank Indebtedness, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness and the Other Bank Credit Relationships Documents to the extent it is a party thereto, and, except as expressly modified by this Agreement, each promises to pay and perform its respective obligations under each of the Judgments, the Bank Debt Collateral Documents, the Bank Indebtedness, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents and the New Bank Documents to the extent it is a party thereto. Nothing herein shall in any manner diminish, impair or extinguish any of the Judgments, any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness and/or any of the Other Bank Credit Relationships Documents, or the liens and security interests created pursuant to any of the foregoing or pursuant to any of the New Bank Documents. The liens and security interests of the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the New Bank Documents and the Other Bank Credit Relationships Documents are not waived or modified in any respect and are hereby ratified, confirmed and reaffirmed, including the right to file any financing statements and/or continuation statements with respect thereto and, other than with respect to individuals party hereto, to describe the collateral in such financing statements and/or continuation statements as "all assets of the debtor" or similar language. The execution and delivery of this Agreement shall not constitute a novation of the debt evidenced by any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents and/or any of the Other Bank Credit Relationships Documents. Without limiting the generality of the foregoing, each of the Justice Parties hereby acknowledges and agrees that, except as expressly modified by this Agreement, (i) the execution and delivery of this Agreement does not and shall not in any respect affect or impair any of its obligations, covenants or agreements under any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents and (ii) it hereby expressly affirms, confirms, renews and reaffirms all of its obligations under the Judgments, under the Bank Indebtedness, under the Bank Debt Collateral Documents, under the Bank Loan Documents, under the Other Bank Credit Relationships Indebtedness, under the Other Bank Credit Relationships Documents and under the New Bank Documents to the extent it is a party thereto.

**11.** **Further Assurances**. Each of the Justice Parties hereby agrees to execute and deliver to CBT, from time to time, promptly upon each request from CBT and at the sole cost and expense of each of the Justice Parties such additional certificates, papers, documents, instruments, opinions and agreements as may be necessary or appropriate, as determined in CBT's sole opinion, to consummate the transactions herein contemplated, to perform such acts as CBT may request to effect the purposes of this Agreement, and to secure to CBT the benefits of all rights and remedies conferred upon CBT by the terms of this Agreement.

**12.** **No Recourse.** No agent, advisor, representative, affiliate, employee, director, partner, member, owner, beneficiary, investor, servant, shareholder, trustee or other person acting on behalf of, or otherwise related to or affiliated with CBT shall have any personal liability, directly or indirectly, under or in connection with this Agreement or any agreement made or entered into under or pursuant to the provisions of this Agreement, or any amendment or amendments to any of the foregoing made at any time or times, heretofore or hereafter, or (i) the Bank Indebtedness, (ii) the Judgments, (iii) the Indemnity Note and (iv) the Bank Debt Collateral

22

Documents and each such person shall be a direct third-party beneficiary hereof and may invoke the protections contained herein in any proceedings commenced in violation thereof.

**13.** **WAIVER OF JURY TRIAL. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, EACH OF THE JUSTICE PARTIES HEREBY WAIVES THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING UNDER OR OUT OF THE JUDGMENTS, THIS AGREEMENT, THE BANK DEBT COLLATERAL DOCUMENTS, THE BANK INDEBTEDNESS, THE BANK LOAN DOCUMENTS, THE OTHER BANK CREDIT RELATIONSHIPS INDEBTEDNESS, THE OTHER BANK CREDIT RELATIONSHIPS DOCUMENTS AND/OR THE NEW BANK DOCUMENTS, OR OUT OF THE CONDUCT OF OR THE RELATIONSHIP AMONG ANY OF THE JUSTICE PARTIES AND CBT, IN EACH CASE WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE. EACH OF THE JUSTICE PARTIES AGREES *AND* CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT CBT MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF EACH OF THE JUSTICE PARTIES TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR CBT TO ENTER INTO THIS AGREEMENT. FURTHER, EACH OF THE JUSTICE PARTIES HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF CBT, NOR CBT'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT CBT WOULD NOT SEEK TO ENFORCE THIS WAIVER OF THE RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF CBT OR CBT'S COUNSEL HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION. EACH OF THE JUSTICE PARTIES ACKNOWLEDGES IT HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL REGARDING THIS SECTION, THAT IT FULLY UNDERSTANDS ITS TERMS, CONTENT AND EFFECT, AND THAT IT VOLUNTARILY AND KNOWINGLY AGREES TO THE TERMS OF THIS SECTION.**

**14.** **Confidentiality.** Each of the Justice Parties hereby agrees to keep confidential, and will cause each of the Justice Parties' directors, officers, employees, members, managers, agents and legal, tax and other advisors (collectively, the "Recipient Representatives") to keep confidential, this Agreement, the Bank Indebtedness, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents, the New Bank Documents, the nature and details of or relating to this Agreement, and all other information of or relating to this Agreement, the Bank Indebtedness, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents and/or the New Bank Documents, and each of the Justice Parties hereby agrees not to disclose or divulge, and will not permit any Recipient Representative to disclose or divulge, to any third party this Agreement, the Bank Indebtedness, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Indebtedness, the Other Bank Credit Relationships Documents, the New Bank Documents, the nature or details of or relating to this Agreement, or any other information of or relating to this Agreement, the Bank Indebtedness, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit

325841351v2

Relationships Indebtedness, the Other Bank Credit Relationships Documents and/or the New Bank Documents, without the prior written consent of CBT (which consent CBT shall have no obligation to grant), unless such disclosure is required by law, a court order or subpoena, but in each such case only after CBT shall have had the opportunity to file appropriate papers objecting to such disclosure.

**15.** **ADVICE OF COUNSEL. EACH OF THE JUSTICE PARTIES HEREBY REPRESENTS, WARRANTS AND AGREES THAT (A) IT HAS BEEN REPRESENTED BY INDEPENDENT COUNSEL OF ITS OWN CHOOSING, (B) IT HAS HAD THE FULL RIGHT AND OPPORTUNITY TO CONSULT WITH ITS RESPECTIVE ATTORNEY(S) AND IT AVAILED ITSELF OF THIS RIGHT AND OPPORTUNITY, (C) IT OR ITS AUTHORIZED OFFICERS (AS THE CASE MAY BE) HAVE CAREFULLY READ AND FULLY UNDERSTAND THIS AGREEMENT IN ITS ENTIRETY AND HAVE HAD IT FULLY EXPLAINED TO THEM BY SUCH JUSTICE PARTY'S COUNSEL, (D) EACH IS FULLY AWARE OF THE CONTENTS HEREOF AND ITS MEANING, INTENT AND LEGAL EFFECT, AND (E) IT OR ITS AUTHORIZED OFFICER OR MEMBER (AS THE CASE MAY BE) IS COMPETENT TO EXECUTE THIS AGREEMENT AND HAS EXECUTED THIS AGREEMENT FREE FROM COERCION, DURESS (ECONOMIC OR OTHERWISE) OR UNDUE INFLUENCE.**

**16.** **Time is of the Essence**. Time is of the essence with regard to all deliveries, payments and obligations due under the terms and conditions of this Agreement, the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Documents and the New Bank Documents.

**17.** **Waiver of Automatic Stay**. Each of the Justice Parties hereby represents and warrants that it has no present intention to file a bankruptcy petition nor has it received notice of any creditor planning to file a petition against it. As further consideration for CBT's entry into this Agreement, each of the Justice Parties hereby agrees that in the event that it: (a) shall file or be the subject of (i) any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors or (ii) any order for relief issued thereunder; (b) has sought or consented to or acquiesced in the appointment of any trustee, receiver, conservator, or liquidator; or (c) is the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a petition filed against any of the Justice Parties for any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state law relating to bankruptcy, insolvency, or relief for debtors (the foregoing matters set forth in clauses (a) through (c) are referred to herein as "Bankruptcy Proceedings"), then CBT shall thereupon be entitled, and each of the Justice Parties hereby consents, to relief from any stay imposed on or against the rights or remedies otherwise available to CBT as provided in or in connection with any of the Judgments, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Documents, any of the New Bank Documents and/or in this Agreement to the extent permissible under applicable statutes and court rules. Each of the Justice Parties hereby further agrees to take and/or consent, and

24

325841351v2

cause its respective counsel to take and/or consent, to any and all action necessary to effectuate such relief from the stay to the extent permissible under applicable statutes and court rules.

**18. Miscellaneous.**

(a)     This Agreement shall be construed in accordance with and governed by the laws of the Commonwealth of Virginia, without regard to its choice of law principles. Each of the Justice Parties hereby irrevocably agrees that any legal action or proceeding arising out of or relating to this Agreement, any of the Judgments, any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents shall be instituted in the Circuit Court of the City of Martinsville, Virginia, or the United States District Court for the Western District of Virginia, or in such other appropriate court and venue as CBT may choose in its sole discretion. Each of the Justice Parties hereby consents to the jurisdiction of such courts and waives any objection relating to the basis for personal or in rem jurisdiction or to venue which each of the undersigned may now or hereafter have in any such legal action or proceedings.

(b)     This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument. Delivery of an executed counterpart of a signature page of this Agreement or any of the New Bank Documents by facsimile or other electronic transmission shall be as effective as delivery of a manually executed counterpart of such document.

(c)     The terms of this Agreement shall be binding upon the heirs, representatives, successors and assigns of the parties hereto. None of the Justice Parties shall have the right to assign any of its rights, benefits, duties or obligations hereunder. CBT shall have the right, without the consent of or notice to any of the Justice Parties or any other person or entity, to assign any or all of its rights, benefits, duties and/or obligations hereunder, under any of the Judgments, under any of the Bank Indebtedness, under any of the Bank Debt Collateral Documents, under any of the Bank Loan Documents, under any of the Other Bank Credit Relationships Indebtedness, under any of the Other Bank Credit Relationships Documents and/or under any of the New Bank Documents, and, upon such assignment, (i) the assignee shall be the sole, absolute and exclusive owner of the rights, benefits, duties and obligations so assigned and shall have the exclusive right to enforce the rights, benefits, duties and/or obligations so assigned, (ii) all references herein to CBT shall thereafter refer to such assignee with respect to any of the rights, benefits, duties or obligations so assigned, and (iii) CBT shall be fully released from, and shall have no further or continuing liability or obligation with respect to, any of the rights, benefits, duties or obligations so assigned.

