WHITE SULPHUR SPRINGS HOLDINGS, LLC,
*a Texas Limited Liability Company,*

       Plaintiff,

v.                                    CIVIL ACTION NO. 5:26-cv-00257

JAMES C. JUSTICE, II,
*individually,* and
CATHY L. JUSTICE,
*individually,* and
JAMES C. JUSTICE, III,
*individually,* and
GREENBRIER HOTEL CORPORATION,
*a West Virginia Corporation,* and
GREENBRIER MEDICAL INSTITUTE, LLC,
*a West Virginia Limited Liability Company,* and
OAKHURST CLUB, LLC,
*a West Virginia Limited Liability Company,* and
GREENBRIER GOLF AND TENNIS CLUB CORPORATION,
*a West Virginia Corporation,* and
GREENBRIER LEGACY COTTAGE DEVELOPMENT COMPANY I, INC.,
*a West Virginia Corporation,* and
GREENBRIER LEGACY COTTAGE DEVELOPMENT II, INC.,
*a West Virginia Corporation,*

       Defendants.

## **CASE MANAGEMENT OPINION AND ORDER**

Pending are (1) Plaintiff's Motion for Emergency Appointment of a Receiver [Doc. 6], filed April 13, 2026, together with the supporting memorandum of law [Doc. 8], and (2) Defendants' Motion to Stay [Doc. 9], filed April 16, 2026.

Upon consideration, and to facilitate orderly disposition of the pending motions, the Court **ORDERS** as follows:

1. Response briefs to the Motion for Emergency Appointment of a Receiver [Doc. 6] and to the Motion to Stay [Doc. 9] shall be filed on or before **April 27, 2026**. Any replies shall be filed on or before **May 4, 2026**;

2. A prehearing conference is set for **Thursday, May 7, 2026, at 11:00 a.m.**, in Charleston. Lead counsel for each party shall appear in person; and

3. An evidentiary hearing on the Motion for Emergency Appointment of a Receiver [Doc. 6] and the Motion to Stay [Doc. 9] is set for **Monday, May 11, 2026, at 9:30 a.m.**, in Charleston.

There are additional matters that require discussion. First, Plaintiff's Motion for Emergency Appointment of a Receiver [Doc. 6] contains, on page 2 alone, seven footnotes, giving that filing the character of a research paper rather than a legal brief. The Court would not expect that unusual practice to recur in subsequent filings. Second, rather than consult the *Local Rules of Procedure*, one of Plaintiff's counsel telephoned a staff member in Chambers yesterday and observed, "I know how things are done here in the North, but I don't know how they are done in the South." Pursuant to *Federal Rule of Civil Procedure* 7(b), any request for action by the Court is to be made by motion and served on counsel opposite. Accordingly, counsel wishing to raise issues with the Court in the future shall do so in writing by motion or, as to purely administrative matters, by email transmitted to JudgeVolkPublicInquiries@wvsd.uscourts.gov, simultaneously copied to all counsel.

Third, although Plaintiff's counsel requests the emergency appointment of a receiver, they cite no authority respecting the Court's power to act on an emergency basis. [Doc. 6-1]. The Court is thus left to speculate regarding the substantive and procedural basis for expeditiously acting on the request. For example, the Verified Complaint requests a preliminary injunction at pages 3, 14–16, and 18, yet Plaintiff has failed to comply with *Federal Rule of Civil Procedure* 65, which

plainly contemplates that extraordinary relief of this nature be sought by way of a motion for a preliminary injunction and satisfaction of the rigorous, accompanying standards imposed by binding precedent. *See, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). Fourth, Defendants' Motion to Stay [Doc. 9] cites not a single authority for halting this litigation under federal law and in deference to a state court proceeding, a rather momentous request in view of the factoring analyses applicable in such settings. Fifth, Defendants' Motion to Stay [Doc. 9] is unaccompanied by a memorandum of law, as required by *Local Rule of Civil Procedure* 7.1(a)(2)(22).

The governing rules are not hyper-technical mandates lacking a basis in reason and common sense. Instead, they are one of the primary means by which a court, among other things, (1) guarantees due process, (2) manages judicial resources, and (3) assures uniformity across the docket. It is for this reason that the Court -- and so many other courts -- insist upon scrupulous adherence. *See*, *e.g.*, *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("The interest in having rules of procedure obeyed . . . does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction. . . . [T]here is no constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules . . . and to allow the courts to impose . . . sanctions in the event of their failure to do so."); *Keller v. Mobil Corp.*, 55 F.3d 94, 98 (2d Cir. 1995) ("The public interest in having rules of procedure obeyed is at least as important as the public interest in encouraging settlement of disputes."); *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) ("[W]e share the district judge's concern for efficient judicial administration and agree that attorneys practicing before the district court should be entirely familiar with local as well as general rules of procedure . . . ."); *Burk v. C.B. Fleet Holding Co.*, No. 6:07-CV-00611, 2008 WL 11380069, at \*5 (S.D. W. Va. Aug. 25, 2008) ("I

expect the parties to follow the rules to the letter. In the future, violations of the rules will result in sanctions.").

The parties' filings agree on at least one point: This matter is of significant import not only to their clients but to the citizens of this State. Accordingly, the Court will expect the filings and conduct of counsel going forward to satisfy the highest professional standards contemplated by the governing federal, state, and local rules, along with any orders of the Court entered now or hereafter.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:  April 17, 2026

Frank W. Volk
Chief United States District Judge

4