**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

      **Plaintiff,**

**v.**                                   **Case No. 5:26-cv-00257**
                                                 **The Honorable Frank W. Volk**

**JAMES C. JUSTICE, II, et al.**

      **Defendants.**

**WEST VIRGINIA STATE TAX
DIVISION'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO INTERVENE</u>**

COMES NOW, the Tax Division of the West Virginia Department of Revenue (herein, for simplicity, the "**Tax Division**"), by counsel, John F. Willems, Assistant Attorney General, who submits this memorandum in support of its motion to intervene.  Plaintiff White Sulphur Springs Holdings, LLC ("**Plaintiff**") has brought suit against the Defendants in this case for various forms of indebtedness. On April 13, 2026, Plaintiff moved to appoint a receiver over the Defendants' assets. Prior to Plaintiff filing suit, Defendants owed millions of dollars in Consumers Sales and Service Taxes they were required to collect and withhold under Title 11, Article 15 of West Virginia State Code. The Tax Division has filed multiple tax liens to secure Defendants' indebtedness.[1] (Motion Exh. A) The Tax Division now moves to intervene to protect that interest.

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires the court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

---

[1]In its First Amended Verified Complaint, Plaintiff recognized the Tax Division's liens, which it included in Paragraph 31, except for Lien #1813992 dated June 30, 2025, for $589,073.46, which the Tax Division has attached as one of the liens in Motion Exhibit A.

1

the movant's ability to protect its interest, unless existing parties adequately represent that interest." To have a right to intervene under this rule, the Tax Division need only show that it has "an interest sufficient to merit intervention;" "that without intervention, its interests may be impaired;" and "that present litigants do not adequately represent its interest." *Com. Of Va. v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir. 1976).

The assertion of a lien on a piece of property before the court is a sufficient reason to allow intervention. *See Diaz v. Southern Drilling Corp.,* 427 F.2d 1118 (5th Cir. 1970). In that case, the U.S. Government asserted a tax lien against funds sought to be recovered in litigation, which the Court found to be a sufficient interest to justify intervention. *Id.* at 1124. The court also found that requiring the U.S. government to bring subsequent actions to vindicate its rights in foreign courts might impede its interests and that no party currently in the suit represented the government's interest in its tax lien. *Id.* at 1125. The same could be said here. A tax lien is a substantial interest in property, sufficient to merit intervention. No other party currently represents this interest in this litigation. Finally, although the Tax Division would not be required to initiate subsequent actions in foreign jurisdictions, the necessity of initiating subsequent actions in this jurisdiction would be unduly burdensome. It is therefore more efficient and appropriate to secure the amounts owed to the Tax Division within this litigation.

Furthermore, the Tax Division is arguably a necessary party to the case under Rule 19(a)(1)(B)(i) of the Federal Rules of Civil Procedure, which provides that a party must be joined when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." If the receiver fails to satisfy the Tax Division's liens in priority as required by West Virginia Code § 11-15-18a, there may be insufficient assets remaining

in the Defendants' estate to satisfy the outstanding tax liabilities once Plaintiff's claims are resolved.

WHEREFORE, for the reasons set forth above, the Tax Division respectfully requests that it be granted leave to intervene in this matter for the limited purpose of protecting its liens and preserving their statutory priority.

**Respectfully submitted,**

**WEST VIRGINIA STATE TAX DIVISION**

**By counsel,**

**JOHN B MCCUSKEY**
**ATTORNEY GENERAL**

*/s/John F. Willems*

John F. Willems (WV Bar No. 13711)
*Assistant Attorneys General*
State Capitol Complex
Building 1, Room W-435
Charleston, West Virginia 25305
Telephone: (304) 558-2522
Fax: (304) 558-2525
Email: jwillems@wvago.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 5:26-cv-00257**
　　　　　　　　　　　　　　　　　　　　　**The Honorable Frank W. Volk**

**JAMES C. JUSTICE, II, et al.**

       **Defendants.**

---

**CERTIFICATE OF SERVICE**

---

I, John F. Willems hereby certify that the foregoing "*West Virginia State Tax Division's Memorandum in Support of Its Motion to Intervene*" has been served on all parties to this Civil Action of the foregoing through the CM/ECF system.

*/s/ John F. Willems*
John F. Willems (WVSB# 17311)
Assistant Attorney General

4