# EXHIBIT 9

# WHITE SULPHUR SPRINGS HOLDINGS, LLC

4001 Maple Avenue, Suite 600
Dallas, Texas 75219

April 9, 2026

**VIA ELECTRONIC MAIL**
The Justice Parties (as defined below)
302 S. Jefferson Street, Suite 600
Roanoke, Virginia 24001
Attention: James C. Justice, III
Email: steve.ball@bluestoneindustries.com

Robert D. Wolford, Esquire
Miller Johnson
Suite 1100
45 Ottawa Ave. SW
Grand Rapids, Michigan 49503
Email: wolfordr@millerjohnson.com

**Re: Notice of Default and Termination of Forbearance — Fourteenth Amended and Restated Forbearance Agreement dated as of February 28, 2026**

Dear Mr. Justice:

Reference is made to the Fourteenth Amended and Restated Forbearance Agreement dated as of February 28, 2026 (the "Agreement"), by and among James C. Justice, III, James C. Justice, II, Cathy L. Justice, and the various Justice Parties and Collateral Parties identified therein (collectively, the "Justice Parties"), GSR, LLC, Justice Holdings, LLC, and Carter Bank & Trust ("CBT"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement. As you are aware, CBT transferred and assigned all rights of CBT under the Agreement (including all right title and interest of CBT in the Judgments and the Bank Debt Collateral Documents) to White Sulphur Springs Holdings, LLC, a Texas limited liability company ("Lender").

## I. DEFAULTS UNDER THE AGREEMENT

Lender has identified the following defaults by the Justice Parties under the Agreement, each of which independently constitutes a basis for termination of the forbearance:

A. <u>Failure to Make Required Monthly Interest Payment on Tranche A</u>:

Section 7(b)(i) of the Agreement expressly requires the Justice Parties to pay installments of accrued interest on the outstanding principal balance of Tranche A on the first day of each calendar

month commencing May 1, 2024, to and including the Maturity Date of April 15, 2026. Section 16 of the Agreement provides that time is of the essence with respect to all deliveries, payments, and obligations due under the Agreement.

The Justice Parties failed to make the required interest payment on April 1, 2026, representing interest accrued on Tranche A during the month of March 2026. This failure constitutes a default under Section 7(b) of the Agreement and, accordingly, a default and event of default under Sections 8(e) and 8(g) of the Agreement, each of which independently authorizes CBT to terminate the forbearance.

B. <u>False Representation Regarding Payment of Taxes</u>:

Section 7(c) of the Agreement incorporates by reference the representations, warranties, and covenants set forth in Schedule 3 to the Agreement, each of which the Justice Parties agreed to comply with and be bound by as a material condition of Lender's entry into the Agreement.

Section 1.06 of Schedule 3 is a representation and warranty that each of the Justice Parties and its subsidiaries has "filed, paid, and/or discharged all taxes or other claims which may become a lien on any of their respective properties or assets."

Lender has determined that the Justice Parties (i) failed to make required payments on property taxes for some or all of the collateral securing the Bank Indebtedness for the September 2025 payment period, thereby risking the imposition of tax liens on collateral securing the Judgments and the Bank Indebtedness, and (ii) failed to pay state sales taxes which have resulted in multiple tax liens by the West Virginia Tax Division that are recorded against collateral securing the Judgments and the Bank Indebtedness. These failures rendered the representation in Section 1.06 of Schedule 3 untrue, incorrect, and misleading in a material respect at the time it was made in the Agreement. Pursuant to Section 8(b) of the Agreement, Lender's discovery of any representation or warranty that was untrue, incorrect, or misleading in any material respect constitutes a basis for immediate termination of the forbearance.

C. <u>Breach of Covenant to Pay Taxes</u>:

Section 2.06 of Schedule 3 is an affirmative covenant requiring each of the Justice Parties to "comply in all respects with all applicable laws, rules, regulations, ordinances and orders applicable to each Justice Party's business, operations and properties including without limitation . . . paying before the delinquency thereof all taxes, assessments, and governmental charges imposed upon it or upon its income, profits or property."

