# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### (BECKLEY DIVISION)

WHITE SULPHUR SPRINGS HOLDINGS, LLC )
a Texas Limited Liability Company, )
                                   )
         Plaintiff, )
                                   )
v. )       Case No. 5:26-cv-00257
                                   )       The Honorable Frank W. Volk
JAMES C. JUSTICE, II, Individually; )
CATHY L. JUSTICE, Individually; )
JAMES C. JUSTICE, III, Individually; )
GREENBRIER HOTEL CORPORATION, )
a West Virginia Corporation; )
GREENBRIER MEDICAL INSTITUTE, LLC, )
a West Virginia Limited Liability Company; )
OAKHURST CLUB, LLC, )
a West Virginia Limited Liability Company; )
GREENBRIER GOLF AND TENNIS )
CLUB CORPORATION, )
a West Virginia Corporation; )
GREENBRIER LEGACY COTTAGE )
DEVELOPMENT COMPANY I, Inc., )
a West Virginia Corporation; )
GREENBRIER LEGACY COTTAGE )
DEVELOPMENT II, Inc., )
a West Virginia Corporation. )
                                   )
         Defendants. )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE THE BRIEFING DEADLINES AND SCHEDULED HEARINGS**

On Friday, WSSH learned for the first time—while reading Defendants' Motion to Continue—that Defendants have purportedly obtained a non-binding term sheet "to fully satisfy the loans at the center of [this] conflict."[1] Instead of notifying WSSH directly, Defendants

---

[1] Brad McElhinny, *Justices say they have secured financing to pay off loans at heart of Greenbrier dispute*, WV MetroNews (May 22, 2026), https://wvmetronews.com/2026/05/22/justices-say-they-have-secured-financing-to-pay-off-loans-at-heart-of-greenbrier-dispute.

1

trumpeted their alleged financing to the press. This is not productive. It is an attempt to stay these proceedings and delay paying their obligations.

Defendants claim WSSH is "ignor[ing] Defendants' offer to repay the Loans in full." No such offer has been made. However, implicit in Defendants' motion is that they are still unable to satisfy their obligations. They only "expect" to finalize financing in the next 60 days to pay their indebtedness in full. (Mot. Continue, ECF No. 58 at 2-3). Defendants announce they have a "signed term sheet" from an unnamed lender for an undisclosed amount on undisclosed terms. Importantly, Defendants do not, and likely cannot, represent that the term sheet is non-contingent or final and binding. The purported financing could vanish at any moment. Moreover, Defendants failed to provide WSSH with any meaningful information regarding the terms of the "expected" financing to allow WSSH to make an informed decision concerning their motion to continue. Nor have Defendants given the Court any such evidence, suggesting only that they would file the term sheet *in camera* for the Court to review, which they have not yet done.  For these reasons, and those set forth below, WSSH opposes a continuance.

### A.  Defendants Concede that WSSH is Rightful Owner of Judgments.

Defendants' position is that they owe nothing to WSSH because WSSH does not validly own the Judgments. Defendants filed a separate state court action seeking a preliminary injunction to enjoin WSSH from exercising any of its creditor rights with respect to the Judgments. Having already moved to stay this action in deference to their state-court suit, Defendants now seek a continuance of all deadlines because they expect to obtain financing within the next 60 days to pay off these same Judgments in full. Defendants' motion is a tacit admission that WSSH rightfully owns the Judgments and collateral documents. Thus, no continuance should be considered while Defendants refuse to honor their obligations.

Yet Defendants' obligations extend beyond merely satisfying their indebtedness to WSSH. The Judgements at issue are described in the Fourteenth Amended and Restated Forbearance Agreement ("14th FBA") dated and effective February 28, 2026, which was also assigned to WSSH.[2] Under the 14th FBA, Defendants are required to, among others, provide monthly financial reporting to WSSH, (14th FBA, Sch. 3, § 2.08); identify all transfers of funds made by the Greenbrier Hotel to other entities that are not in satisfaction of their debt to WSSH or in the ordinary course of business, (*id.* at § 2.08); provide monthly bank statements to WSSH, (*id.* at § 7(d)); and provide WSSH complete and immediate transparency into the status of any refinancing efforts. (*Id.* at § 7(l)). Defendants have consistently failed to provide this required information to WSSH. And the mere fact that WSSH first learned of Defendants' supposed refinancing when it read the motion to continue is itself a further violation of the 14th FBA's requirement to keep WSSH advised of all refinancing efforts.

