WHITE SULPHUR SPRINGS
HOLDINGS, LLC,

**Plaintiff,**

**v.**                                                    Case No. 5:26-cv-00257
                                                          **Chief Judge Volk**

JAMES C. JUSTICE, II;
CATHY L. JUSTICE;
JAMES C. JUSTICE, III;
GREENBRIER HOTEL CORPORATION;
GREENBRIER MEDICAL INSTITUTE,
LLC; OAKHURST CLUB, LLC;
GREENBRIER GOLF AND
TENNIS CLUB CORPORATION;
GREENBRIER LEGACY COTTAGE
DEVELOPMENT COMPANY I, INC.; and
GREENBRIER LEGACY COTTAGE
DEVELOPMENT II, INC.,

**Defendants.**

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT TERM SHEET UNDER SEAL FOR *IN CAMERA* REVIEW

On May 22, 2026, Defendants moved to continue these proceedings for 60 days because they have secured a term sheet for financing that will fully pay off the loans at issue and moot Plaintiff's claims. The requested continuance would provide time for the financing transaction to close. In that motion, Defendants stated that, though the term sheet is subject to a nondisclosure provision that prevents it from being disclosed publicly or to Plaintiff, they could submit it for *in camera* review by the Court.

On May 23, 2026, Plaintiff submitted its response in opposition to Defendants' motion for continuance. ECF 63. Plaintiff objects, *inter alia*, that the term sheet has not yet been

1

provided to the Court. Defendants thus seek leave to submit the term sheet under seal for *in camera* review. It would be inequitable to permit Plaintiff to object to this submission after filing a brief earlier today criticizing Defendants for not yet having submitted it. The term sheet, moreover, is a proper subject both for sealing and for *in camera* review.

Defendants requested Plaintiff's position on Defendants' submission of the term sheet for *in camera* review. In response, Plaintiff said, "Whether you provide these documents to the court is up to you." *See* Exhibit 1 (email exchange among counsel). Defendants have requested clarification on whether that means Plaintiff does not object but have not received clarification as of the time Defendants previously advised the Court that they would file this motion. *Id.*

In support of their request, and in compliance with the requirements of Local Rule of Civil Procedure 26.4, Defendants state as follows.

**A.     Sealed, *in camera* submission of the term sheet is necessary.**

The term sheet contains highly sensitive financial and business information and trade secrets of the type that companies generally keep confidential, for good reason. Specifically, the term sheet contains the detailed terms of a financing transaction between Defendants and a financing partner, and it reveals the proprietary business strategies of both. If the information were made public, competitors would be able to exploit their possession of this information by, for example, offering terms superior to those of the financing partner—based on the proprietary information contained in the term sheet—in other transactions in which the financing partner might seek to participate. To provide another example, competitors or counterparties of Defendants could seek to exploit their knowledge of the terms of Defendants' financing in business dealings either with or in competition with Defendants.

These considerations apply fully to Plaintiff and its affiliates, which is why *in camera* review is necessary. It is undisputed that Plaintiff is affiliated with Omni Hotels & Resorts, which owns and operates The Homestead Resort in Hot Springs, Virginia—The Greenbrier's most significant competitor. Moreover, Plaintiff's owners recently made their own offer to enter into a financing transaction and 50% acquisition of The Greenbrier, evidencing their interest in a transaction that would compete with the transaction embodied in the term sheet. Plaintiff's affiliates thus are competitors of both Defendants and of Defendants' financing partner. Were Plaintiff to obtain access to the term sheet, it would be able to exploit the trade secrets contained therein to the commercial detriment of Defendants and Defendants' financing partner.

**B.      The seal should remain in place indefinitely.**

The seal should remain in place indefinitely. Even after the transaction embodied in the term sheet closes, the term sheet will reveal both the details of Defendants' long-term financing arrangements and their financing partner's proprietary strategies and practices with regard to the transactions that constitute its business. Revealing either of those would result in the commercial harms described above. And even if the transaction were not to close, disclosing the term sheet would still reveal the financing partner's strategies and practices, which would harm the financing partner in future transactions it will seek to enter into in the course of its business.

