# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**WHITE SULPHUR SPRINGS HOLDINGS,**
**LLC**, a Texas limited liability company,

     *Plaintiff*,

**v.**                                        Civil Action No. 5:26-cv-00257
                                       Hon. Frank W. Volk

**JAMES C. JUSTICE, II**, individually;
**CATHY L. JUSTICE**, individually;
**JAMES C. JUSTICE, III**, individually;
**GREENBRIER HOTEL CORPORATION**, a
West Virginia corporation;
**GREENBRIER MEDICAL INSTITUTE, LLC**, a
West Virginia limited liability company;
**OAKHURST CLUB, LLC**, a West Virginia
limited liability company;
**GREENBRIER GOLF AND TENNIS CLUB**
**CORPORATION**, a West Virginia corporation;
**GREENBRIER LEGACY COTTAGE**
**DEVELOPMENT COMPANY I, INC.** a West
Virginia corporation; and
**GREENBRIER LEGACY COTTAGE**
**DEVELOPMENT COMPANY II, INC.**, a West
Virginia corporation,

     *Defendants*.

## DECLARATION OF STEVEN R. RUBY

I, Steven R. Ruby, declare as follows:

     1.     I am outside counsel to the Defendants in this case. In that capacity, I have communicated with the financing partner (the "Financing Partner") with whom the Defendants have entered into the term sheet that is addressed in the Supplemental Memorandum of Law filed contemporaneously herewith.

2.    The Financing Partner has informed me as follows:

3.    The commercial terms in the Financing Partner's term sheet with the Defendants (the "Term Sheet")—that is, terms such as interest rates, loan maturity periods, repayment structures, fee structures, governance, guaranties, minimum returns, and similar information that has been redacted in the version of the term sheet filed contemporaneously herewith—are information of a type that is normally kept confidential in the financing industry in which the Financing Partner participates.

4.    Those commercial terms are also commercially sensitive information that has independent economic value for the Financing Partner.

5.    The Financing Partner is in the business of engaging in financing transactions, and it regularly engages in and considers engaging in financing transactions with a wide variety of counterparties.

6.    The Financing Partner competes with other companies that are also engaged in the business of providing financing.

7.    The commercial terms that a financing company such as the Financing Partner uses in the transactions in which it participates are essential to its business strategy. The confidentiality of those terms has independent economic value just as the confidentiality of a secret recipe used by a food or beverage manufacturer has independent economic value.

8.    If the redacted terms in the redacted Term Sheet were publicly disclosed, they would provide the Financing Partners' future counterparties with information that would not otherwise be available to them and that would give them an unfair advantage in negotiating transactions with the Financing Partner.

2

9.     Disclosure of the redacted terms in the redacted Term Sheet would also provide an unfair advantage to the Financing Partner's competitors.

10.     For example, the redacted terms include the allocation of the total loan commitment among tranches, distribution and waterfall provisions, interest rates, fees, default rates, and other economic and pricing terms.  These terms reveal how the Financing Partner priced the transaction and what economics were required to justify the commitment of capital. Future counterparties could use that information to seek to obtain more favorable terms in transactions with the Financing Partner by demanding terms similar to or superior to the economic and pricing terms contained in the Term Sheet with Defendants.

11.     Similarly, if the Financing Partner's competitors know the economic and pricing terms to which the Financing Partner agreed in the Term Sheet, they can use that information to attempt to provide superior terms to future counterparties with which the Financing Partner seeks to do business. The disclosure of the redacted terms in the redacted Term Sheet therefore would place the Financing Partner at a competitive disadvantage.

12.     The redacted terms also include provisions concerning distribution restrictions and mechanics, waterfall provisions, proceeds-allocation terms, and governance and control rights.  These terms disclose how control, downside protection, and exit optionality were allocated between Defendants and the Financing Partner.  Disclosure of those provisions would also provide future counterparties with a comparator to demand at-least-as-beneficial terms, and would provide competitors sensitive strategic information about how to structure competing proposals for this or future transactions.

13.     The redacted terms also include provisions detailing the structure of the proposed financing, tranche sizes, repayment schedules, and refinancing process.  These terms disclose

3

how the Financing Partner allocated risks over time and the protections that it required to commit funding.  Competitors could use this information to undercut the Financing Partner in competing for future financing arrangements, and future counterparties can demand similar terms, or use the information about the Financing Partner's risk appetite in an attempt to gain a negotiating advantage.

14.     Finally, the redacted terms concern sensitive guarantor and security provisions. Competing lenders could similarly use those details to undercut the Financing Partner in competing for future financing arrangements.  Publicly disclosing details about the collateral structure could also reveal potential pressure points to competitors and counterparties about the Financing Partner's credit exposure that those competitors and counterparties may attempt to use as a negotiating advantage.

15.     The commercial sensitivity of the above-discussed terms will persist even after the transaction embodied in the Term Sheet is consummated.

 FURTHER your Declarant sayeth naught.

_____
Steven R. Ruby

4