**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

| | | |
|---|---|---|
| WHITE SULPHUR SPRINGS HOLDINGS, LLC <br> a Texas Limited Liability Company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. 5:26-cv-00257 <br> The Honorable Frank W. Volk |
| JAMES C. JUSTICE, II, Individually; <br> CATHY L. JUSTICE, Individually; <br> JAMES C. JUSTICE, III, Individually; <br> GREENBRIER HOTEL CORPORATION, <br> a West Virginia Corporation; <br> GREENBRIER MEDICAL INSTITUTE, LLC, <br> a West Virginia Limited Liability Company; <br> OAKHURST CLUB, LLC, <br> a West Virginia Limited Liability Company; <br> GREENBRIER GOLF AND TENNIS <br> CLUB CORPORATION, <br> a West Virginia Corporation; <br> GREENBRIER LEGACY COTTAGE <br> DEVELOPMENT COMPANY I, Inc., <br> a West Virginia Corporation; <br> GREENBRIER LEGACY COTTAGE <br> DEVELOPMENT II, Inc., <br> a West Virginia Corporation. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO SUBMIT TERM SHEET UNDER SEAL FOR IN CAMERA REVIEW**

Throughout this litigation, Defendants have consistently taken the position that they owe

White Sulphur Springs Holdings, LLC ("WSSH") nothing because WSSH does not validly own

the Judgments at issue. Now, Defendants seek a continuance of up to 60 days on the basis they

have a signed term sheet for the purpose of satisfying those same contested Judgments in full. But

this is not a situation where Defendants came to WSSH, provided WSSH transparency into the

terms and status of the supposed refinancing, and then asked WSSH to agree to a continuance.

1

Rather, Defendants request a continuance on the basis of a signed term sheet that they seek to substantively hide from WSSH. Defendants cannot simultaneously rely upon the term sheet as affirmative evidence intended to defeat WSSH's claims while simultaneously depriving WSSH a meaningful opportunity to test its enforceability, conditions precedent, contingencies, and financing certainty.

Accordingly, this Court should deny Defendants' motion. First, Defendants have failed to identify with specificity those specific portions of the term sheet which constitute trade secrets or to explain in detail how each portion satisfies the independent economic value requirement. Instead, Defendants cite hornbook case law and then provide sweeping and speculative assertions about alleged competitive harm. Second, Defendants are contractually obligated to provide this information to WSSH under the Fourteenth Amended and Restated Forbearance Agreement ("14th FBA") dated and effective February 28, 2026. Third, Defendants have over-redacted the term sheet, going so far as to redact even category headings for the type of information being withheld. WSSH is simply not in a position to analyze whether these are legitimate redactions when it has no way of even knowing the type of information that Defendants seek to hide from disclosure. Fourth, WSSH has made clear that it will agree to review the term sheet pursuant to a confidentiality agreement, which is a less restrictive alternative to *in camera* review. Finally, the information that has been provided in the redacted term sheet makes clear that the alleged financing is at best in its infancy and in no way constitutes the "credible" and "real" financing that Defendants represent in their pleadings as a basis for a continuance.

## A. Defendants' Arguments Do No Satisfy the Independent Economic Value Requirement.

This Court ordered Defendants to file a redacted term sheet and supplemental memorandum of law identifying the specific portions of the term sheet which they contend

constitutes trade secrets and how each withheld portion satisfies the independent economic value requirement.  In response, Defendants redacted substantial portions of the term sheet, including in some cases entire category headings, and then provided declarations from counsel that largely reiterate the same justification for *in camera* review that this Court initially found lacking. Memorandum Opinion and Order dated May 5, 2026, at 7-8 (ECF No. 69).

For example, while Defendants assert that revealing the economic and pricing terms contained within the term sheet would provide its unnamed competitors the opportunity to "provide superior terms to future counterparties with which the Financing Partner seeks to do business," (ECF No. 73-2), Defendants identity no actual competitors, no actual competitor transactions, no ongoing auction processes, and no specific evidence of imminent competitive injury.  Generic assertions of potential future negotiations are insufficient to justify withholding evidence from a litigant in the adversarial process.  *Reuschel v. Chancellor Senior Mgmt., Ltd.*, No. 5:22-CV-00279, 2024 WL 2864094, at *3 (S.D.W. Va. June 6, 2024) (Volk, C.J.) (denying motion to seal despite the plaintiff claiming that disclosure would provide competitors with an unfair business advantage and cause substantial economic harm because the plaintiff failed to explain how the confidential information gives plaintiff a "competitive advantage" and how disclosure would cause plaintiff "irreparable harm"); *see also In re Xyrem (Sodium Oxybate) Antitrust Litig., 789 F. Supp. 3d 760, 770 (N.D. Cal. 2025)*( "[T]he risk of competitive harm in future negotiations . . . is not, standing alone, sufficient to seal the material.").  Here, Defendants have never even suggested that disclosure will cause their financing partner to abandon the transaction, negating any finding of "imminent harm."

