# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

WHITE SULPHUR SPRINGS HOLDINGS, LLC,

    Plaintiff,

v.

JAMES C. JUSTICE, II, *et al.*,

    Defendants.

Civil Case No. 5:26-cv-00257

Hon. Frank W. Volk

## REPLY IN SUPPORT OF
## <u>DEFENDANTS' AMENDED MOTION TO STAY</u>

# TABLE OF CONTENTS

                                                                             **Page**

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT .............................................................................................................3

I.     *LANDIS* PROVIDES AN INDEPENDENT BASIS FOR THIS COURT TO STAY PROCEEDINGS...................................................................3

II.    WSSH'S RESPONSE CONFIRMS THAT AN EQUITABLE STAY IS APPROPRIATE HERE .................................................................5

       A.     Judicial Economy Favors a Stay ...............................................................5

       B.     Defendants Face Severe Prejudice Absent a Stay.....................................6

       C.     WSSH Will Suffer No Prejudice from a Stay............................................8

       D.     The Merits to Be Addressed in the State-Court Proceeding Are Inapposite ...........9

CONCLUSION.........................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*Colo. River Water Conservation Dist.* v. *United States*,
424 U.S. 800 (1976)..........................................................................................1, 3

*Fortiline Inc.* v. *STAline Waterworks Inc.*,
2025 WL 1133159 (D.S.C. Apr. 17, 2025)..........................................................4, 6, 9

*Godfrey* v. *United States*,
2025 WL 3129298 (S.D.W. Va. Nov. 7, 2025) .........................................................5

*Goldberg* v. *Kaczmarek*,
2025 WL 3227346 (D. Md. Nov. 19, 2025) ..........................................................6, 7

*Greenbrier Hotel Corp.* v. *TRT Holdings, Inc.*,
Case No. CC-13-2026-C-51 (Cir. Ct. Greenbrier Cnty.)...........................................6

*Kimery* v. *Broken Arrow Pub. Schs.*,
2011 WL 2912696 (N.D. Okla. July 18, 2011) .........................................................4

*Landis* v. *N. Am. Co.*,
299 U.S. 248 (1936)...........................................................................................1, 3

*McLaughlin* v. *United Va. Bank*,
955 F.2d 930 (4th Cir. 1992) ...............................................................................1, 3

*MS Amlin Corp. Member, Ltd.* v. *Bottini*,
2020 WL 5966612 (S.D. Cal. Oct. 8, 2020) ..........................................................9, 10

*Mullis* v. *Mountain State Univ., Inc.*,
2014 WL 5465749 (S.D.W. Va. Oct. 28, 2014) ....................................................4, 5, 6

*NSK Corp.* v. *United States*,
36 Ct. Int'l Trade 851 (2012)....................................................................................6

*Prepared Food Photos, Inc.* v. *N & K Foods, Inc.*,
2023 WL 2652270 (D. Md. Mar. 27, 2023)................................................................8

*Rosenbauer Am., LLC* v. *Advantech Serv. & Parts, LLC*,
437 F. Supp. 2d 1081 (D.S.D. 2006) .........................................................................4

*Salomon & Ludwin, LLC* v. *Winters*,
150 F.4th 268 (4th Cir. 2025) ...................................................................................7

*Stinnie* v. *Holcomb*,
  396 F. Supp. 3d 653 (W.D. Va. 2019) ................................................................................6

*Tastee Treats, Inc.* v. *U.S. Fid. & Guar. Co.*,
  2009 WL 37188 (S.D.W. Va. Jan. 7, 2009)......................................................................2, 4

*Third Church of Christ, Scientist* v. *D.C. Historic Pres. Rev. Bd.*,
  2010 WL 11707256 (D.D.C. Jan. 5, 2010)...........................................................................4

*Wells Fargo Bank, Nat'l Ass'n* v. *Patel*,
  2025 WL 844161 (S.D.N.Y. Mar. 18, 2025) ....................................................................3, 4

