**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

WHITE SULPHUR SPRINGS HOLDINGS, LLC,

     Plaintiff,

v.

JAMES C. JUSTICE, II, *et al.*,

     Defendants.

Civil Case No. 5:26-cv-00257

Hon. Frank W. Volk

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO CONTINUE BRIEFING DEADLINES AND SCHEDULED HEARINGS**

Yesterday evening, nearly two months after Plaintiff first moved for the emergency appointment of a receiver, Plaintiff submitted two lengthy expert reports in support of Plaintiff's motion and proffered these new experts as witnesses at the evidentiary hearing set for next Monday, June 8.  Regardless of whether the Court grants a continuance because of Defendants' new financing, this new submission requires one.  Plaintiff bears the burden at next Monday's hearing to demonstrate that the extraordinary remedy of a receivership is warranted.  It is civil procedure 101 that Plaintiff was required to present its evidence with its motion so that Defendants could respond.  Instead, Plaintiff waited until after Defendants filed their opposition, and just ten days before the hearing on Plaintiff's motion, to disclose two reports spanning over 250 pages purporting to opine on the value of The Greenbrier and Defendants' other related assets.  As of this morning, Plaintiffs still have not disclosed any of the supporting materials for those reports.  This attempted ambush should be stopped in its tracks.  Defendants must have full disclosure of

the relevant analyses and sufficient time to test Plaintiff's expert evidence and develop rebuttal expert testimony.  Plaintiff's actions require a continuance of the June 8 hearing.

Plaintiff first filed this action on April 9, 2026, at least two months after it began negotiating to buy the loans at issue.  Plaintiff filed an emergency motion for appointment of a receiver four days later.  (ECF No. 6.)  Plaintiff attached no exhibits to its motion, and made no mention of expert testimony in support of its request for relief.  After the Court set a briefing schedule and set the motion for a hearing, Plaintiff told Defendants it intended to amend its complaint and motion and proposed an extension to the schedule.  The Court set new briefing deadlines and rescheduled the evidentiary hearing for June 8, 2026.  (ECF No. 35.)  Plaintiff filed its amended motion on May 1, 2026.  (ECF No. 39.)  Plaintiff again attached no exhibits concerning the purported value of The Greenbrier or other collateral at issue, and again made no mention of expert testimony.  On May 22, 2026, Defendants filed their opposition, arguing that Plaintiff had failed to carry its burden to present evidence that a receivership is warranted, and noting that the most recent valuations performed by a third-party valuation firm determined that the collateral on the disputed loans far exceeded the outstanding loan amount.  (ECF No. 61.)  That same day, Defendants also moved for a brief continuance because Defendants had entered into an agreement with a financing partner for new financing that would render this action moot.  (ECF No. 58.)  Plaintiff opposed that request, but again made no mention to Defendants or the Court that it was preparing expert testimony.  (ECF No. 63.)

Apparently Plaintiff was withholding its evidence for the last minute.  Last evening, and without any prior notice, Plaintiff attached to its reply brief reports from two experts opining on the value of the collateral over which Plaintiffs seek a receivership.  The first, a report by Mark Dunec, purports to opine on whether The Greenbrier is "at risk of diminution in value," and

disputes the accuracy of the prior valuations that Defendants included with their opposition. (ECF No. 77-1, Ex. 1 at 3.) Mr. Dunec's report spans 161 pages including exhibits and appendices, and the report includes multiple cash-flow models for which Plaintiff has provided no backup materials or data (other than to state that certain analyses are based on an "Excel file" provided by state-court defendant Carter Bank (*e.g. id.* at 134 n.17)). The second, a report by Brian Ong, spans over 100 pages inclusive of exhibits and presents several opinions on The Greenbrier's cash flows and ability to satisfy the outstanding debt. (*See* ECF No. 77-2.) The report claims those conclusions are based on **over 1,500 documents**—most of which have non-descript names, and none of which has been provided to Defendants with Mr. Ong's report. (*Id.*, Ex. 2.) This brazen disregard for the most basic principles of fairness and disclosure in expert witness practice deprives Defendants of any semblance of due process.

It is undisputed that Plaintiff bears the burden to present evidence in support of its motion for a receivership. *Goldberg* v. *Kaczmarek*, 2025 WL 3227346, at *1 (D. Md. Nov. 19, 2025). Plaintiff was therefore obligated to present any such evidence, including any expert testimony that it intended to rely on, when it filed its motion on May 1, 2026, so that Defendants could develop any rebuttal expert testimony in response—not for weeks later, after Defendants filed their opposition, and just 10 days before the scheduled evidentiary hearing. Plaintiff's failure to do so more than provides the necessary good cause to extend the briefing schedule and continue the scheduled hearings. *See Rutecki* v. *CSX Hotels, Inc.*, 2007 WL 128829, at *1 (S.D.W. Va. Jan. 12, 2007) ("By the extremely untimely disclosure, Plaintiff has neither given Defendant a sufficient opportunity to depose her proposed expert, nor given Defendant the opportunity to retain an expert of its own to address the issues raised in her report."). Regardless of whether the Court concludes that a continuance is warranted because Defendants have reached an agreement for new financing,

in light of Plaintiff's actions yesterday, a continuance is now necessary so that Defendants have an opportunity to prepare their defense consistent with fundamental principles of fairness and due process.

Defendants respectfully request that the Court, at a minimum:  (i) order Plaintiff to immediately provide to Defendants all of the data and documents that each expert relied upon in preparing his report; (ii) set a new deadline of July 2, 2026, for Defendants to submit rebuttal expert reports—which gives them half the time (two months) Plaintiff has taken since filing this action to prepare its affirmative expert testimony; (iii) permit the parties to depose each side's experts by July 17, 2026; and (iv) continue the evidentiary hearing to the week of July 27, 2026.

Plaintiff brought this result upon itself.  The Court should not permit Plaintiff to benefit from its untimely disclosures and should grant the continuance necessary to ensure a fair and orderly proceeding.

Dated:  May 30, 2026

Respectfully submitted,

/s/ Steven R. Ruby
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

/s/ H. Rodgin Cohen
H. Rodgin Cohen (WVSB #767)
Robert L. Jones IV (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff (*pro hac vice*)
Oliver W. Engebretson-Schooley (*pro hac vice*)
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone:  (202) 956-7500

-5-

davidoffa@sullcrom.com
engebretsono@sullcrom.com


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2026, the foregoing document was served upon the following counsel by means of the Court's CM/ECF filing system.

Ellen S. Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
ebelmore@jacksonkelly.com

Seth Patrick Hayes, Esq.
Zachary Hanley Warder, Esq.
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

R. Clay Hoblit, Esq.
HOBLIT DARLING RALLS HERNANDEZ
& HUDLOW
802 North Carancahua Street
Suite 2100
Corpus Christi, TX 78401
choblit@hdr-law.com

Charles M. Jones, II
Richard D. Anigian
HAYNES & BOONE
Suite 2300
2801 North Harwood Street
Dallas, TX 75201
charlie.jones@haynesboone.com
rick.anigian@haynesboone.com

Elizabeth B. Elmore
BOWLES RICE MCDAVID GRAFF & LOVE
P.O. Box 1386
Charleston, WV 25325-1386
ebelmore@jacksonkelly.com

Cassandra Lynn Means
John Francis Willems
OFFICE OF THE ATTORNEY GENERAL
State Capitol, Room 435-W
Charleston, WV 25305
cassandra.l.means@wvago.gov
jwillems@wvago.gov

/s/ *H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)