**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

| | |
|---|---|
| WHITE SULPHUR SPRINGS HOLDINGS, LLC )<br>a Texas Limited Liability Company, )<br> )<br>       Plaintiff, )<br> )<br>v. )<br> )<br>JAMES C. JUSTICE, II, Individually; )<br>CATHY L. JUSTICE, Individually; )<br>JAMES C. JUSTICE, III, Individually; )<br>GREENBRIER HOTEL CORPORATION, )<br>a West Virginia Corporation; )<br>GREENBRIER MEDICAL INSTITUTE, LLC, )<br>a West Virginia Limited Liability Company; )<br>OAKHURST CLUB, LLC, )<br>a West Virginia Limited Liability Company; )<br>GREENBRIER GOLF AND TENNIS )<br>CLUB CORPORATION, )<br>a West Virginia Corporation; )<br>GREENBRIER LEGACY COTTAGE )<br>DEVELOPMENT COMPANY I, Inc., )<br>a West Virginia Corporation; )<br>GREENBRIER LEGACY COTTAGE )<br>DEVELOPMENT II, Inc., )<br>a West Virginia Corporation. )<br> )<br>       Defendants. ) | Case No. 5:26-cv-00257<br>The Honorable Frank W. Volk |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE WEST VIRGINIA STATE TAX DIVISION'S MOTION TO INTERVENE**

White Sulphur Springs Holdings, LLC ("WSSH") files its Response in Opposition to the

West Virginia State Tax Division's (the "Tax Division") Motion to Intervene and would

respectfully show as follows:

### I.    INTRODUCTION

WSSH holds unpaid, final, and non-appealable Judgments against Defendants. (WSSH's

1st Am. Compl., dkt. 37 ("FAC") ¶¶ 13-25.)  But WSSH is not the only party to whom Defendants

1

owe substantial debt. Relevant here, Greenbrier Hotel Corporation owes the Tax Division millions in unpaid taxes under West Virginia law. (FAC ¶ 31.) The Tax Division filed multiple liens to secure that indebtedness, which is the basis for its attempt to join or intervene in this action. (Mot. to Intervene, dkt. 54, Ex. A).

WSSH does not dispute the Tax Division's claims and agrees that all unpaid taxes owed to the Tax Division should be paid. But the Tax Division states that its requested intervention is "narrow in scope" and that it is not "advocating for any party regarding the substantive merits of this litigation." (Tax Division's Resp. to Defs.' Mot. for Leave, dkt. 75, ¶ 1.) WSSH must therefore oppose the Tax Division's request to join or intervene on procedural grounds for the following reasons: (1) the Tax Division is not a necessary or indispensable party under Rule 19; (2) the Court lacks subject-matter jurisdiction over the Tax Division's claims under 28 U.S.C. § 1367(b); and (3) the Tax Division failed to file a pleading that sets out the claim or defense for which intervention is sought as Rule 24(c) requires. Alternatively, WSSH believes the better course of action is to allow the Tax Division to participate as an interested non-party or defendant.

## II.    ARGUMENT

### A.    The Tax Division Is Not a Necessary or Indispensable Party.

Rule 19 involves "a two-step inquiry"—is the Tax Division (1) a necessary party and (2) an indispensable party? *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020). The Tax Division asserts that it is "arguably" a necessary party under Rule 19(a)(1)(B)(i), which provides that a party must be joined when disposing of the action in the party's absence may impair or impede the party's ability to protect their interest. (Mem. of Law in Supp. of Mot. to Intervene, dkt. 55, at 2.) Yet the Tax Division acknowledges it "filed a Motion to Intervene in this matter for the limited purpose of protecting and preserving its tax liens and the statutory priority associated with those liens." (Tax Division's Resp. to Defs.' Mot. for Leave, dkt. 75, ¶ 1.) None of the relief

2

WSSH seeks, including receivership, will adversely affect the Tax Division's liens or their priority. To the contrary, a receiver will protect *all* stakeholders' interests, including the Tax Division's.

