**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

WHITE SULPHUR SPRINGS HOLDINGS, LLC,

    Plaintiff,

v.

JAMES C. JUSTICE, II, *et al.*,

    Defendants.

Civil Case No. 5:26-cv-00257

Hon. Frank W. Volk

**DEFENDANTS' RESPONSE TO THE WEST VIRGINIA STATE TAX DIVISION'S**
**<u>MOTION TO INTERVENE</u>**

On May 19, 2026, the Tax Division of the West Virginia Department of Revenue (the "Division") moved to intervene in this action as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure purportedly to protect its tax liens against certain Defendants' property. (*See* ECF No. 54 ("Mot. to Intervene").) The Division also indicated that it "is arguably a necessary party to the case under Rule 19(a)(1)(B)(i) of the Federal Rules of Civil Procedure. . . ." (ECF No. 55 ("Memo. to Intervene") at 2.) Neither is an adequate basis to grant the Division's requested intervention here.

To intervene as of right under Rule 24(a)(2), a movant must demonstrate that (i) "its motion is timely"; (ii) it has "an interest in the subject matter of the action"; (iii) its "interest is not adequately represented by the existing parties"; and (iv) "disposition of the pending action may practically impair or impede [its] ability to protect that interest." *Sierra Club* v. *U.S. Env't Prot. Agency*, 2024 WL 3625682, at *5 (S.D.W. Va. Aug. 1, 2024) (citing *Newport News Shipbuilding & Drydock Co.* v. *Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981)). And under Rule 19(a)(1)(B)(i), a party is necessary if that party "claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." *McKiver* v. *Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020) (quoting Fed. R. Civ. P. 19(a)(1)(B)(i)).

Here, the Division has filed tax liens against Defendants' property purportedly to secure unpaid consumer sales and service taxes. (Mot. to Intervene at 1.) (Notably, the pertinent Defendants are under a payment agreement with the Division and are in full compliance with that agreement.) The Division apparently contends that intervention is necessary and it is a necessary party only if a receivership is granted—because in that case, "if the receiver fails to satisfy the Division's liens in priority as required by West Virginia Code § 11-15-18a, there may be

insufficient assets remaining . . . to satisfy the outstanding tax liabilities." (Memo. to Intervene at 2–3.)

But as courts have consistently explained, intervention in a receivership proceeding is not necessary to protect a lienholder's or creditor's interest; rather, that interest will be adequately protected by ordinary claims processing mechanisms. *See Commodity Futures Trading Comm'n* v. *Rust Rare Coin Inc.*, 811 F. App'x 497, 501 (10th Cir. 2020) (denying creditors' motion to intervene because the creditors had "fail[ed] to demonstrate that any aspect of their claim . . . [could not] be asserted and resolved without impairment through the claim resolution procedure"); *see also SEC* v. *Provident Royalties, LLC*, 2009 WL 10678431, at *2 (N.D. Tex. Sept. 1, 2009) (finding lienholder failed to show impairment where it could object to receiver's distribution plan); *SEC* v. *Illarramendi*, 2012 WL 5832330, at *4 (D. Conn. Nov. 16, 2012) (denying intervention as of right where creditors failed to show intervention was the "only appropriate method" by which they could object to the settlement distributing the debtor's assets). That is particularly so here, where receivers are required by statute to prioritize Division debts: West Virginia Code § 11-15-18a specifically instructs that "[a]ll taxes due and unpaid . . . *shall be paid* from the first money available for distribution . . . in receivership . . . of the estate of any person or entity" (emphasis added). The Division accordingly has not sufficiently demonstrated that disposing of this action in its absence will "practically impair or impede" its ability to protect its interests.[1]

The only case cited by the Division in support of its motion, *Diaz* v. *Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970), in fact provides no support at all. To be sure, *Diaz* found

---

[1]    The Division does not argue that its interests will be impaired if a receivership is denied, and they would not. Again, this is because the priority of the Division's lien is protected by West Virginia Code § 11-15-18a regardless of whether a receiver is appointed.

that the U.S. government's tax lien is a "legally cognizable interest in property." *Id.* at 1124. But that alone was not sufficient for intervention. Instead, the government had the right to intervene because its interests would be impeded absent intervention by having to bring suit in Switzerland against the debtor to enforce the lien. *Id.* at 1124–25. The Division faces no similar risk here. As the Division itself admits, it would "not be required to initiate subsequent actions in foreign jurisdictions" should it be unable to intervene. (Memo. to Intervene at 2.) And as noted above, the priority of its liens will be fully protected in any distribution, whether through a receiver or otherwise. *See* West Virginia Code § 11-15-18a.

At bottom, the Division has identified no reason it could not protect its asserted interests through the ordinary procedural mechanisms of a receivership should a receiver be appointed. Because the Division's priority in any receivership distribution (or any other distribution) is already protected by statute, disposition of this action will not affect its claimed interests. The Division thus has not demonstrated that intervention is appropriate under Rule 24, nor can it establish that it is a necessary party under Rule 19—which the Division appears to all but concede. The Division's motion should be denied.

Dated:  June 2, 2026

Respectfully submitted,

<table>
<tr><td>

*/s/ Steven R. Ruby*

Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY
PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

</td><td>

*/s/ H. Rodgin Cohen*

H. Rodgin Cohen (WVSB #767)
Robert L. Jones IV (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff (*pro hac vice*)
Oliver W. Engebretson-Schooley (*pro hac vice*)
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone:  (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

</td></tr>
</table>

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, the foregoing document was served upon the following counsel by means of the Court's CM/ECF filing system.

Ellen S. Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
ebelmore@jacksonkelly.com

Seth Patrick Hayes, Esq.
Zachary Hanley Warder, Esq.
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

R. Clay Hoblit, Esq.
HOBLIT DARLING RALLS HERNANDEZ
& HUDLOW
802 North Carancahua Street
Suite 2100
Corpus Christi, TX 78401
choblit@hdr-law.com

Charles M. Jones, II
Richard D. Anigian
HAYNES & BOONE
Suite 2300
2801 North Harwood Street
Dallas, TX 75201
charlie.jones@haynesboone.com
rick.anigian@haynesboone.com

Cassandra Lynn Means
John Francis Willems
OFFICE OF THE ATTORNEY GENERAL
State Capitol, Room 435-W
Charleston, WV 25305
cassandra.l.means@wvago.gov
jwillems@wvago.gov

*/s/ H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)