## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## (BECKLEY DIVISION)

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 5:26-cv-00257**
　　　　　　　　　　　　　　　　　　　　　　**The Honorable Frank W. Volk**

**JAMES C. JUSTICE, II,**
*individually*, **and**
**CATHY L. JUSTICE,**
*individually*, **and**
**JAMES C. JUSTICE, III,**
*individually*, **and**
**GREENBRIER HOTEL CORPORATION,**
*a West Virginia Corporation*, **and**
**GREENBRIER MEDICAL INSTITUTE, LLC,**
*a West Virginia Limited Liability Company*, **and**
**OAKHURST CLUB, LLC,**
*a West Virginia Limited Liability Company*, **and**
**GREENBRIER GOLF AND TENNIS CLUB CORPORATION,**
*a West Virginia Corporation*, **and**
**GREENBRIER LEGACY COTTAGE DEVELOPMENT COMPANY I, INC.,**
*a West Virginia Corporation*, **and**
**GREENBRIER LEGACY COTTAGE DEVELOPMENT II, INC.,**
*A West Virginia Corporation*,

       **Defendants.**

## WEST VIRGINIA STATE TAX DIVISION'S CONSOLIDATED REPLY IN SUPPORT OF MOTION TO INTERVENE

COMES NOW, the State Tax Division of the West Virginia Department of Revenue ("Tax Division"), by counsel, and files this Consolidated Reply to *Plaintiff's Response in Opposition to the West Virginia State Tax Division's Motion to Intervene* (ECF No. 81) and *Defendants' Response to the West Virginia State Tax Division's Motion to Intervene* (ECF No. 82). Despite acknowledging that the Tax Division holds valid tax liens against property implicated by this

action and that the Tax Division possesses statutory rights entitled to priority protection, Plaintiff and Defendants oppose the Tax Division's intervention on procedural grounds. Those objections lack merit. Because the Tax Division has demonstrated a substantial and legally protectable interest in property that is the subject of this action, and because disposition of this matter may impair its ability to protect those interests, the Tax Division satisfies Rule 24(a)(2) and is entitled to intervene as of right.

**A.** **The Tax Division Satisfies the Requirements for Intervention as of Right under Rule 24(a)(2).**

The responses filed by Plaintiff and Defendants reveal a significant point of agreement: neither party disputes the existence, validity, or priority of the Tax Division's interests. Plaintiff acknowledges that Greenbrier Hotel Corporation owes substantial unpaid West Virginia state taxes and recognizes the existence of the Tax Division's liens. ECF No. 81 at 2. In fact, the Tax Division holds nine liens against the Greenbrier Hotel Corporation for consumers sales and use tax in the total amount of $3,982,038.51 and one lien for personal income tax withholding in the amount of $455,070.11, for a total lien amount of $4,437,108.62. *See* ECF No. 54-2. Defendants likewise acknowledge the Tax Division's liens and the statutory protections afforded to them under West Virginia law. ECF No. 82 at 2-3. Indeed, Defendants expressly recognize that West Virginia Code § 11-15-18a requires that "[a]ll taxes due and unpaid" be paid from the first funds available for distribution in a receivership proceeding. ECF No. 82 at 3. Thus, while Plaintiff and Defendants oppose the procedural mechanism selected by the Tax Division, they effectively concede the central premise underlying the Motion to Intervene: the Tax Division possesses substantial, legally protected interests that may be affected by these proceedings.

Despite that concession, both Plaintiff and Defendants oppose intervention. Their objections, however, minimize the central inquiry under Rule 24(a)(2) of the Federal Rules of Civil

Procedure: whether the proposed intervenor claims an interest relating to the property or transaction that is the subject of the action and whether disposition of the action may, as a practical matter, impair or impede its ability to protect that interest. Fed. R. Civ. P. 24(a)(2). Rule 24 is designed precisely to ensure that parties possessing significant legal interests are afforded a seat at the table before judicial action affects those interests.