(d)     Any amendment to this Agreement must be in writing, must be executed and delivered by CBT, and must expressly refer to this Agreement.

(e)     Each and every obligation of any of the Justice Parties contained in this Agreement shall be the joint and several obligations of each of the Justice Parties.

25

(f)     The headings of sections in this Agreement are for convenience of reference only and shall not in any way affect the interpretation or construction of this Agreement.

(g)     The representations, warranties, covenants and agreements of the parties contained in this Agreement shall survive the execution and delivery of this Agreement.

(h)     Any notice under this Agreement, any of the Bank Indebtedness, any of the Bank Debt Collateral Documents, any of the Bank Loan Documents, any of the Other Bank Credit Relationships Indebtedness, any of the Other Bank Credit Relationships Documents and/or any of the New Bank Documents shall conclusively be deemed to have been received by a party hereto and be effective on the day on which delivered to such party at the address set forth below (or at such other address as such party shall specify to the other parties in writing), or if sent by overnight courier, on the next business day after the day on which delivered to such courier with delivery charges prepaid, or if sent by electronic mail, on the same day on which sent by electronic mail, addressed to such party at said address:

If to any of the Justice Parties:

[Name of Justice Party]
302 S. Jefferson Street, Suite 600
Roanoke, Virginia 24001
Attention: James C. Justice, III
Electronic Mail: steve.ball@bluestoneindustries.com

With a copy to:

Robert D. Wolford, Esquire
Miller Johnson
Suite 1100
45 Ottawa Ave. SW
Grand Rapids, Michigan 49503
Electronic Mail: wolfordr@millerjohnson.com

If to CBT:

Carter Bank & Trust
1300 Kings Mountain Road
Martinsville, Virginia 24112
Attention: Litz Van Dyke
Electronic Mail: litz.vandyke@CBTcares.com

With a copy to:

Thomas E. duB. Fauls, Esquire
Troutman Pepper Locke LLP
1001 Haxall Point, 12th Floor (23219)
P. O. Box 1122
Richmond, Virginia 23218-1122

26

325841351v2

(i)      This Agreement, the Bank Debt Collateral Documents, the Bank Loan Documents, the Other Bank Credit Relationships Documents and the New Bank Documents represent the final agreement among the Justice Parties and CBT with respect to the subject matter hereof and may not be contradicted, modified or supplemented in any way by evidence of any prior or contemporaneous written or oral agreements by or among any of the Justice Parties and CBT.

(j)      This Agreement amends and restates in its entirety the Existing Forbearance Agreement. All references to the "Forbearance Agreement" contained in any of the Bank Loan Documents or the New Bank Documents shall, and shall be deemed to, refer to this Agreement.

(k)      The payment of all amounts due under this Agreement shall be made in immediately available funds and shall be deemed received only when actually received by CBT at the account specified in writing by CBT from time to time. Payments received after 4:00 p.m. EST shall be deemed received on the next day business day. If any payment hereunder shall be due, or an obligation is required to occur, on a day that is not a business day, such payment or obligation shall be made or performed on the preceding business day.

27

325841351v2

**IN WITNESS WHEREOF**, each of JCJ II, Ms. Justice and JCJ III has executed this Agreement under seal and each of the other Justice Parties, GSR, Justice Holdings and CBT have caused this Agreement to be executed under seal by its duly authorized officer or member, all as of the date first written above.

_____ (SEAL)
James C. Justice, III, Individually

State of ___Virginia___ )
) ss.
City/County of ___Roanoke___ )

    I, ___Leslie A Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III personally appeared before me this day and acknowledged the due execution of this Agreement. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this 2nd day of March , 2026.

_____
Notary Public

My Commission expires: ___5/31/2029___
Notary Registration Number: ___7560729___

_____ (SEAL)
**James C. Justice, II, Individually**

State of _____ )
) ss.
City/County of _____ )

    I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement. He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

28

325841351v2

**IN WITNESS WHEREOF**, each of JCJ II, Ms. Justice and JCJ III has executed this Agreement under seal and each of the other Justice Parties, GSR, Justice Holdings and CBT have caused this Agreement to be executed under seal by its duly authorized officer or member, all as of the date first written above.

_____ (SEAL)
**James C. Justice, III, Individually**

State of _____ )
                          ) ss.
City/County of _____ )

I, _____ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III personally appeared before me this day and acknowledged the due execution of this Agreement. He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____ , 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

_____ (SEAL)
James C. Justice, II, Individually

State of _WEST VIRGINIA_
                    ) ss.
City/County of _GREENBRIER_

I, _ANDREW J. SULLIVAN_ a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _2_ day of _MARCH_ , 2026.

_____
Notary Public

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

28

325841351v2

My Commission expires: _____
Notary Registration Number: _____

_____ (SEAL)

**Cathy L. Justice, Individually**

State of *West Virginia*)
                                      ) ss.
City/County of *GreenBrier*)

   I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

   Witness my hand and official stamp or seal, this *2* day of *March*, 2026.

_____
                                      Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**Bellwood Corporation,
a West Virginia corporation**

By: _____ (SEAL)
       James C. Justice, III, President

State of                   _____)
                                                     ) ss.
City/County of _____)

   I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bellwood Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

   Witness my hand and official stamp or seal, this _____ day of _____,

29

325841351v2

My Commission expires: _____
Notary Registration Number: _____


_____ (SEAL)
**Cathy L. Justice, Individually**

State of _____ )
                           ) ss.
City/County of _____ )

    I, _____, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement. She [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this _____ day of _____, 2026.


_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____


**Bellwood Corporation,**
**a West Virginia corporation**

By: _____ (SEAL)
    James C. Justice, III, President

State of _Virginia_ )
                    ) ss.
City/County of _Roanoke_ )

    I, _Leslie A. Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bellwood Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this _2nd_ day of _March_ ,

29

325841351v2

2026.

_Julie Ann Wells_ Notary Public

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Justice Low Seam Mining Inc.,
a West Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of **Virginia** )
                     ) ss.
City/County of **Roanoke** )

I, **Leslie A. Wells**_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Low Seam Mining Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2nd** day of **March**_____, 2026.

_Leslie Ann Wells_ Notary Public

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Greenbrier Medical Institute, LLC,
a West Virginia limited liability company**

By: _____ (SEAL)
Jillean L. Justice, President

State of _____ )
                           ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Medical Institute, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. She [*check one*] ☐ is personally known to me or ☐ has produced

30

2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Justice Low Seam Mining Inc.,**
**a West Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of _____ )
                          } ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Low Seam Mining Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Greenbrier Medical Institute, LLC,**
**a West Virginia limited liability company**

By: _~~Jillean Justice~~_ (SEAL)
Jillean L. Justice, President

State of _WEST VIRGINIA_ )
                          } ss.
City/County of _GREENBRIER_ )

I, _ANDREW J. SULLIVAN_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Medical Institute, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. She [*check one*] ☑ is personally known to me or ☐ has produced

30

_____ as identification.

Witness my hand and official stamp or seal, this **2** day of _MARCH_ _____,
2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Tams Management, Inc.,**
**a West Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of _____ )
) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State
aforesaid, certify that James C. Justice, III who is President of Tams Management, Inc., a West
Virginia corporation, personally appeared before me this day and acknowledged the due
execution of this Agreement on behalf of the corporation. He [*check one*] ☐ is personally known
to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____,
2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Oakhurst Club, LLC,**
**a West Virginia limited liability company**

By: _____ (SEAL)
Jillean L. Justice, Member

31

325841351v2

_____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Tams Management, Inc.,
a West Virginia corporation**

By _____ (SEAL)
James C. Justice, III, President

State of ___Virginia___ )
                        ) ss.
City/County of ___Roanoke___ )

I, ___Leslie A. Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Tams Management, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _2nd_ day of _March_, 2026.

_____
Notary Public

My Commission expires: _5/31/2029_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Oakhurst Club, LLC,
a West Virginia limited liability company**

By: _____ (SEAL)
Jillean L. Justice, Member

31

State of _West Virginia_
                ) ss.
City/County of _Greenbrier_

I, _Andrew J. Sullivan_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is a Member of Oakhurst Club, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this __2__ day of _March_, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**James C. Justice Companies, Inc.,
a Delaware corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of     _____)
                   ) ss.
City/County of _____)

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of James C. Justice Companies, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Twin Fir Estates, LLC,
a Virginia limited liability company**

By: _____ (SEAL)

32

325841351v2

State of _____ )
                         ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is a Member of Oakhurst Club, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. She [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**James C. Justice Companies, Inc.,**
**a Delaware corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of Virginia )
                  ) ss.
City/County of Roanoke )

I, Leslie A. Wells _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of James C. Justice Companies, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this 2nd day of March _____, 2026.

_____
Notary Public

My Commission expires: 5/31/2029
Notary Registration Number: 7560729

LESLIE
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Twin Fir Estates, LLC,**
**a Virginia limited liability company**

By: _____ (SEAL)

32

James C. Justice, III, President

State of     Virginia     )
                             ) ss.
City/County of Roanoke )

I, Leslie A. Wells , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Twin Fir Estates, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this 2nd day of March , 2026.

_____
Notary Public

My Commission expires: 5/31/2029
Notary Registration Number: 7560729

**Wilcox Industries, Inc.,
a West Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of     Virginia     )
                             ) ss.
City/County of Roanoke )

I, Leslie A. Wells , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Wilcox Industries, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this 2nd day of March , 2026.

_____
Notary Public

My Commission expires: 5/31/2029
Notary Registration Number: 7560729

**Greenbrier Hotel Corporation,
a West Virginia corporation**

33

By _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
) ss.
City/County of *GREENBRIER*

I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Hotel Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**Players Club, LLC,**
**a Delaware limited liability company**

By: _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA* )
) ss.
City/County of *GREENBRIER*

I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Players Club, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

32584151

**Justice Family Group, LLC,**

34

**a Delaware limited liability company**

By: _____ (SEAL)
Jillean L. Justice, President

State of *West Virginia*
City/County of *GreenBrier* ) ss.