The Justice Parties failed to make required payments on property taxes for some or all of the collateral securing the Bank Indebtedness for the March 2026 payment period. This failure constitutes a breach of the covenant set forth in Section 2.06 of Schedule 3 and, accordingly, a default and event of default under Sections 8(e) and 8(g) of the Agreement. As noted above,

Section 16 of the Agreement provides that time is of the essence in the performance of all obligations under the Agreement, including the timely payment of taxes.

D. <u>Judgments Filed Against Collateral</u>:

Section 8(c) of the Agreement provides that the forbearance may be terminated upon "any lien, claim or charge, including, without limitation, any abstract of judgment, in an amount greater than $100,000 is filed against or with respect to any of the collateral securing any of the Judgments." As noted above, the West Virginia Tax Division has filed several tax liens against collateral securing the Judgments and Bank Indebtedness with amounts greater than $100,000. Such liens have remained undischarged for more than 30 days. These liens constitute an independent basis for termination of the forbearance under Section 8(c) of the Agreement.

E. <u>Unauthorized Modification of the Facility Documents</u>:

Section 8(f) of the Agreement provides that the forbearance shall terminate upon "any amendment, restatement, replacement, or other modification of or to the Fifth A&R Note and/or any of the Facility Documents subsequent to October 15, 2024 without CBT's prior written consent."

Lender has determined that the Justice Parties extended or otherwise modified the the Sixth A&R Note and/or the related Facility Documents without obtaining Lender's prior written consent. This modification constitutes an independent basis for termination of the forbearance under Section 8(f) of the Agreement.

## II. TERMINATION OF FORBEARANCE

Each of the defaults described in Sections I.A through I.E above independently constitutes a basis for termination of the forbearance under Section 8 of the Agreement. Pursuant to Section 8 of the Agreement, Lender hereby exercises its sole option to terminate the forbearance granted pursuant to Section 5 of the Agreement, effective immediately.

The Justice Parties are hereby notified that the forbearance is terminated and that Lender is no longer subject to any restriction on the exercise of its rights and remedies under the Agreement, the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the New Bank Documents, or applicable law.

## III. DEMAND FOR IMMEDIATE PAYMENT

Pursuant to Section 9 of the Agreement, upon termination of the forbearance, Lender has the immediate right to collect the entire amount of the Bank Indebtedness, including all interest accruing at the rates set forth in the Judgments and all other costs, charges, fees, and expenses set forth therein.

Lender hereby demands immediate payment in full of all amounts outstanding under the Bank Indebtedness, the Judgments, and the Indemnity Note, including without limitation all attorneys'

fees, costs, and expenses due and payable under the Agreement, the Judgments, and the Bank Debt Collateral Documents.

## IV. EXERCISE OF RIGHTS AND REMEDIES

Pursuant to Section 9 of the Agreement, Lender may immediately exercise creditor process and any and all rights and remedies available to it under the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, the New Bank Documents, the Agreement, and applicable law, without further notice or demand of any kind. Lender intends to pursue all available rights and remedies as Lender may elect in its sole discretion.

## V. COOPERATION OBLIGATIONS

Pursuant to Section 9 of the Agreement, each of the Justice Parties is obligated to assist and cooperate fully, without cost to Lender, and to cause all officers, employees, agents, and other persons under their direction and/or control to assist and cooperate fully with Lender in securing, protecting, and liquidating all collateral securing the Judgments and/or the Bank Indebtedness. Each Justice Party is hereby directed to immediately comply with all such cooperation obligations.

## VI. NO WAIVER; RESERVATION OF RIGHTS

This Notice shall not constitute a waiver of any default, event of default, right, or remedy under the Agreement, the Judgments, the Bank Debt Collateral Documents, the Bank Loan Documents, or applicable law. The defaults described herein are not intended to be exhaustive, and Lender expressly reserves the right to identify and assert any and all additional defaults, events of default, rights, and remedies that may now exist or hereafter arise, whether or not identified in this Notice. All rights and remedies are cumulative and may be exercised simultaneously, successively, or in any order Lender deems appropriate in its sole discretion.

*[Lender's signature follows on the next page]*

Sincerely,

WHITE SULPHUR SPRINGS HOLDINGS, LLC

By: _____

Michael G. Smith,
Executive Vice President