### B.  Defendants' Alleged Financing is Speculative and Is Not Good Cause for a Stay.

This is not Defendants' first attempt to brandish non-binding letters of intent to forestall litigation and collection. But Defendants have never presented a non-contingent, binding financing commitment accompanied by an agreement to satisfy their obligations indefeasibly and in full. Nor do they now. Extending the current deadlines will prejudice WSSH, providing yet another detour for Defendants to misappropriate funds from The Greenbrier Resort while continuing to drain the value and reputation of The Greenbrier.

Defendants agree good cause is required to secure a continuance of the agreed upon amended case management order. Yet their showing is lacking. Defendants cite cases addressing continuance requests filed after passed deadlines, arguing that good cause exists here only because

---

[2] The 14th FBA is Exhibit A to WSSH's Amended Complaint

they filed their motion twelve hours before several significant deadlines. Defendants further stake their position on an assertion that they will be able to pay the entire debt at some point "***likely*** [to] occur within the next 45 days." On this hope, they urge the Court to evaluate "the circumstances that exist following the [alleged future] refinancing, not the [current] state of affairs." (Mot. Continue at 4, 6 (emphasis added).)

"Likely" isn't certainty. Aspirational future events do not constitute good cause. Moreover, the cases Defendants cite undermine their position because they support the proposition that a continuance should be granted in the face of a *pending* payment, not a *hopeful* one. In *Fleming v. Worker's Compensation Commission*, the court dismissed the claims only after the parties jointly stipulated that all payments had been made—a far cry from the speculative, contingent "financing" Defendants proffer. 1996 WL 93843, at *2 (4th Cir. Mar. 5, 1996). And the court in *W. Va. Highlands Conservancy v. Norton* denied the motion to dismiss precisely because the relief sought had not yet been secured—the very situation Defendants currently face. 161 F. Supp. 2d 676, 679 (S.D. W.Va. 2001). Neither case supports pausing litigation based on a non-binding, undisclosed promise of future payment of less than what is indefeasibly owed.

While Defendants claim a willingness to repay the "loans," that balance is not what is due to WSSH. Not only are the final and non-appealable Judgments due and payable ***now***, but so too is the interest, fees, and expenses that continue to mount. Until Defendants indefeasibly satisfy all of their obligations under the Judgments and the 14th FBA, WSSH has not been made whole is not required to release its senior secured liens.

The better gauge for whether good cause for a continuance exists is the analysis set forth in *Godfrey v. United States*, which is discussed in WSSH's Response to Defendants' Motion to Stay. *See* No. 2:24-cv-00355, 2025 WL 3129298, at *1-2 (S.D. W. Va. Nov. 7, 2025). The *Godfrey*

4

factors include: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party if a stay or continuance is not granted. 2025 WL 3129298, at *1-2. As to judicial economy, the parties have already expended significant resources in this litigation, and the Court has set a June 8 evidentiary hearing on WSSH's receivership and injunction requests. Delaying this case would squander those efforts in deference to Defendants' tactical maneuvering. As to the balancing of harms, if Defendants do in fact secure the necessary financing, nothing prevents them from immediately satisfying, indefeasibly and in full, the Judgments and all other obligations they owe WSSH. The moment Defendants *entire* set of obligations are fully discharged, any receivership or injunction would terminate. A continuance is therefore wholly unnecessary to protect any legitimate interest Defendants may claim.

Defendants' complaint of reputational harm also misses the mark. This lawsuit, and Defendants' chronic failure to honor their obligations, are already public and widely covered in the press. And correctly so. Defendants cannot now argue that proceeding on the current schedule will prejudice their ability to secure financing—as evidenced by their own representation that they have already obtained a term sheet.

On the other hand, a continuance would inflict immediate and ongoing harm on WSSH. The Judgments are final. Defendants refuse to pay, and their debts increase. Daily. WSSH's collateral is diminishing. Daily. Any further delay allows Defendants to continue siphoning value from the Greenbrier Resort to the detriment of WSSH and other creditors. All while the property deteriorates further into disrepair. Delay would only prolong and exacerbate that damage. This harm extends not only to WSSH, but also to Defendants' other creditors, stakeholders, and the

community that depends on the Greenbrier Resort's continued and responsible operation. Defendants, though, face no cognizable prejudice if the current schedule holds.