**C.      Sealed, *in camera* submission of the term sheet is proper.**

There are two sources of the public's right of access to court documents: the First Amendment and the common law. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The common law "does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Id*. Although the common law presumes access to all "judicial records and documents," a party can rebut the presumption by

showing some significant interest that outweighs the presumption. *Id.* Unlike the common law, the First Amendment right of access extends only to particular documents in particular proceedings. *Id.* Although the First Amendment right of access most often arises in criminal proceedings, the Fourth Circuit has held that it also applies to documents filed in a summary judgment motion in a civil case. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Where the First Amendment applies, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest. *Id.*

Here, Defendants respectfully submit that the First Amendment should not apply. A private company's trade secrets should not be made public simply because the company seeks a brief continuance to complete a transaction. *See ACLU v. Holder*, 673 F.3d 245, 257 (4th Cir. 2011) (*in camera* review of trade secrets proper). Accordingly, Defendants should not have to overcome the First Amendment's more stringent test to protect their private information.

But regardless of whether the common law or First Amendment standard applies, sealed, *in camera* review of the term sheet is proper. Even where the First Amendment right of access applies, courts in the Fourth Circuit have held that it is proper to seal a private company's confidential financial and business information because the information is not generally available to the public, does not bear on public matters, and could harm the company if published. *See Accreditation Comm'n for Health Care, Inc. v. NextLOGiK, Inc.*, No. 5:20-CV-46-M, 2020 WL 2543787, at *2 (E.D.N.C. May 19, 2020); *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291 (W.D.N.C. 2019), aff'd, 845 F. App'x 205 (4th Cir. 2021); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *1–2 (E.D.N.C. Mar. 15, 2011). As discussed above, the term sheet consists of confidential business and financial information and trade secrets that could harm both Defendants and their financing partner if made public.

Review *in camera*, by the Court alone, is appropriate because the term sheet contains trade secrets, including business plans and strategies of Defendants and the financing partner, which federal law protects. *See* 18 U.S.C. §§ 1835, 1839(3) (Defense of Trade Secrets Act). The business strategies and techniques that are embodied in the term sheet meet the definition of trade secrets in federal law; they are business information that their owner has taken reasonable care to keep secret and that derive independent economic value from not being generally known or readily ascertainable by other means. 18 U.S.C. § 1839(3). And the Fourth Circuit has expressly observed that trade secrets are among the categories of materials for which *in camera* review is proper. *See ACLU v. Holder*, 673 F.3d 245, 257 (4th Cir. 2011).

For these reasons, Defendants respectfully move the Court for leave to submit the term sheet under seal for *in camera* review.

Respectfully submitted,

| | |
|---|---|
| */s/ Steven R. Ruby* | */s/ H. Rodgin Cohen* |
| Steven R. Ruby (WVSB #10752) | H. Rodgin Cohen (WVSB #767) |
| Raymond S. Franks II (WVSB #6523) | Robert L. Jones IV (*pro hac vice*) |
| David R. Pogue (WVSB #10806) | SULLIVAN & CROMWELL LLP |
| CAREY DOUGLAS KESSLER & RUBY PLLC | 125 Broad Street |
| | New York, New York 10004 |
| 901 Chase Tower, 707 Virginia Street, East | Telephone:  (212) 558-4000 |
| P.O. Box 913 | cohenhr@sullcrom.com |
| Charleston, WV 25323 | jonesrob@sullcrom.com |
| Telephone: (304) 345-1234 | |
| Facsimile: (304) 342-1105 | Amanda Flug Davidoff (*pro hac vice*) |
| sruby@cdkrlaw.com | Oliver W. Engebretson-Schooley (*pro hac vice*) |
| rfranks@cdkrlaw.com | 1700 New York Avenue, N.W. |
| drpogue@cdkrlaw.com | Suite 700 |
| | Washington, D.C. 20006 |
| | Telephone:  (202) 956-7500 |
| | davidoffa@sullcrom.com |
| | engebretsono@sullcrom.com |

**CERTIFICATE OF SERVICE**

The foregoing document was served upon counsel of record by means of the Court's CM/ECF

filing system on May 23, 2026.

/s/ Steven R. Ruby
Steven R. Ruby