Additionally, the cases Defendants rely upon in their supplemental memorandum of law are not on point to the requested relief. Several cases cited by Defendants concern sealing

3

confidential information from the public – not precluding an opposing party from reviewing substantive evidence altogether.  *See, e.g., Sheridan v. Ally Fin., Inc.,* No. 5:23-cv-00616, 2025 U.S. Dist. LEXIS 69738 (S.D. W. Va. April 11, 2025) (Volk, J.)(sealing portion of opening brief and exhibits from public disclosure); *Komatsu Fin. Ltd. P'ship v. Kirby Land Co.*, 2023 U.S. Dist. LEXIS 206427, at *5 (S.D. W. Va. Nov. 17, 2023) (Volk, J.) (same).  Further, Defendants rely upon cases that discuss term sheets in the context of settlement agreements and not financing. *See, e.g.*, *TMM Data, LLC v. Braganza*, No. 5:14-CV-729-FL, 2016 WL 2732184, at *1 (E.D.N.C. May 10, 2016) (discussing confidential business information in a term sheet in the context of a proposed settlement and a motion for voluntary dismissal pending before the court).

Defendants also cite to *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004), to argue that "Courts in this Circuit regularly protect information from adversaries[.]" (ECF No. 73 at 2). However, unlike WSSH, Pittson already had access to the documents covered by the protective order and it agreed to sealing the documents at issue. *Id.* at 406.  Accordingly, *Pittson* provides no support for Defendants' position that this Court regularly protects information from opposing parties. Defendants have failed to establish their burden for redacting this information from the public, much less an opposing party in an adversarial proceeding.

Defendants have failed to meet their burden of demonstrating that an "exceptional circumstance" is present to support the Court's sealing of the term sheet. L.R. Civ. P. 26.4(c)(2); *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (stating that "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances' ").

**B. Defendants Are Contractually Required to Provide This Information to WSSH Under the 14th FBA.**

Under the 14th FBA[1], Defendants are required to provide WSSH complete and immediate transparency into the status of any refinancing efforts. (14th FBA, § 7(l)).  This provision requires Defendants to provide WSSH "complete and immediate visibility, data, information, and requested documentation regarding (a) the status of any refinancing and/or refinancing efforts and/or any sale efforts by any of the Justice Entities with respect to any indebtedness, liabilities and/or obligations owed by any of the Justice Entities to [WSSH]." (*Id.*) Defendants are already contractually obligated to provide the term sheet to WSSH.  There is simply no justification to withhold the term sheet from WSSH in this litigation in violation of their existing contractual obligations.

**C. Defendants' Excessive Redactions Prevent WSSH From Evaluating Their Legal Justifications.**

WSSH is simply not in a position to test the validity of Defendants' arguments that the redacted information contains legitimate trade secrets and satisfies the independent economic value requirement because it does not know what information Defendants seek to withhold. Defendants have redacted large swaths of information within the term sheet, in some cases even redacting the Transaction Summary heading which would at minimum provide WSSH with the type of information redacted.  Whether Defendants have discharged their burden respecting the independent economic value requirement is a fact-intensive inquiry.  Here, Defendants' excessive redactions prevent WSSH from even undertaking that analysis, especially when Defendants propose redacting even the category of information that is being withheld.

---

[1] The 14th FBA is Exhibit A to WSSH's Amended Complaint.

Courts favor much narrower redactions than what Defendants have attempted. *See Rothman v. Snyder*, 8:20-CV-03290, 2020 WL 7395488, at *4 (D. Md. Dec. 17, 2020) (only redacting references to terms of a confidential proposal, such as the identity of the proposed purchasers, because disclosure of such information could jeopardize the potential transaction); *Hutton v. Hydra-Tech, Inc.*, No. 1:14CV888, 2018 WL 1363842, at *9 (M.D.N.C. Mar. 15, 2018) (approving only the narrow redaction of an asset purchase agreement, namely, the specific purchase price and the difference between the purchase price and the appraised book value of the assets). Here, Defendants redactions are far more reaching and should be rejected by the Court.