**PRELIMINARY STATEMENT**

On May 8, 2026, Defendants moved for a temporary stay of this action pending resolution of a related case in the Circuit Court for Greenbrier County that could moot this action. (*See* ECF No. 45 ("Stay Mem.").) Defendants explained that this Court has broad discretion to stay proceedings pending related state-court litigation and that the equitable factors derived from *Landis* v. *North American Co.*, 299 U.S. 248 (1936)—judicial economy, hardship to Defendants absent a stay, and lack of prejudice to Plaintiff White Sulphur Springs Holdings, LLC ("WSSH") if a stay is granted—weigh strongly in favor of the requested stay here. (Stay Mem. at 12–19.) WSSH barely mentions those factors in its opposition. WSSH instead spends nearly all of its brief responding to an argument that Defendants never raised—abstention under *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800 (1976). (*See* ECF No. 60 ("Stay Resp.") at 5–13.) But the *Colorado River* abstention doctrine is not relevant to Defendants' motion, which is why Defendants did not ask this Court to address it. As the Fourth Circuit has made clear, *Colorado River* abstention and a district court's inherent equitable powers provide *alternative* grounds to stay a federal action. *See McLaughlin* v. *United Va. Bank*, 955 F.2d 930, 936 (4th Cir. 1992).

As Defendants demonstrated in their opening brief, all three *Landis* factors strongly favor the requested temporary stay here. (*See* Stay Mem. at 12–19.)

*First*, judicial economy favors a brief stay while the Circuit Court evaluates whether WSSH even validly owns the loans at issue (the "Loans") and thus has the ability to pursue the extreme equitable remedies it seeks. WSSH is wrong that a stay would waste resources expended on this case to date. If WSSH prevails in state court on the question of whether it owns the Loans (and if Defendants have not by then retired the loans), the parties can pick up where they left off before

the stay, with nothing wasted.  If WSSH does not prevail, the absence of a stay will result in even more resources being wasted.

*Second*, moving forward with an extraordinary receivership proceeding severely harms Defendants by creating a cloud of uncertainty over The Greenbrier's going forward business, thereby degrading its value.  WSSH does not even attempt to dispute that its pursuit of a receivership harms Defendants by harming The Greenbrier and its associated properties.

*Finally*, WSSH will not be harmed by a stay because, among other reasons, WSSH has presented no evidence of an actual "emergency" warranting immediate relief, and the value of The Greenbrier and associated properties so far exceeds the value of the outstanding Loans that there is no realistic chance that whoever owns the Loans will not be fully repaid.  Beyond repeating—without evidence—that Defendants are diminishing the value of The Greenbrier, WSSH has no response.  It does not even attempt to show how it will be harmed by a temporary stay.  That is because no such evidence exists.  In fact, a temporary stay removing the imminent threat of a federal receiver would help WSSH, if it prevails in state court, by preserving the value of The Greenbrier.

In short, WSSH has not confronted the key reasons for a stay:  to avoid unnecessary proceedings in this Court and end the daily harm WSSH is doing to Defendants and the Greenbrier—all at no risk or cost to WSSH.  Indeed, ensuring that The Greenbrier and its associated properties continue to operate at a profit and free from control of a federal receiver best protects WSSH and its purported interests in the Loans.  This is precisely the situation in which a court should invoke its inherent authority to temporarily stay proceedings.  *See Tastee Treats, Inc.* v. *U.S. Fid. & Guar. Co.*, 2009 WL 37188, at *2 (S.D.W. Va. Jan. 7, 2009) (staying federal case

pending resolution of state-court action that could "narrow the issues in the present action considerably"). The Court should grant Defendants' amended motion to stay.

**ARGUMENT**

## I. *LANDIS* PROVIDES AN INDEPENDENT BASIS FOR THIS COURT TO STAY PROCEEDINGS.

WSSH insists that "*Colorado River* and its progeny provide the proper framework to guide the Court's analysis." (Stay Resp. at 6.) That is wrong.

Under *Colorado River*, a federal court may, in extraordinary circumstances, abstain entirely and dismiss or stay a federal action when there are parallel proceedings raising identical issues in state court. *See* 424 U.S. at 818 (discussing factors used to assess "appropriateness of dismissal"). But a federal court's authority to stay proceedings is not limited to the exceptional circumstances addressed by *Colorado River*. Courts also have a generally applicable "power to stay proceedings" that "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. As the Fourth Circuit has recognized, that power exists even when *Colorado River* abstention does not apply. *See McLaughlin*, 955 F.2d at 936 ("Our decision that the *Colorado River* exception . . . should not be applied in this case is not intended to suggest to the district court the future course of events in this litigation. We leave open . . . whether an equitable stay is nevertheless appropriate on remand.").