Nor is the Tax Division an indispensable party. Nothing about the relief WSSH seeks, including the proposed receivership, would alter the scope of the Tax Division's liens or bar it from collecting. *See First United Bank & Tr. v. Square at Falling Run, LLC*, No. 1:11-CV-00031, 2011 WL 1563027, at *6 (N.D. W. Va. Apr. 25, 2011) (concluding that a party "is not indispensable to this action at this time inasmuch as nothing contained in the proposed appointment of a receiver affects or determines the scope of rights or interests in real property") (internal quotations omitted). Critically, the proposed receivership order explicitly authorizes the receiver to pay taxes and does not alter the priority of any liens. (Proposed Order Appointing a Receiver, dkt. 39-37, ¶ 7(h).) Nothing about this action will impair or impede the Tax Division's rights in its absence. Therefore, the Tax Division is not a necessary or indispensable party.

**B.　　28 U.S.C. § 1367(b) Bars the Tax Division from Being Joined or Intervening as a Plaintiff.**

The Court's original jurisdiction over this case is founded solely on 28 U.S.C. § 1332. (FAC ¶ 11.) The Tax Division asserts state-law tax liens and does not assert any independent basis for federal subject-matter jurisdiction. Thus, the only plausible basis for the Court to have subject-matter jurisdiction over the Tax Division's claims are the supplemental-jurisdiction provisions in 28 U.S.C. § 1367(a).

"Supplemental jurisdiction, however, is not without limits and 28 U.S.C. § 1367(b) imposes specific limitations on its availability in diversity cases." *Mulvey Constr., Inc. v. Bituminous Cas. Corp.*, No. 1:07-CV-00634, 2011 WL 773028, at *1 (S.D. W. Va. Feb. 25, 2011) (citing *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998)). Section 1367(b) provides:

3

> In any civil action of which the district courts have ***original jurisdiction founded solely on section 1332 of this title***, the district courts ***shall not have supplemental jurisdiction under subsection (a)*** over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, ***or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules***, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (emphasis added).

If the Court considers the Tax Division to be a non-citizen for diversity purposes as it likely should—*see South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008)—its joinder as a plaintiff would destroy diversity jurisdiction. *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260, 265 (4th Cir. 2005). But even if the Tax Division could be considered a citizen of West Virginia, its joinder as a plaintiff under Rule 19 or intervention under Rule 24 must still be denied because that would also destroy diversity jurisdiction. *Id.*; *Mulvey Constr.*, 2011 WL 773028, at *2 (dismissing intervenor complaint of necessary party because § 1367(b) "is clear that 'in diversity actions the rule of complete diversity would still be required in the context of Rule 24 intervention or Rule 19 joinder of necessary parties'") (quoting *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 115 (4th Cir. 2001)); *Genesis Press, Inc. v. Hartford Cas. Ins. Co.*, No. 6:08-CV-02115, 2010 WL 3169286, at *2 (D.S.C. Aug. 6, 2010) ("Section 1367(b) plainly prohibits supplemental jurisdiction when a non-diverse party seeks to intervene under Rule 24.").

That said, the Tax Division may intervene as a defendant if the Court deems that appropriate. Nothing in section 1367(b) bars the Court from exercising its supplemental jurisdiction over a party that seeks to join or intervene as a ***defendant***, regardless of diversity issues. 28 U.S.C. § 1367(a)-(b); *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 221 (D. Md. 2010) ("By contrast, the plain language of § 1367(b) does not prohibit the exercise of

4

supplemental jurisdiction over a nondiverse defendant-intervenor under Rule 24.") (collecting authorities).

**C.    This Court Cannot Grant the Tax Division's Motion Where its Claims Remain Unclear.**

Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Tax Division never filed a pleading that sets out the claim or defense for which intervention is sought. Instead, the Tax Division stated that its "requested intervention is narrow in scope and is not intended to place the Tax Division in the posture of advocating for any party regarding the substantive merits of this litigation." (Tax Division's Resp. Defs' Term Sheet Mot., dkt. 75, ¶ 1). "This Court has observed that a motion to intervene may be granted despite the failure to provide a pleading, when the grounds for the motion are otherwise clear." *Citynet, LLC v. Frontier W. Va., Inc.*, No. 2:14-CV-15947, 2021 WL 5239589, at *2 (S.D. W. Va. Nov. 10, 2021) (internal quotation omitted). Because the grounds for the Tax Division's Motion to Intervene remain unclear, this Court may not grant the Motion to Intervene.