To intervene as of right, a proposed intervenor must demonstrate that: (1) the motion is timely; (2) the intervenor possesses a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect that interest; and (4) the intervenor's interests are not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). The burden of demonstrating inadequate representation is minimal, and the Fourth Circuit has instructed that Rule 24 should be liberally construed in favor of intervention. *See Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986). And courts have consistently recognized that lienholders satisfy these requirements in the context of receivership proceedings. *See Federal Agric. Mortg. Corp. v. Assemi Bros*., LLC, 783 F. Supp. 3d 1250, 1257 (E.D. Cal. 2025) (granting intervention as of right to junior lienholder in federal receivership proceeding); *Davis v. Lifetime Cap., Inc*., 560 F. App'x 477, 489-96 (6th Cir. 2014) (holding intervention appropriate where receivership orders affected intervenor's property interests); *Vicksburg, S. & P. Ry. Co. v. Schaff*, 5 F.2d 610, 612 (5th Cir. 1925) (recognizing an absolute right to intervene where receivership proceedings involved property subject to the intervenor's claimed interests).

The Tax Division readily satisfies each element of the Rule 24(a)(2) analysis. First, the motion was timely filed at the outset of the litigation. No party contends otherwise. Second, the Tax Division possesses a direct, substantial, and legally protectable interest in the subject matter

of this action. The Tax Division holds recorded tax liens pertaining to consumers sales and use tax and personal income tax withholding against property that may become subject to receivership, sale, transfer, or other judicial disposition. Federal courts have long recognized that lienholders possess protectable interests sufficient to support intervention. *See Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (recognizing tax liens as a legally cognizable property interest).

Third, disposition of this action may, as a practical matter, impair or impede the Tax Division's ability to protect those interests. Plaintiff seeks extraordinary equitable relief that could place substantial assets under the control of a court-appointed receiver and ultimately result in the sale, transfer, liquidation, or restructuring of those assets. Such actions necessarily implicate the recognition, treatment, priority, and ultimate satisfaction of the Tax Division's liens and statutory collection rights. Rule 24 does not require the Tax Division to wait until its interests are adversely affected before seeking participation. Rather, intervention exists to allow interested parties to protect their interests before judicial action occurs.

Finally, the Tax Division's interests are not adequately represented by any existing party. Plaintiff seeks to maximize recovery on its own claims. Defendants seek to preserve their assets and business interests. A receiver, if appointed, would owe fiduciary duties to the receivership estate as a whole rather than to the Tax Division specifically. Because no existing party is charged with protecting the Tax Division's unique interests as a taxing authority and lienholder, the Tax Division satisfies the fourth requirement for intervention as of right.

The burden to establish intervention as of right is not onerous. Here, the Tax Division has demonstrated a timely motion, a direct property interest arising from recorded tax liens, a risk that disposition of encumbered assets may impair its ability to protect those interests, and the absence

of any existing party charged with protecting those interests. Accordingly, the requirements of Rule 24(a)(2) are satisfied.

Indeed, the Tax Division's concerns are far from theoretical. Plaintiff's First Amended Verified Complaint identifies certain Tax Division liens while apparently omitting Tax Lien No. 1813992 in the amount of $589,073.46. *See* ECF No. 37 at 13. That omission illustrates precisely why intervention is warranted. The Tax Division must be afforded an opportunity to ensure that all of its interests are accurately identified, recognized, and protected before orders affecting encumbered property are entered. Intervention is intended to prevent such oversights from affecting legally protected interests, not merely to remedy them after the fact.

The Tax Division has consistently maintained that its participation is intended to be protective in nature rather than adversarial. *See* ECF Nos. 55, 70, and 75. The Tax Division does not seek to litigate the merits of Plaintiff's claims, advocate on behalf of Defendants, or influence whether a receiver ultimately should be appointed. Rather, it seeks only to ensure that its recorded tax liens, statutory collection rights, and lien priorities are properly recognized and protected throughout these proceedings.

That limited role, however, does not diminish the significance of the Tax Division's interests. The fact that the Tax Division does not take a position on the merits of the underlying dispute does not mean it lacks a substantial stake in the outcome. To the contrary, this action seeks extraordinary equitable relief that could ultimately result in the receivership, sale, transfer, or other disposition of property against which the Tax Division has recorded tax liens in the total amount of $4,437,108.62. Accordingly, while the Tax Division's participation is intended to be non-adversarial, its interests are concrete, substantial, and directly implicated by the relief sought in this action. For those reasons, intervention as of right under Rule 24(a)(2) is appropriate.