I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Justice Family Group, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this ___2___ day of *March*_____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

35

**Greenbrier Golf and Tennis Club Corporation, a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *West Virginia*
)
) ss.
City/County of *Greenbrier*
)

I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Golf and Tennis Club Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2** day of **MARCH**, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**The Greenbrier Sporting Club Development Company, Inc., a Delaware corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *West Virginia*
)
) ss.
City/County of *Greenbrier*
)

I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Sporting Club Development Company, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2** day of **MARCH**, 2026.

_____
Notary Public

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

3258413v2

36

My Commission expires: _____
Notary Registration Number: _____

**The Greenbrier Sporting Club, Inc.,**
**a West Virginia corporation**

By _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of *West Virginia*
                        ) ss.
City/County of *Greenbrier*

I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Sporting Club, Inc. a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this __2__ day of *March*_____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**Kirby Land Company, Inc.,**
**a West Virginia corporation**

By: _____ (SEAL)
Name: James C. Justice, III, President

State of _____ )
                           ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Kirby Land Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____, 2026.

37

325841351v2

My Commission expires: _____
Notary Registration Number: _____

**The Greenbrier Sporting Club, Inc.,**
**a West Virginia corporation**


By: _____ (SEAL)
Name:  Jillean L. Justice
Title:  President


State of _____ )
                                                        ) ss.
City/County of _____ )


I, _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Sporting Club, Inc. a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.  She [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _____ day of _____, 2026.


_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Kirby Land Company, Inc.,**
**a West Virginia corporation**

By: _____ (SEAL)
Name:  James C. Justice, III, President


State of *Virginia* )
                                            ) ss.
City/County of *Roanoke* )


I, *Leslie A. Wells*_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Kirby Land Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.  He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this *2nd* day of *March*_____, 2026.


37

My Commission expires: _5/31/2029_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Virginia Fuel Corporation,
a Delaware corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
                              ) ss.
City/County of _Roanoke_ )

I, _Leslie A. Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Virginia Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _2nd_ day of _March_, 2026.

My Commission expires: _5/31/2029_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Southeast Cotton, Inc.,
a West Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of _Virginia_ )
                              ) ss.
City/County of _Roanoke_ )

I, _Leslie A. Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this _2nd_ day of _March_,

38

2026.

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
My Commission Expires May 31, 2029

**American Turf Grass Corporation,
a Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of **Virginia** )
) ss.
City/County of **Roanoke** )

    I, **Leslie A. Wells**, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of American Turf Grass Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this **3rd** day of **March**, 2026.

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Black River Farms, LLC,
a West Virginia limited liability company**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of **Virginia** )
) ss.
City/County of **Roanoke** )

    I, **Leslie A. Wells**, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Black River Farms, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally

known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this __2nd__ day of __March__ ,
2026.

My Commission expires: __5/31/2029__
Notary Registration Number: __7560729__

LESLIE ANN WELLS
Notary Public
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Rapidan, LLC,**
**a West Virginia limited liability company**

By: _____ (SEAL)
James C. Justice, III, President

State of __Virginia__ )
                    ) ss.
City/County of __Roanoke__ )

    I, __Leslie A. Wells__ , a Notary Public of the City/County and State
aforesaid, certify that James C. Justice, III who is President of Rapidan, LLC, a West Virginia
limited liability company, personally appeared before me this day and acknowledged the due
execution of this Agreement on behalf of the limited liability company. He [*check one*] ☑ is
personally known to me or ☐ has produced _____ as
identification.

    Witness my hand and official stamp or seal, this __2nd__ day of __March__ ,
2026.

My Commission expires: __5/31/2029__
Notary Registration Number: __7560729__

LESLIE ANN WELLS
Notary Public
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Evergreen Turf Corporation,**
**a Delaware corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of __Virginia__ )
                    ) ss.
City/County of __Roanoke__ )

    I, __Leslie A. Wells__ , a Notary Public of the City/County and State
aforesaid, certify that James C. Justice, III who is President of Evergreen Turf Corporation, a

40

Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **3rd** day of **March**, 2026.

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Blue Ridge Farm Center, Inc.,
a Virginia corporation**

By: _____ (SEAL)
James C. Justice, III, President

State of **Virginia** )
                                        ) ss.
City/County of **Roanoke** )

I, **Leslie A. Wells** _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Blue Ridge Farm Center, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **3rd** day of **March**, 2026.

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Stoney Brook Plantation, Inc.,
a West Virginia corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of **Virginia** )
                                        ) ss.
City/County of **Roanoke** )

I, **Leslie A. Wells** _____, a Notary Public of the City/County and State

41

aforesaid, certify that James C. Justice, III who is President of Stoney Brook Plantation, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **3rd** day of **March** _____, 2026.

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20**29**

**Justice Farm Supply, Inc.,**
**a West Virginia corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of **Virginia** )
                                            ) ss.
City/County of **Roanoke** )

I, **Leslie A. Wells** _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Farm Supply, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **3rd** day of **March** _____, 2026.

My Commission expires: **5/31/2029**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20**29**

**Ten Mile Bay, LLC,**
**a West Virginia limited liability company**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of **Virginia** )
                                            ) ss.

42

325841351v2

City/County of ___Roanoke___ )

I, ___Leslie A. Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Ten Mile Bay, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this ___2nd___ day of ___March___, 2026.

My Commission expires: ___5/31/2029___
Notary Registration Number: ___7560729___

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Justice Family Farms, LLC,**
**a West Virginia limited liability company**

By: _____ (SEAL)
James C. Justice, III, President

State of ___Virginia___ )
                                    ) ss.
City/County of ___Roanoke___ )

I, ___Leslie A. Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III, who is President of Justice Family Farms, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this ___3rd___ day of ___March___, 2026.

My Commission expires: ___5/31/2029___
Notary Registration Number: ___7560729___

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

**Greenthorn LLC,**
**a Kentucky limited liability company**

By: _____ (SEAL)
James C. Justice, III, President

State of ___Virginia___ )

43

325841351v2

City/County of _Roanoke_ ) ss.
)

    I, _Leslie A. Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Greenthorn LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this _2nd_ day of _March_ , 2026.

_Leslie Ann Wells_
Notary Public

My Commission expires: _5/31/2029_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20_29_

44

<div align="right">

**Greenbrier Legacy Cottage Development Company I, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

</div>

State of *WEST VIRGINIA*
                                    ) ss.
City/County of *GREENBRIER*

    I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Legacy Cottage Development Company I, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

<div align="right">

_____
Notary Public

</div>

My Commission expires: _____
Notary Registration Number: _____

> OFFICIAL SEAL
> STATE OF WEST VIRGINIA
> NOTARY PUBLIC
> Andrew Joshua Sullivan
> 168 Sporting Members Way
> White Sulphur Springs, West Virginia, 24986
> My Commission Expires May 4th, 2027

<div align="right">

**Greenbrier Legacy Cottage Development Company II, Inc., a West Virginia corporation**

By _____ (SEAL)
Jillean L. Justice, President

</div>

State of *WEST VIRGINIA*
                                    ) ss.
City/County of *GREENBRIER*

    I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Legacy Cottage Development Company II, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

<div align="right">

_____
Notary Public

</div>

> OFFICIAL SEAL
> STATE OF WEST VIRGINIA
> NOTARY PUBLIC
> Andrew Joshua Sullivan
> 168 Sporting Members Way
> White Sulphur Springs, West Virginia, 24986
> My Commission Expires May 4th, 2027

3258413512

45

My Commission expires: _____
Notary Registration Number: _____

**Morning Glory Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
                ) ss.
City/County of *GREENBRIER*

    I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Morning Glory Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this *2* day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**Marigold Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
                ) ss.
City/County of *GREENBRIER*

    I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Marigold Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this *2* day of *MARCH*, 2026.

_____
Notary Public

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

32584135v2

46

My Commission expires: _____
Notary Registration Number: _____

**Dogwood Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *West Virginia*
) ss.
City/County of *Greenbrier*

I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Dogwood Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this __2__ day of *March*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**Sugar Maple Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *West Virginia*
) ss.
City/County of *Greenbrier*

I, *Andrew J. Sullivan*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Sugar Maple Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this __2__ day of *March*, 2026.

_____
Notary Public

My Commission expires: _____

48

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

Notary Registration Number: _____

**Hemlock Cottage Homeowners Association, Inc.,
a West Virginia corporation**

By _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
) ss.
City/County of *GREENBRIER*

    I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Hemlock Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this 2 day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

49

**Hydrangea Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *West Virginia*
                ) ss.
City/County of *Greenbrier*

    I, *Andrew J. Sullivan* a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Hydrangea Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this 2 day of *March*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

50

**Honeysuckle Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
                ) ss.
City/County of *GREENBRIER*

I, *ANDREW J. SULLIVAN*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Honeysuckle Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

**Rhododendron Cottage Homeowners Association, Inc., a West Virginia corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
                ) ss.
City/County of *GREENBRIER*

I, *ANDREW J. SULLIVAN* a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Rhododendron Cottage Homeowners Association, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. She [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____

51

325841351v2

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Andrew Joshua Sullivan
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

Notary Registration Number: _____

<div align="center">

**GSR, LLC,**
**a West Virginia limited liability company**

By: _____ (SEAL)
James C. Justice, III, Manager

</div>

State of ___Virginia___ )
                               ) ss.
City/County of ___Roanoke___ )

     I, ___Leslie A. Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III, who is Manager of GSR, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

     Witness my hand and official stamp or seal, this **2nd** day of **March**, 2026.

_____
Notary Public

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2029

<div align="center">

**Justice Holdings, LLC,**
**a West Virginia limited liability company**

By: _____ (SEAL)
James C. Justice, III, Director

</div>

State of ___Virginia___ )
                               ) ss.
City/County of ___Roanoke___ )

     I, ___Leslie A. Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III, who is Director of Justice Holdings, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

     Witness my hand and official stamp or seal, this **2nd** day of **March**, 2026.