In short, Defendants have failed to disclose even the identity of their alleged financing partner to WSSH or the Court. They have revealed no meaningful information about the terms of the alleged deal, including whether it is non-binding, which would allow WSSH or the Court to better understand the nature and validity of the expected financing. In the ordinary course of business, in a transaction such as the financing the Defendants claim to have secured, WSSH would have been contacted immediately and provided transparency into the negotiation, especially given the requirements of the 14th FBA. But the fact that Defendants did not contact WSSH or give WSSH or the Court any real information concerning the terms of the "expected" transaction suggests the alleged financing is speculative and not the basis for a continuance. To be clear, if Defendants presented an actual binding and final agreement to satisfy all of their obligations to WSSH under the Judgments and the 14th FBA, the requested continuance might be appropriate. But that has not happened, and WSSH opposes the request for a continuance.

### C. If a Continuance is Granted, the Court Should Also Grant WSSH's Proposed Injunctive Relief.

If the Court is inclined to grant a continuance, WSSH respectfully requests that the Court simultaneously grant WSSH's proposed injunctive relief to preserve the status quo in the interim. This relief must mandate that Defendants comply with all existing reporting and other requirements under the 14th FBA, including providing WSSH with all of Defendants' past and current financial records. Defendants must be compiling and producing these very same documents to their unnamed lender as part of the financing due-diligence process for that transaction. Given that the lender's process will substantially overlap with the reporting requirements already required by the 14th FBA, the requested injunction would impose no meaningful additional burden on

6

Defendants. Yet it would give WSSH the basic transparency needed to safeguard its collateral during any delay.

WSSH will accept payment—indefeasibly and in full—of the Judgments and all other obligations Defendants owe to WSSH the moment Defendants tender it. But promises are not payment. Contingent, non-binding term sheets do not equal liquidity. Until Defendants pay *all* obligations, WSSH must protect its collateral securing the hundreds of millions of dollars in debt Defendants owe. And those obligations compel WSSH to oppose this request for a continuance.

Respectfully submitted,

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

By counsel,

/s/ *Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB #10381)
Zachary H. Warder, Esq. (WVSB #13566)
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
Zachary.warder@jacksonkelly.com

and

Ellen Cappellanti, Esq. (WVSB #627)
Albert F. Sebok, Esq. (WVSB #4722)
Elizabeth B. Elmore (WVSB #6061)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**(BECKLEY DIVISION)**

WHITE SULPHUR SPRINGS HOLDINGS, LLC   )
a Texas Limited Liability Company,    )
                                      )
        Plaintiff,                )
                                      )
v.                                    )    Case No. 5:26-cv-00257
                                      )    The Honorable Frank W. Volk
JAMES C. JUSTICE, II, Individually;   )
CATHY L. JUSTICE, Individually;       )
JAMES C. JUSTICE, III, Individually;  )
GREENBRIER HOTEL CORPORATION,         )
a West Virginia Corporation;          )
GREENBRIER MEDICAL INSTITUTE, LLC,    )
a West Virginia Limited Liability Company;  )
OAKHURST CLUB, LLC,                   )
a West Virginia Limited Liability Company;  )
GREENBRIER GOLF AND TENNIS            )
CLUB CORPORATION,                     )
a West Virginia Corporation;          )
GREENBRIER LEGACY COTTAGE             )
DEVELOPMENT COMPANY I, Inc.,          )
a West Virginia Corporation;          )
GREENBRIER LEGACY COTTAGE             )
DEVELOPMENT II, Inc.,                 )
a West Virginia Corporation.          )
                                      )
        Defendants.               )

**CERTIFICATE OF SERVICE**

       I, Seth P. Hayes, certify that on the 23rd day of May, 2026, the foregoing Plaintiffs'

Response in Opposition to Defendants' Motion to Continue the Briefing Deadlines and Scheduled

Hearings was filed using the Court's CM/ECF system.  Counsel of record will be served by the

Court's CM/ECF system as follows:

8

Steven R. Ruby, Esquire
Raymond S. Franks II, Esquire
David R. Pogue, Esquire
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

H. Rodgin Cohen, Esquire
Robert L. Jones IV, Esquire
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff, Esquire
Oliver W. Engebretson-Schooley, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

/s/ *Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB # 10381)

9