### D. WSSH Will Agree to a Confidentiality Order, Which Mitigates Defendants' Alleged Concerns.

Even assuming some confidentiality interest exists, withholding the term sheet in its entirety from WSSH is not narrowly tailored. WSSH has made clear that it will agree to review the term sheet subject to a protective order, which would adequately protect any legitimate commercial interests while preserving adversarial fairness. *Prepared Food Photos Inc. v. Epic Sols. LLC*, No. CV 3:22-00037, 2024 WL 4904680, at *3 (W.D. La. July 31, 2024) (denying motion for in camera inspection of documents constituting trade secrets because "[w]ith an eye to judicial economy and the parties' interests, production shielded by the Protective Order is [] preferrable to in camera review"). To the extent Defendants argue that WSSH is a competitor that should also be precluded from viewing the term sheet, it is worth noting that neither the Declaration of Steve Ruby nor the Declaration of James C. Justice, III attest that WSSH is one of the competitors which would gain an unfair competitive advantage if it viewed the term sheet.

**E.  The Limited Information in the Term Sheet Available to WSSH Makes Clear a Stay is Not Warranted.**

The limited unredacted provisions of the Non-Binding Term Sheet evidence the highly speculative nature of this proposed refinancing.  There is no closing or drop-dead date established.  And as one would expect with a loan of this magnitude, the term sheet anticipates extensive due diligence that could take several months to complete with a complex asset like The Greenbrier and its related property and operations.  This is inconsistent with Defendants' assertion that they "expect" to close on this transaction within 45 days.

Further, to pay off known creditors having liens on The Greenbrier Collateral alone will require over $420,000.000.  This begs the question as to whether a possible $500,000,000 loan is sufficient to resolve all The Greenbrier's financial problems, as Defendants suggest.  Moreover, once the full magnitude of The Greenbrier debts, deferred maintenance and capital expenditure deficiencies are uncovered in due diligence, WSSH believes there is a significant probability that the lender will simply walk away from this transaction without liability.  And under the Term Sheet, Defendants would be prohibited from exploring other exit strategies for at least a 45-day period.

In short, Defendants have identified a partner who has agreed to conduct due diligence and who has made clear it can walk away at any time, for any reason, without consequence.  This is a far cry from Defendants securing financing to satisfy their indebtedness to WSSH in full.  As evidenced by the fact that Defendants were on their 14th Forbearance Agreement, the promise of refinancing is not new to these Defendants and does not justify a continuance here.

For the reasons set forth herein, WSSH opposes Defendants' Motion for Leave to File the Term Sheet Under Seal for In Camera Review.

Respectfully submitted,

**WHITE SULPHUR SPRINGS
HOLDINGS, LLC**

By counsel,

/s/ *Seth P. Hayes*

Seth P. Hayes, Esq. (WVSB #10381)
Zachary H. Warder, Esq. (WVSB #13566)
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
Zachary.warder@jacksonkelly.com

and

Ellen Cappellanti, Esq. (WVSB #627)
Albert F. Sebok, Esq. (WVSB #4722)
Elizabeth B. Elmore (WVSB #6061)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

WHITE SULPHUR SPRINGS HOLDINGS, LLC )
a Texas Limited Liability Company, )
                                   )
            Plaintiff, )
                                   )
v. )      Case No. 5:26-cv-00257
                                   )      The Honorable Frank W. Volk
JAMES C. JUSTICE, II, Individually; )
CATHY L. JUSTICE, Individually; )
JAMES C. JUSTICE, III, Individually; )
GREENBRIER HOTEL CORPORATION, )
a West Virginia Corporation; )
GREENBRIER MEDICAL INSTITUTE, LLC, )
a West Virginia Limited Liability Company; )
OAKHURST CLUB, LLC, )
a West Virginia Limited Liability Company; )
GREENBRIER GOLF AND TENNIS )
CLUB CORPORATION, )
a West Virginia Corporation; )
GREENBRIER LEGACY COTTAGE )
DEVELOPMENT COMPANY I, Inc., )
a West Virginia Corporation; )
GREENBRIER LEGACY COTTAGE )
DEVELOPMENT II, Inc., )
a West Virginia Corporation. )
                                   )
           Defendants. )

**CERTIFICATE OF SERVICE**

I, Seth P. Hayes, certify that on the 28th day of May, 2026, the foregoing Plaintiffs'

Response in Opposition to Defendants' Motion to File Term Sheet Under Seal for In Camera

Review was filed using the Court's CM/ECF system. Counsel of record will be served by the

Court's CM/ECF system as follows:

9

Steven R. Ruby, Esquire
Raymond S. Franks II, Esquire
David R. Pogue, Esquire
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

H. Rodgin Cohen, Esquire
Robert L. Jones IV, Esquire
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff, Esquire
Oliver W. Engebretson-Schooley, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

/s/ *Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB # 10381)