Numerous district courts have invoked their inherent authority to grant an equitable stay even after determining that *Colorado River* abstention does not apply. "Even where a Court may not abstain under *Colorado River*, it may, in the exercise of its discretion, stay proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." *Wells Fargo Bank, Nat'l*

-3-

*Ass'n* v. *Patel*, 2025 WL 844161, at *9 (S.D.N.Y. Mar. 18, 2025) (internal quotation marks and brackets omitted); *see, e.g.*, *Rosenbauer Am., LLC* v. *Advantech Serv. & Parts, LLC*, 437 F. Supp. 2d 1081, 1084 (D.S.D. 2006) (granting equitable stay and noting that "inapplicability of abstention doctrines in this case does not preclude a stay"); *Kimery* v. *Broken Arrow Pub. Schs.*, 2011 WL 2912696, at *4, *6 (N.D. Okla. July 18, 2011) (granting equitable stay and noting that "[i]n addition to abstention doctrines, district courts also have a more general discretion to defer proceedings pending an outcome in another forum"); *Third Church of Christ, Scientist* v. *D.C. Historic Pres. Rev. Bd.*, 2010 WL 11707256, at *2 (D.D.C. Jan. 5, 2010) (granting equitable stay even when *Colorado River* abstention was inapplicable).

Additionally, courts in this Circuit regularly exercise their inherent power to stay proceedings "to hold an action in abeyance pending the resolution of a related state court action"— without ever considering whether *Colorado River* abstention applies—including where the related state-court proceeding could narrow or resolve the need for the federal action. *Tastee Treats, Inc.*, 2009 WL 37188, at *1; *see Mullis* v. *Mountain State Univ., Inc.*, 2014 WL 5465749, at *1–2 (S.D.W. Va. Oct. 28, 2014); *Fortiline Inc.* v. *STAline Waterworks Inc.*, 2025 WL 1133159, at *1– 2 (D.S.C. Apr. 17, 2025). Defendants cited these authorities in their motion (*see* Stay Mem. at 12– 15), making WSSH's failure to address them—in favor of nearly ten pages of irrelevant discussion about *Colorado River* abstention—all the more remarkable.

Whether the moving party raises or can satisfy *Colorado River* does not deprive this Court of its inherent authority to issue a temporary stay. *Landis* therefore provides a proper framework for the Court's analysis.

## II. WSSH'S RESPONSE CONFIRMS THAT AN EQUITABLE STAY IS WARRANTED.

Under *Landis*, the Court considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *E.g.*, *Godfrey* v. *United States*, 2025 WL 3129298, at *1 (S.D.W. Va. Nov. 7, 2025) (citation omitted); *see Mullis*, 2014 WL 5465749, at *1–2 (applying factors and granting stay pending state-court settlement decision). As Defendants explained in their motion, all three factors favor a stay pending the outcome of the Circuit Court proceedings. (*See* Stay Mem. at 12–19.) WSSH fails to show otherwise. Regarding judicial economy, WSSH focuses on resources already expended. But this ignores the real question—whether judicial and party resources should *continue* to be dedicated to a case that may be rendered moot by the state-court proceedings. Regarding prejudice to Defendants, WSSH does not dispute that this lawsuit is harming The Greenbrier and its associated properties, and instead refers only to the merits of the state-court action, which actually support Defendants—and also are not relevant under *Landis*. Finally, WSSH does not show how it will be harmed by a temporary stay. That is because it will not be harmed. The exact opposite: a temporary stay would help WSSH by preserving the value of The Greenbrier.

### A. Judicial Economy Favors a Stay.

Judicial economy favors a temporary stay to prevent potentially unnecessary and duplicative litigation, as well as the risk of conflicting decisions. WSSH ignores those risks, focusing instead only on the "significant resources already expended"—costs incurred only because WSSH initiated this baseless action seeking expansive equitable relief. (Stay Resp. at 13.) But that is nothing more than the sunk-cost fallacy. To preserve judicial economy, courts consider whether a stay would "prevent potentially unnecessary litigation" going forward. *Mullis*, 2014

WL 5465749, at *2; *see Stinnie* v. *Holcomb*, 396 F. Supp. 3d 653, 660–61 (W.D. Va. 2019) (granting stay despite already "long, contentious, and no doubt costly" litigation when court's decision could be rendered moot by legislative action); *see also NSK Corp.* v. *United States*, 36 Ct. Int'l Trade 851, 854 (2012) (granting stay even when case was "awaiting the court's judgment" and noting that "advanced stage of [the] litigation does not preclude a stay"). Contrary to WSSH's claim, a stay would not "discard the parties' and the Court's efforts to date." (Stay Resp. at 13.) Defendants seek only a temporary stay pending resolution of the state-court proceedings—not dismissal. If WSSH ultimately prevails in state court, this action can resume with the parties' efforts to date intact.