**D.    Alternatively, the Tax Division May Participate as an Interested Non-Party.**

The Tax Division may participate in this action without being joined as a necessary party. This would allow the Tax Division to protect and preserve its narrow interest in its tax liens and the associated statutory priority. *In re USA Com. Mortg. Co.*, No. 2:07-CV-00892, 2010 WL 11575638, at *4 (D. Nev. Jan. 21, 2010) ("[I]nterested non-parties are not frustrated from protecting their own interests in this Court."). Courts routinely allow participation by interested non-parties in receivership proceedings. *Id.* (including numerous interested non-parties in receivership proceeding); *SEC v. Adams*, No. 3:18-CV-252, 2021 WL 8016843, at *2 (S.D. Miss. Feb. 25, 2021) (allowing interested parties to object and be heard in receivership proceeding); *SEC*

*v. Torchia*, 922 F.3d 1307, 1319 (11th Cir. 2019) (noting interested parties were allowed to file objections to receiver's proposed distribution plan).

This approach is well-established. Just last year, Judge Kleeh used it in a similar receivership proceeding in the Northern District of West Virginia. *United Bank v. Allegheny Wood Products, Inc.*, No. 2:24-CV-03, 2024 WL 6984547 (N.D. W. Va. May 28, 2024). There, Judge Kleeh allowed entities with an interest in the property subject to the receivership to participate, through counsel, as interested non-parties, even including them on filings and providing them with an opportunity to object. *E.g.*, Notice of Appearance, *United Bank v. Allegheny Wood Products, Inc.*, No. 2:24-CV-03 (N.D. W. Va. May 28, 2024), ECF No. 25 (notice of appearance by attorneys of interested parties).

### III.   CONCLUSION

WSSH acknowledges the Tax Division's claims and the priority of those claims. WSSH has no desire to interfere with those claims. Yet for the foregoing reasons, WSSH respectfully requests that this Court deny the Tax Division's Motion to Intervene as a plaintiff. If the Court finds that some involvement by the Tax Division is required, then WSSH requests that the Court either allow the Tax Division to participate as an interested non-party or as a defendant.

Respectfully submitted,

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

By counsel,

/s/ *Seth P. Hayes*

Seth P. Hayes, Esq. (WVSB #10381)
Zachary H. Warder, Esq. (WVSB #13566)
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

and

Ellen Cappellanti, Esq. (WVSB #627)
Albert F. Sebok, Esq. (WVSB #4722)
Elizabeth B. Elmore (WVSB #6061)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

| | | |
|---|---|---|
| WHITE SULPHUR SPRINGS HOLDINGS, LLC<br>a Texas Limited Liability Company,<br><br>         Plaintiff,<br><br>v.<br><br>JAMES C. JUSTICE, II, Individually;<br>CATHY L. JUSTICE, Individually;<br>JAMES C. JUSTICE, III, Individually;<br>GREENBRIER HOTEL CORPORATION,<br>a West Virginia Corporation;<br>GREENBRIER MEDICAL INSTITUTE, LLC,<br>a West Virginia Limited Liability Company;<br>OAKHURST CLUB, LLC,<br>a West Virginia Limited Liability Company;<br>GREENBRIER GOLF AND TENNIS<br>CLUB CORPORATION,<br>a West Virginia Corporation;<br>GREENBRIER LEGACY COTTAGE<br>DEVELOPMENT COMPANY I, Inc.,<br>a West Virginia Corporation;<br>GREENBRIER LEGACY COTTAGE<br>DEVELOPMENT II, Inc.,<br>a West Virginia Corporation.<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:26-cv-00257<br>The Honorable Frank W. Volk |

**<u>CERTIFICATE OF SERVICE</u>**

I, Seth P. Hayes, certify that on the 2nd day of June, 2026, the foregoing Plaintiff's Response in Opposition to West Virginia State Tax Division's Motion to Intervene was filed using the Court's CM/ECF system. Counsel of record will be served by the Court's CM/ECF system as follows:

8

Steven R. Ruby, Esquire
Raymond S. Franks II, Esquire
David R. Pogue, Esquire
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

H. Rodgin Cohen, Esquire
Robert L. Jones IV, Esquire
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff, Esquire
Oliver W. Engebretson-Schooley, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

/s/ *Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB # 10381)

9