5

**B.      Plaintiff's Rule 19 Argument Need Not Be Addressed by the Court.**

Plaintiff devotes substantial attention to whether the Tax Division qualifies as a necessary or indispensable party under Rule 19. But this argument is largely beside the point. The Tax Division moved to intervene primarily pursuant to Rule 24 because it possesses a legally protectable interest in property implicated by this litigation. The Court need not conclude that the Tax Division is a necessary or indispensable party under Rule 19 to grant intervention under Rule 24. The standards serve different purposes and operate independently.

Even though this Court need not address Rule 19, Plaintiff's argument is incomplete. Plaintiff primarily relies upon *First United Bank & Trust v. Square at Falling Run, LLC*, No. 1:11-CV-31, 2011 WL 1563027 (N.D. W. Va. Apr. 25, 2011). To be sure, the court concluded that a lienholder was not indispensable because "nothing contained in the proposed appointment of a receiver affects or determines the scope of rights or interests in real property." *Id.* at *6. But at least one other court has recently reached a different conclusion in comparable litigation. In *Nationstar Mortg. LLC v. DuBois,* No. 22-CV-04606, 2026 WL 810104, at *2 (D.N.J. Mar. 24, 2026), the United States District Court of the District of New Jersey held that the United States, as the holder of a federal tax lien, was both a necessary and indispensable party to a foreclosure action. Although *Nationstar* arose in the foreclosure context, its reasoning is instructive: where litigation directly concerns the disposition of encumbered property, lienholders possess legally significant interests that favor participation rather than exclusion.

Not only does *Nationstar* demonstrate that the Tax Division could be considered an indispensable party, but it also illustrates the broader principle that lienholders possess substantial and protectable interests in proceedings affecting property subject to their liens. That principle supports the Tax Division's request to intervene under Rules 19 and 24.

**C.      Section 1367(b) Does Not Bar the Tax Division's Intervention.**

Plaintiff's jurisdictional argument rests on a faulty premise: that the Tax Division seeks to intervene as a plaintiff and assert claims under the Court's supplemental jurisdiction. The Tax Division seeks neither.

The Tax Division has not asserted affirmative claims against any party and does not seek to expand the scope of this litigation. Rather, it seeks participation for the limited purpose of protecting its existing tax liens, statutory priority rights, and collection interests in property that is already the subject of this action. Accordingly, Plaintiff's reliance on the portion of 28 U.S.C. § 1367(b) addressing claims by persons "seeking to intervene as plaintiffs under Rule 24" is misplaced.

Indeed, Plaintiff concedes the point. After arguing that § 1367(b) would prohibit intervention as a plaintiff, Plaintiff acknowledges that "the Tax Division may intervene as a defendant if the Court deems that appropriate" and further recognizes that "nothing in section 1367(b) bars the Court from exercising its supplemental jurisdiction over a party that seeks to join or intervene as a defendant." ECF No. 81 at 5. Likewise, Plaintiff recognizes that the Tax Division's presence as a defendant-intervenor avoids any impact on the court's diversity jurisdiction. *Id.* The Tax Division agrees. To the extent the Court concludes party alignment is relevant, the Tax Division's interests are more appropriately aligned with a defendant-intervenor than a plaintiff-intervenor because the Tax Division seeks neither affirmative relief nor an expansion of the claims asserted by Plaintiff. Rather, it seeks only to protect its interests in property that may become subject to receivership administration, sale, transfer, or distribution.

And the Tax Division is no stranger to appearing as a defendant in matters in which it holds liens like foreclosures and condemnation/imminent domain matters. West Virginia law expressly contemplates the Tax Commissioner's participation in judicial proceedings affecting property

7

subject to state tax liens. *See* W. VA. CODE § 11-10-12(f) (providing that judicial sales generally do not disturb a state tax lien unless the Tax Commissioner is made a party to the civil action). Thus, far from being an unusual participant, the Tax Commissioner is routinely named as a defendant in actions involving the disposition of encumbered property so that lien rights and priorities may be adjudicated.

Accordingly, even accepting Plaintiff's interpretation of § 1367(b), the proper remedy would be alignment of the Tax Division as a defendant-intervenor rather than denial of intervention altogether.

### D.    The Tax Division's Interests and Grounds for Intervention Are Clear.

Plaintiff next argues that intervention should be denied because the Tax Division did not file a separate pleading under Rule 24(c). That argument elevates form over substance and ignores both the purpose of Rule 24(c) and the record before the Court.