<div align="center">

52

</div>

<div align="center">_____</div>

<div align="right">Notary Public</div>

**Greenbrier IA, Inc.,
a Delaware corporation**

By: _____ (SEAL)
Jillean L. Justice, President

State of *WEST VIRGINIA*
) ss.
City/County of *GREENBRIER*

    I, *ANDREW J. SULLIVAN* a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice, who is President of Greenbrier IA, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

    Witness my hand and official stamp or seal, this **2** day of *MARCH*, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
**Andrew Joshua Sullivan**
168 Sporting Members Way
White Sulphur Springs, West Virginia, 24986
My Commission Expires May 4th, 2027

<div align="center">53</div>

**Carter Bank & Trust,**
**a Virginia banking corporation**

By: _____ (SEAL)
Name: Litz Van Dyke
Title: Chief Executive Officer

State of _____Virginia_____
                                        ) ss.
City/County of ____Henry____;

I, Kristina Rose Logan , a Notary Public of the City/County and State aforesaid, certify that Litz Van Dyke who is Chief Executive Officer of Carter Bank & Trust, a Virginia corporation banking corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation. He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

Witness my hand and official stamp or seal, this 4 day of March , 2026.

_____
Notary Public

My Commission expires: 8/31/28
Notary Registration Number: 00274656

## Schedule 1

| | | |
|---|---|---|
| 2,142,727.49 | | 05/03/24 |
| 895,995.66 | | 05/30/24 |
| 895,995.46 | | 05/30/24 |
| 500,000.00 | | 05/31/24 |
| 500,000.00 | | 06/03/24 |
| 450,000.00 | | 06/07/24 |
| 764,151.74 | | 06/10/24 |
| 775,608.92 | | 06/17/24 |
| 848,518.92 | | 06/17/24 |
| 895,247.94 | | 07/01/24 |
| 200,000.00 | | 07/01/24 |
| 215,000.00 | | 07/02/24 |
| 400,000.00 | | 07/03/24 |
| 725,000.00 | | 07/05/24 |
| 602,727.49 | | 07/08/24 |
| 894,994.90 | | 07/11/24 |
| 1,000,000.00 | | 07/26/24 |
| 350,000.00 | | 07/30/24 |
| 200,000.00 | | 08/01/24 |
| 150,000.00 | | 08/02/24 |
| 514,151.74 | | 08/09/24 |
| 1,000,000.00 | | 09/06/24 |
| 1,230,768.42 | | 09/09/24 |
| 2,520,511.73 | | 09/30/24 |
| 2,536,669.31 | | 09/30/24 |
| 1,000,000.00 | | 10/10/24 |
| 319,380.99 | | 10/10/24 |
| 950,000.00 | | 10/10/24 |
| 1,121,731.14 | | 10/29/24 |
| 2,295,583.68 | | 11/08/24 |
| 1,121,333.28 | | 11/14/24 |
| 956,935.58 | | 11/21/24 |
| 325,000.00 | | 12/05/24 |
| 436,000.00 | | 12/06/24 |
| 385,000.00 | | 12/09/24 |
| 1,075,532.59 | | 12/10/24 |
| 2,398,712.68 | | 12/11/24 |
| 2,930,603.34 | | 12/19/24 |
| 7,725,784.23 | | 12/20/24 |
| 5,754,576.72 | | 12/23/24 |

325841351v2

| | | |
|---|---|---|
| 126,780.91 | | 12/23/24 |
| 2,295,583.68 | | 01/06/25 |
| 750,000.00 | | 02/03/25 |
| 100,000.00 | | 02/05/25 |
| 750,000.00 | | 02/07/25 |
| 695,583.68 | | 02/10/25 |
| 2,126,595.30 | | 02/26/25 |
| 100,000.00 | | 03/24/25 |
| 100,000.00 | | 03/24/25 |
| 200,000.00 | | 04/03/25 |
| 1,954,444.80 | | 04/08/25 |
| 250,000.00 | | 05/01/25 |
| 200,000.00 | | 05/05/25 |
| 200,000.00 | | 05/06/25 |
| 300,000.00 | | 05/07/25 |
| 100,000.00 | | 05/08/25 |
| 400,000.00 | | 05/09/25 |
| 828,494.97 | | 05/09/25 |
| 192,000.00 | | 05/19/25 |
| 896,019.77 | | 05/30/25 |
| 200,000.00 | | 06/02/25 |
| 100,000.00 | | 06/03/25 |
| 200,000.00 | | 06/04/25 |
| 300,000.00 | | 06/05/25 |
| 200,000.00 | | 06/06/25 |
| 750,000.00 | | 06/09/25 |
| 604,444.80 | | 06/09/25 |
| 1,647,350.34 | | 06/23/25 |
| 860,750.00 | | 07/07/25 |
| 70,000.00 | | 07/08/25 |
| 250,000.00 | | 07/09/25 |
| 200,000.00 | | 07/09/25 |
| 897,744.97 | | 07/10/25 |
| 2,354,444.80 | | 08/15/25 |
| 500,000.00 | | 09/03/25 |
| 800,000.00 | | 09/03/25 |
| 500,000.00 | | 09/04/25 |
| 554,444.80 | | 09/08/25 |
| 700,000.00 | | 10/07/25 |
| 250,000.00 | | 10/07/25 |
| 300,000.00 | | 10/08/25 |
| 1,028,494.97 | | 10/10/25 |
| 919,968.05 | | 11/20/25 |
| 589,105.00 | | 11/24/25 |
| 837,609.00 | | 11/26/25 |

325841351v2

| | | |
|---|---|---|
| 2,472,167.04 | | 11/28/25 |
| 135,740.00 | | 12/02/25 |
| 72,700.00 | | 12/05/25 |
| 305,770.00 | | 12/11/25 |
| 1,414,042.78 | | 12/11/25 |
| 201,570.00 | | 12/12/25 |
| 607,130.77 | | 12/19/25 |
| 171,541.07 | | 12/19/25 |
| 45,639.11 | | 12/19/25 |
| 178,557.09 | | 12/19/25 |
| 10,724.14 | | 12/19/25 |
| 38,822.00 | | 12/19/25 |
| 303,923.20 | | 12/22/25 |
| 285,761.02 | | 12/22/25 |
| 9,968.63 | | 12/22/25 |
| 26,659.30 | | 12/22/25 |
| 1,058,628.82 | | 12/22/25 |
| 133,561.09 | | 12/22/25 |
| 300,000.00 | | 12/29/25 |
| 1,459,000.00 | | 12/30/25 |
| 519,494.97 | | 12/31/25 |
| 113,924.75 | | 12/31/25 |
| 43,750.00 | | 12/31/25 |
| 500,000.00 | | 1/14/26 |
| 1,897,500.36 | | 1/27/26 |
| 119,875.02 | | 1/27/26 |

**<u>Schedule 2</u>**

| Case No. | Loan Number | Borrower | Judgment Figures | | | | | Interest Accrued Since Judgments | | | | | Payments Applied | | | | Net Remaining Balances | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Principal | Accrued Thru | Accrued | Interest Rate | Late | Attorney's Fees | From | To | Days | Per Diem | Accrued Interest | Principal | Late | Attorney's Fees | Accrued Interest | Principal | Late | Attorneys Fees | Accrued Interest |
| CL23000148-00 | 2223168097 1 | BELLWOOD CORPORATION | 34,723,733.37 | 5/4/2023 | 882,465.37 | 16.50% | 19,647.86 | 694,475.00 | 5/5/2023 | 3/1/2026 | 1031 | 15,915.04 | 16,408,410.84 | | 19,647.86 | | 15,381,070.87 | 34,723,733.37 | - | 694,475.00 | 1,909,805.34 |
| CL23000156-00 | 2223166397 2 | GREENBRIER GOLF & TENNIS CLUB CORPORATION | 45,002,027.63 | 5/4/2023 | 917,541.34 | 13.75% | 20,000.90 | 900,040.00 | 5/5/2023 | 3/1/2026 | 1031 | 17,188.27 | 17,721,110.95 | | 20,000.90 | | 17,230,826.60 | 45,002,027.63 | - | 900,040.00 | 1,407,825.69 |
| CL23000155-00 | 2223121538 8 | GREENBRIER HOTEL CORPORATION | 51,551,610.20 | 5/4/2023 | 1,051,080.05 | 13.75% | 22,911.83 | 1,061,052.00 | 5/5/2023 | 3/1/2026 | 1031 | 19,689.85 | 20,300,236.50 | | | | | 51,551,610.20 | 22,911.83 | 1,061,052.00 | 21,351,316.55 |
| CL23000153-00 | 4213728458 3 | GREENBRIER MEDICAL INSTITUTE LLC | 22,835,762.75 | 5/4/2023 | 465,595.83 | 13.75% | 10,149.23 | 456,715.00 | 5/5/2023 | 3/1/2026 | 1031 | 8,721.99 | 8,992,374.49 | | 10,149.23 | | 9,213,754.53 | 22,835,762.75 | - | 456,715.00 | 244,215.79 |
| CL23000158-00 | 2223129787 1 | GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY INC | 36,619,535.76 | 5/4/2023 | 746,631.64 | 13.75% | 16,275.35 | 733,254.00 | 5/5/2023 | 3/1/2026 | 1031 | 13,986.63 | 14,420,213.72 | | | | | 36,619,535.76 | 16,275.35 | 733,254.00 | 15,166,845.36 |
| CL23000152-00 | 2223172448 8 | JAMES C JUSTICE COMPANIES INC | 13,366,646.80 | 5/4/2023 | 188,432.59 | 16.50% | - | 267,333.00 | 5/5/2023 | 3/1/2026 | 1031 | 6,126.38 | 6,316,297.56 | | | | | 13,366,646.80 | - | 267,333.00 | 171,538.64 |
| CL23000149-00 | 2223127657 9 | JUSTICE LOW SEAM MINING INC | 36,861,112.50 | 5/4/2023 | 519,639.30 | 16.50% | - | 737,222.00 | 5/5/2023 | 3/1/2026 | 1031 | 16,894.68 | 17,418,411.54 | | | | 15,910,689.65 | 36,861,112.50 | - | 737,222.00 | 2,027,361.19 |
| CL23000110-00 | 21841 | JUSTICE,JAMES | 508,381.50 | 4/15/2023 | 3,018.52 | 17.25% | - | 10,167.00 | 4/16/2023 | 3/1/2026 | 1050 | 243.60 | 255,779.44 | | | | | 508,381.50 | - | 10,167.00 | 258,797.96 |
| CL23000151-00 | 2223144237 0 | OAKHURST CLUB LLC | 21,304,934.29 | 5/4/2023 | 434,383.93 | 13.75% | 9,468.86 | 426,098.00 | 5/5/2023 | 3/1/2026 | 1031 | 8,137.30 | 8,389,557.63 | | 9,468.86 | | 8,596,097.13 | 21,304,934.29 | - | 426,098.00 | 227,844.43 |
| CL23000150-00 | 2223127068 7 | TAMS MANAGEMENT INC | 6,242,606.44 | 5/4/2023 | 88,003.41 | 16.50% | - | 124,852.00 | 5/5/2023 | 3/1/2026 | 1031 | 2,861.19 | 2,949,891.65 | | | | 2,957,781.61 | 6,242,606.44 | - | 124,852.00 | 80,113.45 |
| CL23000154-00 | 22081 | TAMS MANAGEMENT INC | 32,896,892.88 | 5/4/2023 | 834,073.31 | 16.50% | 18,515.92 | 657,937.00 | 5/5/2023 | 3/1/2026 | 1031 | 15,077.74 | 15,545,152.59 | | 18,515.92 | | 14,709,360.28 | 32,896,892.88 | - | 657,937.00 | 1,669,865.62 |