But without a stay, proceeding with this action would risk unnecessary litigation and potentially conflicting decisions. Defendants have alleged in state court that WSSH has no rights under the Loans because it did not lawfully purchase them. *See Greenbrier Hotel Corp.* v. *TRT Holdings, Inc.*, Case No. CC-13-2026-C-51 (Cir. Ct. Greenbrier Cnty.). If the Circuit Court agrees and invalidates the sale of the Loans, WSSH will have no right to the remedies it seeks in this action. Therefore, a decision from this Court would unnecessarily adjudicate WSSH's entitlement to remedies that may ultimately prove unavailable altogether, creating "inconsistent rulings and conflicting decisions" between the courts. *Fortiline Inc.*, 2025 WL 1133159, at *2. "A temporary stay will prevent [that] potentially unnecessary litigation and, as a result, is in the interest of judicial economy." *Mullis*, 2014 WL 5465749, at *2.

**B. Defendants Face Severe Prejudice Absent a Stay.**

The imminent threat of severe equitable remedies prejudices Defendants, and WSSH ignores those harms. WSSH seeks a receivership, which is an "extreme" remedy "to be avoided in all but the most acute cases of harm or loss to a demonstrated interest." *Goldberg* v. *Kaczmarek*,

2025 WL 3227346, at *2 (D. Md. Nov. 19, 2025). And WSSH seeks that remedy, as well as preliminary injunctive relief, on an "emergency" basis, demanding appointment of a receiver "as soon as possible." (ECF No. 40 at 19; *see* ECF No. 42 at 16.) The uncertainty caused by the imminent threat of such severe remedies is already damaging Defendants' operation of The Greenbrier. For example, more than 20 businesses and other groups "have contacted The Greenbrier to express concerns about its stability" in the wake of WSSH's lawsuit. (*See* ECF No. 44-3 ("Justice III Decl.") ¶ 48.) Impacts like these damage The Greenbrier's short-term operations and harm its reputation. (*Id.* ¶ 50.) That harm causes Defendants significant prejudice. *Cf. Salomon & Ludwin, LLC* v. *Winters*, 150 F.4th 268, 278 n.7 (4th Cir. 2025) (noting that "lost goodwill, lost customer trust and damage to reputation" are examples of irreparable harm).

WSSH never disputes that harm, and instead argues only that Defendants will suffer no prejudice from denial of a stay because Defendants can assert their claims that WSSH does not validly own the Loans as a defense in this action. (*See* Stay Resp. at 14.) But that misses the point. Defendants do not argue that they will be deprived of their opportunity to assert these claims absent a stay; rather, Defendants are arguing that this Court may not *need* to address them, and that forging ahead as WSSH demands would risk wasted judicial resources, inconsistent rulings, and severe harm to Defendants and their property. To those arguments, WSSH has no response.

WSSH also claims that a stay would harm "the community." (Stay Resp. at 13.) The opposite is true: absent a stay, the prejudice to Defendants will extend to the public. The threat of WSSH's requested relief jeopardizes The Greenbrier's operations, thereby harming its thousands of employees and the property's many patrons and guests. (*See* Justice III Decl. ¶¶ 6, 51–55.) The harm to the public if this action proceeds only compounds the prejudice to Defendants absent a stay.

**C. WSSH Will Suffer No Prejudice from a Stay.**

WSSH's only basis for claiming prejudice from a stay is its repeated, conclusory assertion that the value of "[t]he collateral is diminishing daily." (Stay Resp. at 13.) WSSH provided no support for that assertion when it filed its "emergency" motion for appointment of a receiver, and it provides no support for it now in opposing this request for a temporary stay. As Defendants have explained in detail, there is no risk that WSSH would not be repaid if the Circuit Court concludes WSSH validly owns the Loans because The Greenbrier and other collateral are worth almost three times the debt they secure. (*See* Stay Mem. at 18; ECF No. 61 at 14–15; Justice III Decl. ¶¶ 11, 13.) And WSSH has presented no evidence that Defendants' continued, successful operation of The Greenbrier is somehow devaluing it—let alone jeopardizing the ability of the collateral to secure the value of the Loans. A stay would not "prolong and exacerbate" any harm to The Greenbrier. (Stay Resp. at 13.) On the contrary, as discussed above, a stay would alleviate harm to The Greenbrier, the very asset whose value WSSH claims it seeks to preserve.[1]