Rule 24(c) provides that a motion to intervene should be accompanied by a pleading setting forth the claim or defense for which intervention is sought. However, courts routinely excuse strict compliance with Rule 24(c) where the basis for intervention is otherwise apparent and no party suffers prejudice. As Plaintiff itself acknowledges, this Court has recognized that intervention may be granted despite the absence of a separate pleading when "the grounds for the motion are otherwise clear." *Citynet, LLC v. Frontier W. Va., Inc*., No. 2:14-cv-15947, 2021 WL 5239589, at *2 (S.D. W. Va. Nov. 10, 2021).

That is precisely the situation presented here. From the outset, the Tax Division has consistently and repeatedly explained the limited purpose for which intervention is sought. The Motion to Intervene, supporting memorandum, supplemental filings, and subsequent responses all identify the same interests: the Tax Division holds recorded tax liens against assets implicated by

8

these proceedings and seeks to protect those liens, their statutory priority, and related collection rights. *See* ECF Nos. 54, 55, 70, and 75. The Tax Division has further explained that it does not seek to litigate the merits of Plaintiff's claims, advocate on behalf of Defendants, or influence whether a receiver should be appointed. Its participation is intended to be protective and limited to matters affecting its tax interests.

Indeed, Plaintiff's own response demonstrates that the grounds for intervention are perfectly clear. Plaintiff acknowledges that Greenbrier Hotel Corporation owes substantial unpaid West Virginia consumers sales and use taxes and personal income tax withholding. Plaintiff acknowledges the existence of the Tax Division's liens. Having demonstrated a detailed understanding of the Tax Division's position, Plaintiff cannot credibly maintain that the grounds for intervention remain unclear.

Nor has Plaintiff identified any prejudice resulting from the absence of a separate pleading. The Tax Division is not asserting new causes of action, seeking affirmative relief against any party, or attempting to expand the scope of the litigation. Rather, it seeks participation solely to protect existing interests in property that is already the subject of these proceedings.

Ultimately, Plaintiff's Rule 24(c) argument rests on the mistaken premise that the Tax Division's interests are somehow uncertain. They are not. The Tax Division's interests have been consistently identified throughout these proceedings, are acknowledged by both Plaintiff and Defendants, and arise directly from recorded tax liens against property that may become subject to receivership administration or disposition. Because the grounds for intervention are readily apparent from the record and no party has suffered prejudice, Rule 24(c) provides no basis for denying the motion.

E.      **The Availability of Interested Non-Party Status Does Not Defeat the Tax Division's Right to Intervene.**

Plaintiff alternatively suggests that the Tax Division may adequately protect its interests as an "interested non-party" and therefore need not be permitted to intervene. The Tax Division does not dispute that federal courts possess broad discretion in administering receivership proceedings and may permit participation by interested non-parties. *See SEC v. Hardy*, 803 F.2d 1034, 1037-38 (9th Cir. 1986). Nor does the Tax Division dispute that such procedures can be useful mechanisms for receiving notice and presenting objections in appropriate circumstances. The authorities cited by Plaintiff establish only that interested non-party participation is permissible—not that it is exclusive or that it supplants the requirements of Rule 24.

The question before this Court is not whether the Tax Division could participate as an interested non-party. Rather, the question is whether the Tax Division possesses a legally protectable interest sufficient to warrant intervention. As discussed above, it does. The availability of an alternative procedural mechanism does not eliminate a party's entitlement to intervene under Rule 24. Were it otherwise, intervention as of right could routinely be denied whenever a court was willing to permit some lesser form of participation.

The distinction is significant. An intervenor is a party to the litigation and possesses the rights attendant to that status. An interested non-party participates only to the extent permitted by the Court. While the Tax Division appreciates Plaintiff's acknowledgment that its interests warrant protection, those interests are substantial enough to justify intervention. The Tax Division holds recorded tax liens against property that may become subject to receivership administration, sale, transfer, or other judicial disposition. It possesses statutory rights concerning the priority and collection of unpaid taxes. And it has a direct interest in ensuring that all of its liens are accurately identified and properly treated throughout the proceedings.

Ultimately, Plaintiff's argument concedes more than it refutes. By advocating for interested non-party status, Plaintiff acknowledges that the Tax Division possesses interests substantial enough to warrant notice, participation, and an opportunity to be heard. Those same interests are what support intervention under Rule 24(a)(2). Accordingly, while the Court certainly retains discretion to fashion procedures governing the Tax Division's participation, the existence of interested non-party procedures provides no basis for denying intervention where the requirements of Rule 24 have otherwise been satisfied.