| | Loan Number | Borrower | Principal | | Rate Param | Rate | Floor Rate | | | | | | Accrued Interest | Principal | Late | Attorney's Fees | Accrued Interest | Principal | Late | Attorneys Fees | Accrued Interest |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 5019909047 | JUSTICE INDEMNIFICATION NOTE | 15,000,000.00 | | SOFR + 4.62% | 9.97% | 9.75% | | See Calculations Below: | | | | 2,237,366.67 | | | | | 15,000,000.00 | - | - | 2,237,366.67 |

| | | | | From | To | Days | Rate | Per Diem | Interest Due | | | | | | 77,782.77 | - | 90,332,772.18 | 316,913,244.12 | 39,187.18 | 6,069,145.00 | 46,752,896.68 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 8/28/2024 | 9/1/2024 | 4 | 9.97% | 4,154.17 | 16,616.67 | | | | | | | | | | | | |
| | | | | 9/1/2024 | 10/1/2024 | 30 | 9.96% | 4,150.00 | 124,500.00 | | | | | | | | Total Paid | 90,410,554.95 | | Total Due | 369,774,472.98 |
| | | | | 10/1/2024 | 3/1/2026 | 516 | 9.75% | 4,062.50 | 2,096,250.00 | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | Remaining | (90,410,554.95) | | | |
| | | | | | | | | | Accrued Interest | 2,237,366.67 | | | | | | | | | | | |

<u>**Schedule 3**</u>

Each of the Justice Parties hereby agrees to comply with each of the following provisions:

**Section 1 - Representations and Warranties**

Each of the Justice Parties hereby represents and warrants to CBT that:

1.01. **Financial Statements.** The balance sheet of each Justice Party and its subsidiaries, if any, and the related Statements of Income and Retained Earnings of each Justice Party and its subsidiaries, the accompanying footnotes together with the accountant's opinion thereon, and all other financial information previously furnished to CBT, accurately, completely and fairly reflect the financial condition of such Justice Party and its subsidiaries as of the dates thereof, in all material respects, including all contingent liabilities of every type, and the financial condition of such Justice Party and its subsidiaries as stated therein has not changed materially and adversely since the date thereof.

1.02. **Name, Capacity and Standing.** Each Justice Party's exact legal name is correctly stated in the initial paragraph of this Agreement. If a Justice Party and any of its subsidiaries, if any, is a corporation, general partnership, limited partnership, limited liability partnership, or limited liability company, it is duly organized and validly existing under the laws of its respective state of incorporation or organization; that it and/or its subsidiaries, if any, are duly qualified and in good standing in every other state in which the nature of their business shall require such qualification, and are each duly authorized by their board of directors, general partners or member/manager(s), respectively, to enter into and perform the obligations under this Agreement and the New Bank Documents to which it is a party.

1.03. **No Violation of Other Agreements.** The execution and delivery of this Agreement and the New Bank Documents, and the performance by each Justice Party thereunder, will not violate any provision, as applicable, of its articles of incorporation, by-laws, articles of organization, operating agreement, agreement of partnership, limited partnership or limited liability partnership, or, of any law, other agreement, indenture, note, or other instrument binding upon any Justice Party, or give cause for the acceleration of any of the respective obligations of any Justice Party.

1.04. **Authority.** The execution, delivery and performance of this Agreement and the New Bank Documents have been duly authorized by all necessary and proper corporate or equivalent action. All authority from and approval by any federal, state, or local governmental body, commission or agency necessary to the making, validity, or enforceability of this Agreement and the New Bank Documents has been obtained.

1.05. **Asset Ownership.** Each Justice Party has good and marketable title to all of the properties and assets reflected on the balance sheets and financial statements furnished to CBT, and all such properties and assets are free and clear of mortgages, deeds of trust, pledges, liens, security interests, and all other encumbrances except as otherwise disclosed by such financial statements or otherwise in writing.

1.06. **Discharge of Liens and Taxes.** Each of the Justice Parties and its subsidiaries, if any, have filed, paid, and/or discharged all taxes or other claims which may become a lien on any of their respective properties or assets, excepting to the extent that such items are being

appropriately contested in good faith and for which an adequate reserve (in an amount acceptable to CBT) for the payment thereof is being maintained.

1.07. **ERISA.** Each employee benefit plan, as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), maintained by each Justice Party or by any subsidiary of any Justice Party meets, as of the date hereof, the minimum funding standards of Section 302 of ERISA, all applicable requirements of ERISA and of the Internal Revenue Code of 1986, as amended, and no "Reportable Event" nor "Prohibited Transaction" (as defined by ERISA) has occurred with respect to any such plan.

1.08. **Litigation.** There is no claim, action, suit or proceeding pending, threatened or reasonably anticipated before any court, commission, administrative agency, whether State or Federal, or arbitration which will materially adversely affect the financial condition, operations, properties, or business of any Justice Party or any of its subsidiaries, if any, or affect the ability of any Justice Party to perform its obligations under this Agreement or any of the New Bank Documents.

1.09 **Foreign Assets Control Regulations**. It is not in violation of (i) the Trading with the Enemy Act (50 U.S.C. App. Sec. 1 et seq.), as amended, (ii) any of the foreign assets control regulations issued by the Office of Foreign Assets Control of the United States Treasury Department ("OFAC") and any executive order related thereto, or (iii) the U.S. Patriot Act, and further that it (a) is not subject to sanctions administered by the Office of Foreign Asset Control or the U.S. Department of State or (b) has not engaged in any dealing or transactions with, or is otherwise associated with, any person subject to such sanctions.

1.10 **Cross-Collateralization.** Other than the assets of Greenbrier Hotel with respect to the Fifth A&R Note, no material assets of Greenbrier Hotel, TGSC, TGSCDC and GGTCC securing the Bank Indebtedness, the Judgments and/or the Indemnity Note also serve as collateral for any other indebtedness of the Justice Parties.

## Section 2 - Affirmative Covenants

Each of the Justice Parties covenants and agrees that from the date hereof and until payment in full of the Bank Indebtedness, each Justice Party shall:

2.01. **Maintain Existence and Current Legal Form of Business.** (a) Maintain its existence and good standing in the state of its incorporation or organization, (b) maintain its current legal form of business indicated in the first paragraph of this Agreement, and, (c), as applicable, qualify and remain qualified as a foreign corporation, general partnership, limited partnership, limited liability partnership or limited liability company in each jurisdiction in which such qualification is required.

2.02. **Maintain Records.** Keep adequate records and books of account, in which complete entries will be made in accordance with generally accepted accounting principles consistently applied, reflecting all financial transactions of such Justice Party. If any Justice Party now or hereafter maintains any business records in the possession of a third party, at the request of CBT, such Justice Party shall notify such third party to permit CBT free access to such records at all reasonable times and to provide CBT with copies of any records it may request, all at the Justice Parties' sole cost and expense.

325841351v2

2.03. **Maintain Properties.** Maintain, keep, and preserve all of its properties (tangible and intangible) including the collateral necessary or useful in the conduct of its business in good working order and condition, ordinary wear and tear excepted.

2.04. **Conduct of Business.** Continue to engage in an efficient, prudent, and economical manner in a business of the same general type as now conducted.

2.05. **Maintain Insurance.** Maintain fire and other risk insurance, public liability insurance, and such other insurance as CBT may require with respect to a Justice Party's properties and operations, in form, amounts, and coverages and with insurance companies acceptable to CBT, in each case naming CBT together with its assigns as "additional insured" and "loss payee". Each Justice Party, upon request of CBT, will deliver to CBT from time to time the policies or certificates of insurance in form satisfactory to CBT, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to CBT. Each insurance policy also shall include an endorsement (NY long form) providing that coverage in favor of CBT will not be impaired in any way by any act, omission or default of a Justice Party or any other person. In connection with all policies covering any collateral that secures any of the Bank Indebtedness (collectively, the "Collateral"), each Justice Party shall provide CBT with such CBT's loss payable or other endorsements as CBT may require, and shall furnish to CBT upon request, reports on each existing insurance policy showing such information as CBT may reasonably request, including without limitation the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the properties and assets insured; (5) the current property values on the basis of which insurance has been obtained, and the manner of determining those values; and (6) the expiration date of the policy. In addition, upon request of CBT (however not more often than semi-annually), CBT may require that an independent appraiser satisfactory to CBT determine, as applicable, the actual cash value or replacement cost of any Collateral. The cost of such appraisal shall be paid by the Justice Parties on demand. Should any or all of the Collateral become uninsured for any reason, the Justice Parties shall have ten (10) days after receipt of notice from CBT to obtain replacement insurance on the Collateral satisfactory to CBT and, should the Justice Parties fail to obtain such insurance, CBT may purchase insurance covering the Collateral, the cost of which shall be paid by the Justice Parties on demand.

2.06. **Comply With Laws.** Comply in all respects with all applicable laws, rules, regulations, ordinances and orders applicable to each Justice Party's business, operations and properties including without limitation, the Americans with Disabilities Act, paying before the delinquency thereof all taxes, assessments, and governmental charges imposed upon it or upon its income, profits or property, and all Environmental Laws.