As to Defendants' other reasons why WSSH will not be prejudiced by a stay, WSSH never responds. (*See* Stay Mem. at 17–19.) For example, the temporary nature of the stay Defendants seek—only pending the resolution of the state-court action—mitigates any risk of prejudice. *See Prepared Food Photos, Inc.* v. *N & K Foods, Inc.*, 2023 WL 2652270, at *1 (D. Md. Mar. 27, 2023) (finding prejudice to non-moving party "tempered by the fact that the Court will not grant an indefinite stay"). WSSH never explains how a temporary stay, one that this Court could revisit at any time should circumstances change, poses a real risk of prejudice. Further, WSSH is a party

---

[1]  WSSH's claim of prejudice is further undercut by Defendants' new financing, which will permit them to repay the total amount of debt WSSH claims is owed. (*See* ECF No. 58 at 1.) Both the value of the collateral, far in excess of the debt, and Defendants' new financing demonstrate that there is no risk of nonpayment on the Loans.

to the state-court proceedings and can argue that it validly owns the Loans in that forum. Indeed, WSSH has already moved to dismiss that action, and the Greenbrier County court will likely rule on that motion within the next few months. WSSH therefore has not and cannot argue that it would be deprived of any opportunity to present its legal arguments.

**D. The Merits to Be Addressed in the State-Court Proceeding Are Inapposite.**

Finally, WSSH attacks the merits and chosen forum of Defendants' state court-action, asserting that WSSH's claims are "valid and enforceable." (Stay Resp. at 2–3, 14–15.) While those issues are not before this Court, Defendants cannot let these assertions stand. As Defendants will demonstrate to the Circuit Court, WSSH is wrong. It obtained the Loans through fraud and other unlawful means, so it does not validly own them and cannot invoke their waiver and release provisions as a liability shield. (*See id.* at 14–15.) Regarding forum, Defendants' claims arise from a wide-ranging conspiracy involving multiple claims, multiple parties, breaches of multiple agreements, and competing forum-selection clauses that point to different states—or none at all. In these circumstances, a plaintiff must select a forum, and it was appropriate to sue in the West Virginia county where the property at issue is located, and where the Circuit Court can grant complete relief in a single proceeding involving all necessary parties.

WSSH's meritless arguments to the contrary are for the Circuit Court. But in any event, they do not bear on this Court's decision to grant a stay. The merits of the arguments raised in a parallel proceeding are not a factor under *Landis*, and for good reason. A stay is warranted in part by the desire to *avoid* "duplicative litigation" and "potentially inconsistent rulings and conflicting decisions." *Fortiline Inc.*, 2025 WL 1133159, at \*1–2 (citation omitted). Those benefits would be lost if WSSH could litigate in this Court, in response to the motion to stay, defenses to the state-court complaint. *Cf. MS Amlin Corp. Member, Ltd.* v. *Bottini*, 2020 WL 5966612, at \*5–8 (S.D.

Cal. Oct. 8, 2020) (granting stay and rejecting as "not tenable" non-moving party's argument that it would "ultimately prevail" because "the Court cannot make a ruling on the merits at this stage"). Therefore, WSSH's merits arguments are irrelevant to this Court's decision whether to grant a stay.

## CONCLUSION

Because all three *Landis* factors weigh in favor of a stay, Defendants' amended motion to stay should be granted.

Respectfully submitted,

/s/ *Steven R. Ruby*
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

/s/ *H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)
Robert L. Jones IV (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff (*pro hac vice*)
Oliver W. Engebretson-Schooley (*pro hac vice*)
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, the foregoing document was served upon the following counsel by means of the Court's CM/ECF filing system.

Ellen S. Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
ebelmore@jacksonkelly.com

Seth Patrick Hayes, Esq.
Zachary Hanley Warder, Esq.
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

R. Clay Hoblit, Esq.
HOBLIT DARLING RALLS HERNANDEZ
& HUDLOW
802 North Carancahua Street
Suite 2100
Corpus Christi, TX 78401
choblit@hdr-law.com

Charles M. Jones, II
Richard D. Anigian
HAYNES & BOONE
Suite 2300
2801 North Harwood Street
Dallas, TX 75201
charlie.jones@haynesboone.com
rick.anigian@haynesboone.com

Elizabeth B. Elmore
BOWLES RICE MCDAVID GRAFF & LOVE
P.O. Box 1386
Charleston, WV 25325-1386
ebelmore@jacksonkelly.com

Cassandra Lynn Means
John Francis Willems
OFFICE OF THE ATTORNEY GENERAL
State Capitol, Room 435-W
Charleston, WV 25305
cassandra.l.means@wvago.gov
jwillems@wvago.gov

/s/ *H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)