### F.    The Availability of Future Receivership Procedures Does Not Defeat the Tax Division's Right to Intervene.

Defendants principally argue that intervention is unnecessary because the Tax Division's interests can be protected through the ordinary procedures associated with a receivership. That argument misunderstands both the purpose of Rule 24 and the nature of the Tax Division's interests.

The relevant question under Rule 24 is not whether the Tax Division might eventually have an opportunity to file a claim, object to a distribution plan, or otherwise participate in a receivership proceeding after a receiver has been appointed. Rather, the question is whether disposition of the action "may as a practical matter impair or impede" the Tax Division's ability to protect its interests. Fed. R. Civ. P. 24(a)(2). Rule 24 is intended to permit participation before legally protected interests are affected—not merely to provide a remedy after decisions impacting those interests have already been made.

West Virginia Code § 11-15-18a does not eliminate the possibility of impairment. The statute affords unpaid consumers sales and use taxes priority in receivership proceedings, but statutory priority is only meaningful if the claims entitled to that priority are properly identified, recognized, and administered. The Tax Division's interest therefore extends beyond merely asserting priority at the end of a receivership. It includes ensuring that all valid tax liens are recognized, that the amount

11

and nature of outstanding tax obligations are accurately reflected, and that receivership orders affecting encumbered assets do not inadvertently impair existing collection rights or statutory protections.

At bottom, Defendants' argument proves too much. If accepted, it would mean that lienholders could never intervene in receivership proceedings so long as some future claims process might eventually permit them to be heard. That is not the law. Rule 24 exists to allow parties with substantial interests in property subject to litigation to protect those interests directly. Because the Tax Division possesses recorded tax liens against property implicated by this action and because the relief sought may affect the recognition, treatment, priority, and ultimate satisfaction of those liens, intervention as of right is appropriate.

WHEREFORE, for the foregoing reasons, the Tax Division respectfully requests that this Court grant its Motion to Intervene and permit the Tax Division to participate as a defendant-intervenor for the limited purpose of protecting its tax liens, statutory priority, and collection rights.

**Respectfully submitted,**

**WEST VIRGINIA STATE TAX DIVISION**

**By counsel,**

**JOHN B MCCUSKEY**
**ATTORNEY GENERAL**

*/s/ Cassandra L. Means-Moore*
Cassandra L. Means-Moore (WVSB #10522)
*Deputy Attorney General*
John F. Willems (WVSB #13711)
*Assistant Attorney General*
State Capitol Complex
Building 1, Room W-435
Charleston, West Virginia 25305
Telephone: (304) 558-2522
Email: cmeans@wvago.gov
jwillems@wvago.gov

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

      **Plaintiff,**

**v.**                                                                    **Case No. 5:26-cv-00257
The Honorable Frank W. Volk**

**JAMES C. JUSTICE, II,**
*individually*, **and**
**CATHY L. JUSTICE,**
*individually*, **and**
**JAMES C. JUSTICE, III,**
*individually*, **and**
**GREENBRIER HOTEL CORPORATION,**
*a West Virginia Corporation*, **and**
**GREENBRIER MEDICAL INSTITUTE, LLC,**
*a West Virginia Limited Liability Company*, **and**
**OAKHURST CLUB, LLC,**
*a West Virginia Limited Liability Company*, **and**
**GREENBRIER GOLF AND TENNIS CLUB CORPORATION,**
*a West Virginia Corporation*, **and**
**GREENBRIER LEGACY COTTAGE DEVELOPMENT COMPANY I, INC.,**
*a West Virginia Corporation*, **and**
**GREENBRIER LEGACY COTTAGE DEVELOPMENT II, INC.,**
*a West Virginia Corporation*,

      **Defendants.**

**CERTIFICATE OF SERVICE**

    I, Cassandra L. Means-Moore, hereby certify that the foregoing "*West Virginia State Tax Division's Consolidated Reply in Support of its Motion to Intervene*" has been served on all parties to this Civil Action on this the 9th day of June, 2026, through the CM/ECF system.

                        */s/ Cassandra L. Means-Moore*
                        Cassandra L. Means-Moore
                        WVSB# 10522

6