2.07. **Right of Inspection.** Permit the officers and authorized agents of CBT, at any reasonable time or times in CBT's sole discretion, to visit the properties of any Justice Party, and to discuss such matters with any officers, directors, managers, members or partners, limited or general, of such Justice Party, and with each Justice Party's independent accountant as CBT deems necessary and proper.

2.08. **Reporting Requirements.** Furnish to CBT:

> **Monthly Financial Reports:** Monthly within thirty (30) days of the end of each month end, each Justice Party's internally prepared balance sheet and income statement for the period ended, prepared in accordance with generally accepted accounting principles, applied on a consistent basis, and certified as correct to the best knowledge and belief

325841351v2

by each Justice Party's chief financial officer or other officer or person acceptable to CBT.

**Annual Reports**: Annually, within two hundred forty (240) days of the end of each fiscal year, each Justice Party's audited balance sheet and income statement for the year then ended, prepared in accordance with generally accepted accounting principles, applied on a consistent basis.

**Tax Returns:** State and Federal tax returns for each Justice Party when each such return is filed, and such additional information and statements (including, without limitation, lists of assets and liabilities, aging of receivables and payables, inventory schedules, budgets, forecasts, and other reports with respect to each Justice Party's financial condition and business operations) as CBT may request from time to time.

**Principals' Compliance Certificate:** On the 1st and 15th day of each month commencing on August 15, 2024, a Principals' Compliance Certificate ("PCC") properly executed by each of Jillean L. Justice and Adam T. Long and notarized under penalty of perjury, in the form of Exhibit A attached hereto and made a part hereof and otherwise in form and substance acceptable to CBT, identifying the date, amount and transferee of each transfer of funds made by Greenbrier Hotel since March 1, 2024, in the case of the PCC delivered on August 15, 2024, or since the date of the previous PCC for each subsequent PCC, that is not (i) on account of indebtedness owed by the Greenbrier Hotel making payment to CBT or (ii) ordinary and customary operational expenses of such Justice Party.

**Officer Compliance Certificate:** An Officer's Compliance Certificate ("OCC") with respect to each Justice Party's compliance with the Affirmative and Negative Covenants set forth in Sections 2 and 3 of this Schedule 3 and the other covenants set forth in this Agreement. The OCC shall be in form acceptable to CBT, properly executed by an authorized officer of each Justice Party, and shall set forth any corrective action taken or proposed to be taken with respect to any default under any provision of this Agreement. The OCC is due within the same number of days required for the delivery of Financial Statements for each fiscal quarter's end and for the fiscal year end. The OCC furnished by each Justice Party for the fiscal year end shall include a reconciliation of all adjustments, if any, by such Justice Party to the fourth quarter's certification.

**Notice of Litigation:** Within three (3) calendar days of receipt by any Justice Party, notice of any complaint, action, suit or proceeding before any court or administrative agency or body of any type which, if determined adversely, could have a material adverse effect on the financial condition, properties, business prospects or operations of any Justice Party.

**Notice of Default:** Promptly upon discovery or knowledge thereof, notice of the existence of any event described in Section 8 of this Agreement.

**USA Patriot Act Verification Information:** Information or documentation, including but not limited to the legal name, address, tax identification number, driver's license, and date of birth (if such Justice Party is an individual) of each Justice Party sufficient for CBT to verify the identity of each Justice Party in accordance with the USA Patriot Act. The Justice Parties shall notify CBT promptly of any change in such information.

**Other Information:** Such other information as CBT may from time to time request.

56

2.09. **Appraisal(s).** If required by CBT, furnish at the Justice Parties' expense an independent appraisal or update by an appraiser satisfactory to CBT of the market value of any real or personal property collateral securing the Bank Indebtedness.

2.10. **Management.** Maintain executive and management personnel with substantially the same qualifications and experience as the current executive and management personnel and promptly provide written notice to CBT of any change in such executive or management personnel.

## Section 3 - Negative Covenants

Each Justice Party covenants and agrees that from the date hereof and until payment in full of the Bank Indebtedness and the performance of all obligations under this Agreement and all of the New Bank Documents, such Justice Party shall not, without the prior written consent of CBT:

3.01. **Liens.** Create, incur, assume, or suffer to exist any lien or security interest upon or in Collateral or any of any Justice Party's other properties, whether now owned or hereafter acquired.

3.02. **Debt.** Incur, assume, or suffer to exist any debt, except:

(a) Debt to CBT;

(b) Debt outstanding on the date hereof and shown on the most recent financial statements submitted to CBT;

(c) Accounts payable to trade creditors incurred in the ordinary course of business; and

(d) Debt secured by purchase money security interests only in the property or assets acquired.

3.03. **Change of Legal Form of Business; Purchase of Assets.** Change any Justice Party's name or the legal form of any Justice Party's business as shown in the first paragraph of this Agreement, whether by merger, consolidation, conversion or otherwise, and no Justice Party shall purchase all or substantially all of the assets or business of any person or entity, or enter into any partnership with a third party.

3.04. **Leases.** Create, incur, assume, or suffer to exist any leases, except leases on the date hereof and showing on the most recent financial statement submitted to CBT;

3.05. **Dividends or Distributions; Acquisition of Capital Stock or Other Ownership Interests.** Declare or pay any dividends or distributions of any kind, or purchase or redeem, retire, or otherwise acquire any of any Justice Party's capital stock or other ownership interests, now or hereafter outstanding.

3.06. **Guaranties.** Assume, guarantee, endorse, or otherwise be or become directly or contingently liable for obligations of any person or entity, except guaranties by endorsement of negotiable instruments for deposit or collection or similar transactions in the ordinary course of business.

3.07. **Loans to Insiders and Affiliates.** Make any loan to or pay any obligation, liability or indebtedness of any directors, officers, partners, members, shareholders, subsidiaries or Affiliates except that Greenbrier Hotel may loan funds to Bellwood Corporation, Greenbrier Golf and Tennis Club Corporation, Greenbrier Medical Institute, LLC, The Greenbrier Sporting Club Development Company, Inc., The Greenbrier Sporting Club, Inc., James C. Justice Companies, Inc., Justice Low Seam Mining, Inc., Oakhurst Club, LLC and/or Tams Management, Inc. (the "Borrower Affiliates") for the payment of the Obligations or reasonable, ordinary and customary expenses incurred by, the Borrower Affiliates, provided that the Justice

57

Parties shall provide a full, complete and accurate accounting of all such intercompany transactions in the financial reports delivered in connection with Section 2.08 above.

3.08. **Disposition of Assets.** Sell, lease, or otherwise dispose of any of its assets or properties except in the ordinary and usual course of its business.

3.09. **Transfer of Ownership.** (a) issue, transfer or sell any new class of stock, (b) issue, transfer or sell, in the aggregate more than 10% of the total number of shares from its treasury stock and/or currently authorized but unissued shares of any class of stock, as of the date of this Agreement, or (c) permit any shareholder to transfer or sell more than 10% of its issued and outstanding shares in any Justice Party as of the date of this Agreement

3.10. **Transactions with Affiliates.** Directly or indirectly, sell, lease, transfer, or otherwise dispose of any of its property to, or purchase any property from, or enter into any contract, agreement, understanding, loan, advance, guarantee or transaction (including the rendering of services) with or for the benefit of, any Affiliate (each of the foregoing, an "Affiliate Transaction"), unless (a) such Affiliate Transaction or series of Affiliate Transactions is (i) in the best interest of such Justice Party and (ii) on terms that are no less favorable to such Justice Party than those what would have been obtained in a comparable arm's-length transaction by such Justice Party with a person that is not an Affiliate. For purposes of this section, "Affiliate" shall mean any Justice Party, any relative of any Justice Party, or any person or entity controlled by, or under the common control of, any Justice Party or any parent or subsidiary of any Justice Party.

## Section 4 - Hazardous Substances and Compliance with Environmental Laws

4.01. **Investigation.** Each Justice Party hereby certifies that it has exercised due diligence to ascertain whether its real property, including without limitation the Collateral, is or has been affected by the presence of asbestos, oil, petroleum or other hydrocarbons, urea formaldehyde, PCBs, hazardous or nuclear waste, toxic chemicals and substances, or other hazardous materials, as defined in applicable Environmental Laws (as hereinafter defined) (collectively, "Hazardous Substances"). Each Justice Party hereby represents and warrants that there are no Hazardous Substances contaminating its real property, nor have any such materials been released on or stored on or improperly disposed of on its real property during its ownership, occupancy or operation thereof except in strict compliance with Environmental Laws (as hereinafter defined) and any applicable permits. Each Justice Party hereby agrees that, except in strict compliance with applicable Environmental Laws, it shall not knowingly permit any release, storage or contamination of its properties as long as any of the Bank Indebtedness remains unpaid or unfulfilled. In addition, each Justice Party does not have or use any underground storage tanks on any of its real property, including the Collateral, which are not registered with the appropriate Federal and/or State agencies and which are not properly equipped and maintained in accordance with all Environmental Laws. If requested by CBT, the Justice Parties shall provide CBT with all necessary and reasonable assistance required for purposes of determining the existence of Hazardous Substances on the Collateral, including allowing CBT access to the Collateral, to the Justice Parties' employees having knowledge of, and to its files and records within the Justice Parties' control relating to the existence, storage, or release of Hazardous Substances on the Collateral. "Environmental Laws" shall mean all federal and state laws and regulations which affect or may affect any of the Collateral, including without limitation the Comprehensive Environmental Response,

Compensation, and Liability Act (42 U.S.C. Sections 9601 et seq.), the Resource Conservation and Recovery Act (42 U.S.C. Sections 6901 et seq.), the Federal Water Pollution Control Act (33 U.S.C. Sections 1251 et seq.), the Clean Air Act (42 U.S.C. Section 7401 et seq.), the Toxic Substances Control Act (15 U.S.C. Section 2601 et seq.), and all applicable environmental laws and regulations of the State of West Virginia and the Commonwealth of Virginia, as such laws or regulations have been amended or may be amended.

4.02. **Compliance.** Each Justice Party hereby agrees to comply with all applicable Environmental Laws, including, without limitation, all those relating to Hazardous Substances. Each Justice Party further agrees to provide CBT, and all appropriate Federal and State authorities, with immediate notice in writing of any release of Hazardous Substances on any Collateral and to pursue diligently to completion all appropriate and/or required remedial action in the event of such release. In addition, each Justice Party shall deliver to CBT within fifteen (15) days after receipt thereof a complete copy of any notice, summons, lien, citation, letter or other communication from any governmental agency concerning any action of or an omission by any Justice Party in connection with any environmental activity or issue.

4.03. Remedial Action; Indemnity: CBT shall have the right, but not the obligation, to undertake all or any part of such remedial action in the event of a release of Hazardous Substances on the Collateral and to add any expenditures so made to the Bank Indebtedness. Each Justice Party hereby agrees to indemnify and hold CBT harmless from any and all loss or liability arising out of any violation of the representations, covenants, and obligations contained in this Section 4, or resulting from the recording of any Bank Debt Collateral Document. In addition, CBT shall have all rights and remedies provided in other Bank Loan Documents with respect to Hazardous Substances and violations of Environmental Laws.

325841351v2

## PRINCIPALS' COMPLIANCE CERTIFICATE

Under penalty of perjury, each of the undersigned hereby certifies to Carter Bank & Trust as follows:

The following constitute all transfers of funds made by Greenbrier Hotel Corporation ("Greenbrier Hotel") during the period [_____ 1, 202__ to and including _____ 14, 202__] [_____ 15, 202__ to and including [the last day of the applicable calendar month], 202__], that are not (i) on account of indebtedness owed to Carter Bank & Trust by Greenbrier Hotel or (ii) ordinary and customary operational expenses of Greenbrier Hotel.

| Date of Transfer | Amount of Transfer | Transferee |
|---|---|---|
| 1. | | |

**IN WITNESS WHEREOF,** each of the undersigned has executed this Certificate under seal this ___ day of _____, 202__.

_____[Seal]
Jillean L. Justice

ACKNOWLEDGMENT:
STATE OF _____, COUNTY (OR CITY) OF
_____ ss.

This instrument was sworn and subscribed to before me this _____ day of _____, 202__ by JILLEAN L. JUSTICE. She [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _____
Notary Registration Number: _____          _____
                                                              (Notary Public)

(Affix Notary Stamp)

_____[Seal]
    Adam T. Long

ACKNOWLEDGMENT:
STATE OF _____, COUNTY (OR CITY) OF
_____ ss.


    This instrument was sworn and subscribed to before me this _____ day of _____, 202__ by ADAM T. LONG.  He [*check one*] ☐ is personally known to me or ☐ has produced _____ as identification.


My commission expires: _____
Notary Registration Number: _____     _____
                                                               (Notary Public)

(Affix Notary Stamp)

325841351v2

## Exhibit 1

**CONFESSION OF JUDGMENT/
CERTIFICATE OF CLERK**

Case No.

Va. Code § § 8.01-431, 8.01-433, 8.01-436,
8.01-437, 17.1-124

In the Clerk's Office of the Circuit Court of the City of **MARTINSVILLE**, Virginia

### CONFESSION OF JUDGMENT

CREDITOR:

**Carter Bank & Trust**

c/o Robert A. Angle, Esq.      John C. Lynch, Esq.

Troutman Pepper Locke      Troutman Pepper Locke

1001 Haxall Point      222 Central Park Avenue, Suite 2000

Richmond, VA 23219      Virginia Beach, VA 23462

vs.

DEBTORS: (JOINTLY AND SEVERALLY)

**Players Club, LLC**, a Delaware limited liability company

Serve: Jillean L. Justice, President

300 West Main Street

White Sulphur Springs, WV 24986

**Justice Family Group, LLC**, a Delaware limited liability company

Serve: Jillean L. Justice, President

300 West Main Street

White Sulphur Springs, WV 24986

**The Greenbrier Sporting Club Development Company, Inc.**, a

Delaware corporation

Serve: Jillean L. Justice,

President

Main Street

Sulphur Springs, WV 24986

Greenbrier Sporting Club, Inc., a West Virginia corporation

300 West

White

The

Serve: Jillean L. Justice, President

300 West Main Street

White Sulphur Springs, WV 24986

Greenbrier Medical Institute, LLC, a West Virginia limited

liability company

Serve: Jillean L. Justice, Manager

300 West Main Street

White Sulphur Springs, WV 24986

Greenbrier Golf and Tennis Club Corporation, a West

Virginia

corporation

54

325841351v2

Serve: Jillean L. Justice, President

300 West Main Street

White Sulphur Springs, WV 24986

**Oakhurst Club, LLC**, a West Virginia limited liability company

Serve: Jillean L. Justice, President

300 West Main Street

White Sulphur Springs, WV 24986

**James C. Justice, II**

Serve: 300 West Main Street

White Sulphur Springs, WV 24986

**Cathy L. Justice**

Serve 300 West Main Street

White Sulphur Springs, WV 24986

**Bellwood Corporation**, a West Virginia corporation

Serve: James C. Justice, III, President

302 S. Jefferson Street, Suite 600

Roanoke, VA 24011

James C. Justice Companies, Inc., a Delaware corporation

Serve: James C. Justice, III, President

302 S. Jefferson Street, Suite 600

Roanoke, VA 24011

**Twin Fir Estates, LLC**, a Virginia limited liability company

Serve: James C. Justice, III, President

302 S. Jefferson Street, Suite 600

Roanoke, VA 24011

**Wilcox Industries, Inc.**, a West Virginia corporation

Serve: James C. Justice, III, President

302 S. Jefferson Street, Suite 600

Roanoke, VA 24011

**Justice Low Seam Mining, Inc.**, a West Virginia corporation

55

| | |
|---|---|
| Serve: James C. Justice, III, President | |
| 302 S. Jefferson Street, Suite 600 | |
| Roanoke, VA 24011 | |
| | |
| **Tams Management, Inc.,** a West Virginia corporation | |
| Serve: James C. Justice, III, President | |
| 302 S. Jefferson Street, Suite 600 | |
| Roanoke, VA 24011 | |
| | |
| and | |
| | |
| **James C. Justice, III** | |
| Serve: 302 S. Jefferson Street, Suite 600 | |
| Roanoke, VA 24011 | |

We, the above-named debtors jointly and severally acknowledge ourselves, to be justly indebted to, and do confess judgment in favor of the above-named creditor in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under our hands and seals this day.

| | |
|---|---|
| Players Club, LLC, | (seal) |
| Justice Family Group, LLC | (seal) |
| The Greenbrier Sporting Development Company, Inc. | (seal) |
| The Greenbrier Sporting Club, Inc. | (seal) |
| Greenbrier Medical Institute, LLC | (seal) |
| Greenbrier Golf and Tennis Club Corporation | (seal) |
| Oakhurst Club, LLC | (seal) |
| James C. Justice, II | (seal) |
| Cathy L. Justice | (seal) |
| Bellwood Corporation | (seal) |
| James C. Justice Companies, Inc. | (seal) |
| Twin Fir Estates, LLC | (seal) |
| Wilcox Industries, Inc. | (seal) |
| Justice Low Seam Mining, Inc. | (seal) |
| Tams Management, Inc. | (seal) |
| James C. Justice, III | (seal) |
| (Jointly and Severally as to all Defendants/Debtors) | |

Date: March __, 2026

56

325841351v2

by: _____ (seal)
                ATTORNEY-IN-FACT


    ✓        Power of Attorney in Debt Instrument
    _____    Separate Power of Attorney


## CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

_____   Order Book No. _____   Page No. _____
            DATE AND TIME OF CONFESSION

Instrument No. _____

Attached to this Confession of Judgment are:

    ✓        Debt instrument containing a Power of Attorney _____ JEAN P. NUNN _____ Clerk
    _____    Separate Power of Attorney
    _____    Separate Debt Instrument              by_____
                                                              DEPUTY CLERK

SEE NOTICE TO DEBTOR ON PAGE FOUR OF FOUR

FORM CC-1420 11/09

## NOTICE TO DEBTOR:

**§8.01-433. Setting aside judgments confessed under §8.01-432.** - Any judgment confessed under the provisions of §8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which such judgment was confessed. Whenever any such judgment is set aside or modified the case shall be placed on the trial docket of the court, and the proceeding thereon shall thereafter be the same as if an action at law had been instituted upon the bond, note or other evidence of debt upon which the judgment was confessed. After such case is so docketed the court shall make such order as to the pleadings, future proceedings and costs as to the court may seem just.

325841351v2

**Exhibit 2**

**VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE**

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND WAIVER OF FUTURE SERVICE OF PROCESS AND NOTICE AND WAIVER OF DEFENSE** | Case No._____ <br> Service No._____ |

CREDITOR:                                                    DEBTORS:

**Carter Bank & Trust**                    vs.    **Players Club, LLC, et al.**

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy.  Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this __ day of _____, 2026.

**Players Club, LLC**

By: _____ (SEAL)
Its:_____

54

State of _____ )
                                             ) ss.

City/County of _____ )

      I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of Players Club, LLC, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

                                                                       _____

                                                                        Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND**<br>**WAIVER OF FUTURE SERVICE OF PROCESS**<br>**AND NOTICE AND WAIVER OF DEFENSE** | Case No._____<br>Service No._____ |

CREDITOR:                                                            DEBTORS:

**Carter Bank & Trust**                                vs.     **Players Club, LLC, et al.**

      The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

      The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy.  Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this

325841351v2

case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this __ day of _____, 2026.

**Justice Family Group, LLC**

By: _____ (SEAL)
Its:_____

State of _____ )
                                ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of Justice Family Group, LLC, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND**      Case No._____
**WAIVER OF FUTURE SERVICE OF PROCESS**    Service No._____
**AND NOTICE AND WAIVER OF DEFENSE**

CREDITOR:                                           DEBTORS:

**Carter Bank & Trust**              vs.    **Players Club, LLC, et al.**

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)**

56

plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

<div align="right">

**The Greenbrier Sporting Development Company, Inc.**

By: _____ (SEAL)

Its: _____

</div>

State of _____ )

                                    ) ss.

City/County of _____ )

     I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the_____ of The Greenbrier Sporting Development Company, Inc., personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

<div align="right">

_____
Notary Public

</div>

My Commission expires: _____

Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

325841351v2

**ACCEPTANCE/WAIVER OF PROCESS AND**
**WAIVER OF FUTURE SERVICE OF PROCESS**
**AND NOTICE AND WAIVER OF DEFENSE**

Case No._____

Service No._____

CREDITOR:

DEBTORS:

**Carter Bank & Trust**_____     vs.     **Players Club, LLC, et al.**_____

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

**The Greenbrier Sporting Club, Inc.**

By: _____ (SEAL)

Its:_____

State of _____ )

                               ) ss.

City/County of _____ )

58

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the_____ of The Greenbrier Sporting Club, Inc., personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND WAIVER OF FUTURE SERVICE OF PROCESS AND NOTICE AND WAIVER OF DEFENSE** | Case No._____ <br> Service No._____ |

CREDITOR:                                                    DEBTORS:

**Carter Bank & Trust**_____        vs.     **Players Club, LLC, et al.**_____

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of

Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this __ day of _____, 2026.

**Greenbrier Medical Institute, LLC**

By: _____ (SEAL)
Its: _____

State of _____ )
                                                    ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of The Greenbrier Medical Institute, LLC, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND WAIVER OF FUTURE SERVICE OF PROCESS AND NOTICE AND WAIVER OF DEFENSE**

Case No._____
Service No._____

CREDITOR:                                                       DEBTORS:

**Carter Bank & Trust**                    vs.    **Players Club, LLC, et al.**

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

      The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this __ day of ____________________, 2026.

**Greenbrier Golf and Tennis Club Corporation**

By: ____________________ (SEAL)
Its: ____________________________

State of ________________________ )
) ss.
City/County of ___________________ )

I, ___________________________, a Notary Public of the City/County and State aforesaid, certify that ______________________________, the______________________________ of Greenbrier Golf and Tennis Club Corporation, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced ______________________________ as identification. Witness my hand and official stamp or seal, this _____ day of ________________, 2026.

___________________________
Notary Public

My Commission expires: _________________
Notary Registration Number: ______________

**VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE**

**ACCEPTANCE/WAIVER OF PROCESS AND WAIVER OF FUTURE SERVICE OF PROCESS AND NOTICE AND WAIVER OF DEFENSE**

Case No.______________________
Service No.____________________

CREDITOR:

DEBTORS:

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

      The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

      The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

      Given under its hand this ___ day of _____, 2026.

                                    **Oakhurst Club, LLC**

                                    By: _____ (SEAL)
                                    Its:_____

State of _____ )
                               ) ss.
City/County of_____ )

      I, _____, a Notary Public of the City/County and State aforesaid, certify that_____, the_____ of Oakhurst Club, LLC, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

325841351v2

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND**     Case No._____
**WAIVER OF FUTURE SERVICE OF PROCESS**     Service No._____
**AND NOTICE AND WAIVER OF DEFENSE**

CREDITOR:                                    DEBTORS:

**Carter Bank & Trust** _____  vs.  **Players Club, LLC, et al.** _____

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

63

_____(SEAL)
James C. Justice, II

State of _____ )
                              ) ss.
City/County of _____ )

      I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

 

                                        _____
                                           Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND** | Case No._____ |
| **WAIVER OF FUTURE SERVICE OF PROCESS** | Service No._____ |
| **AND NOTICE AND WAIVER OF DEFENSE** | |

CREDITOR:                                    DEBTORS:

**Carter Bank & Trust**                   vs.    **Players Club, LLC, et al.**

      The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

      The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this

325841351v2

case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

_____ (SEAL)
Cathy L. Justice

State of _____ )
                                                          ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND**         Case No._____
**WAIVER OF FUTURE SERVICE OF PROCESS**      Service No._____
**AND NOTICE AND WAIVER OF DEFENSE**

CREDITOR:                                                         DEBTORS:

**Carter Bank & Trust**_____     vs.     **Players Club, LLC, et al.**_____

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two**

65

**Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

**Bellwood Corporation**

By: _____ (SEAL)

Its: _____

State of _____ )

                                                ) ss.

City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of Bellwood Corporation, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____

Notary Public

My Commission expires: _____

Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND**      Case No._____

**WAIVER OF FUTURE SERVICE OF PROCESS**      Service No._____

325841351v2

## AND NOTICE AND WAIVER OF DEFENSE

CREDITOR:                                                        DEBTORS:

**Carter Bank & Trust**                          vs.        **Players Club, LLC, et al.**

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

**James C. Justice Companies, Inc.**

By: _____ (SEAL)
Its: _____

State of _____ )
                                                            ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of James C. Justice Companies, Inc., personally appeared before me this day and acknowledged the due execution of

67

this Agreement. He/She is personally known to me or has produced
_____ as identification. Witness my hand and official stamp or seal, this
_____ day of _____, 2026.


<div align="right">_____</div>
<div align="right">Notary Public</div>

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND WAIVER OF FUTURE SERVICE OF PROCESS AND NOTICE AND WAIVER OF DEFENSE** | Case No._____<br>Service No._____ |

CREDITOR:                                                    DEBTORS:

**Carter Bank & Trust**_____        vs.        **Players Club, LLC, et al.**_____

   The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

   The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy.  Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

   The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

<div align="center">68</div>

325841351v2

Given under its hand this ___ day of _____, 2026.

**Twin Fir Estates, LLC**

By: _____ (SEAL)
Its:_____

State of _____ )
                                ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of Twin Fir Estates, LLC, personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND** | Case No._____ |
| **WAIVER OF FUTURE SERVICE OF PROCESS** | Service No._____ |
| **AND NOTICE AND WAIVER OF DEFENSE** | |

CREDITOR:                                                DEBTORS:

**Carter Bank & Trust**_____ vs. **Players Club, LLC, et al.**_____

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

325841351v2

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

**Wilcox Industries, Inc.**

By: _____ (SEAL)

Its:_____

State of _____ )

                      ) ss.

City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of Wilcox Industries, Inc., personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____

Notary Public

My Commission expires: _____

Notary Registration Number: _____

## VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND**      Case No._____

**WAIVER OF FUTURE SERVICE OF PROCESS**    Service No._____

**AND NOTICE AND WAIVER OF DEFENSE**

CREDITOR:                                 DEBTORS:

**Carter Bank & Trust**                  vs.      **Players Club, LLC, et al.**

70

325841351v2

The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

**Justice Low Seam Mining, Inc.**

By: _____ (SEAL)

Its: _____

State of _____ )

                     ) ss.

City/County of _____ )

       I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the _____ of Justice Low Seam Mining, Inc., personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____

Notary Public

My Commission expires: _____

71

325841351v2

Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

**ACCEPTANCE/WAIVER OF PROCESS AND**  Case No._____
**WAIVER OF FUTURE SERVICE OF PROCESS**  Service No._____
**AND NOTICE AND WAIVER OF DEFENSE**

CREDITOR:                                                    DEBTORS:

**Carter Bank & Trust**_____     vs.     **Players Club, LLC, et al.**_____

  The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

  The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

  The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

  Given under its hand this ___ day of _____, 2026.

             **Tams Management, Inc.**

             By: _____ (SEAL)
             Its: _____

<div align="center">72</div>

State of _____ )
                               ) ss.
City/County of _____ )

      I, _____, a Notary Public of the City/County and State aforesaid, certify that _____, the_____ of Tams Management, Inc., personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

                                                          _____
                                                           Notary Public

My Commission expires: _____
Notary Registration Number: _____

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE

| | |
|---|---|
| **ACCEPTANCE/WAIVER OF PROCESS AND**<br>**WAIVER OF FUTURE SERVICE OF PROCESS**<br>**AND NOTICE AND WAIVER OF DEFENSE** | Case No._____<br>Service No._____ |

CREDITOR:                                                    DEBTORS:

**Carter Bank & Trust**                              vs.       **Players Club, LLC, et al.**

      The undersigned (i) acknowledges that John L. Gregory, III, duly authorized attorney-in-fact for the undersigned, properly confessed judgment against the undersigned before the Court in the above-styled matter, and (ii) hereby willingly, voluntarily and irrevocably accepts service of the certified copy of the judgment order so entered in the common-law order book of record in said Court, to which a notice setting forth the provisions of § 8.01-433 was appended, in favor of the above-named creditor against the undersigned in the principal sum of **$15,000,000.00 (Fifteen Million and 00/100 Dollars)** plus interest accrued through March 1, 2026 in the amount of **$2,237,366.67 (Two Million, Two Hundred and Thirty Seven Thousand Three Hundred Sixty Six and 34/100 Dollars)** plus interest on the principal balance at the rate of twelve and three-quarters percent (12.75%) per annum using an actual/360 days counting method from March 1, 2026 until paid plus an attorney's fee of **$300,000.00 (Three Hundred Thousand Dollars)** plus the costs of this proceeding all as provided for in the instrument on which the proceeding is based hereby waiving our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

      The undersigned acknowledges and understands that its receipt of the certified copy above-described order and its signature below constitute the acceptance of the service of process of the aforesaid certified copy. Furthermore, the undersigned acknowledges and does hereby willingly, voluntarily and irrevocably waive any and all notice requirements outlined in § 8.01-438 of the Code of Virginia (1950), as amended, including, but not limited to any future service of process and notice in this case, and understands that by waiving all service of process, it is giving up its right to be notified of any events related to the aforesaid Confession of Judgment.

325841351v2

The undersigned acknowledges and does hereby willingly, voluntarily, irrevocably and unconditionally waive any right to commence, join in, prosecute or participate in any suit or other proceeding in a position that is adverse to the above-named creditor in connection with the Confession of Judgment, specifically including, but not limited to any Motion to Set Aside the Confession of Judgment pursuant to § 8.01-433 of the Code of Virginia (1950), as amended.

Given under its hand this ___ day of _____, 2026.

_____ (SEAL)
James C. Justice, III

State of _____ )
                                                ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III personally appeared before me this day and acknowledged the due execution of this Agreement. He/She is personally known to me or has produced _____ as identification. Witness my hand and official stamp or seal, this _____ day of _____, 2026.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

74