## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## (BECKLEY DIVISION)

| | | |
|---|---|---|
| WHITE SULPHUR SPRINGS HOLDINGS, LLC<br>a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. JUSTICE, II, Individually;<br>CATHY L. JUSTICE, Individually;<br>JAMES C. JUSTICE, III, Individually;<br>GREENBRIER HOTEL<br>CORPORATION, a West Virginia<br>GREENBRIER MEDICAL INSTITUTE,<br>LLC, a West Virginia Limited Liability<br>OAKHURST CLUB, LLC,<br>a West Virginia Limited Liability Company;<br>GREENBRIER GOLF AND TENNIS<br>CLUB CORPORATION,<br>a West Virginia Corporation;<br>GREENBRIER LEGACY COTTAGE<br>DEVELOPMENT COMPANY I,<br>Inc., a West Virginia Corporation;<br>GREENBRIER LEGACY COTTAGE<br>DEVELOPMENT II, Inc.,<br>a West Virginia Corporation.<br><br>Defendants. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | Case No. 5:26-cv-00257<br>The Honorable Frank W. Volk |

### PLAINTIFF'S RESPONSE TO
### DEFENDANTS' THIRD STATUS REPORT

Plaintiff, White Sulphur Springs Holdings, LLC ("WSSH") files this Response to

Defendants' Third Status Report (Dkt. 86) and states as follows:

1.      Since May 30, 2026, a number of material and relevant financial developments

have occurred:

   a. The IRS filed a lien in the amount of $3,334,736.24 for sections 940 and 941 taxes for
      2024 and 2025 against Defendant Greenbrier Hotel Corporation ("GHC").

1

b.  The IRS filed a lien in the amount of $289,893.94 for sections 940 and 941 taxes for 2024 and 2025 against Greenbrier Clinic, Inc., an entity affiliated with Defendants.

c.  The West Virginia Lottery Commission (the "WVLC") placed GHC on a "financial watch" due to the deteriorating financial conditions revealed in an audit performed in connection with the application for renewal of GHC's casino gaming license. Facts disclosed during the WVLC hearing include:

   i.   GHC's current liabilities increased from $90 million in 2024 to $260 million in 2025; and

   ii.  GHC has $240 million in negative working capital.

d.  Oakhurst Club, LLC, one of the defendants in this case, has been named as a defendant in two recently filed lawsuits in the Circuit Courts of Greenbrier and Monroe Counties, West Virginia as an alleged recipient of a fraudulent transfer from the James C. Justice Companies, Inc., of certain collateral securing the Judgments owned by WSSH. Lis Pendens have also been filed on the collateral.

e.  The United States District Court for the Eastern District of Kentucky entered an Opinion and Order on July 10, 2026, finding that "the companies owned and controlled by the Justice family . . . are the alter egos of the Defendants' entities shareholders – namely [James C. Justice, III] and Jill Justice." *New London Tobacco Market Inc., et al. v. Kentucky Fuel Corp., et al.*, 6:12-cv-00091, at *26 (E.D. Ky. July 10, 2026). The Court further held that James C. Justice, III, a defendant in this action and a judgment debtor under the 14th Amended and Restated Forbearance Agreement, shall pay sanctions to the Clerk of the United States District Court for the Eastern District of Kentucky for the full amount of the amended judgment, an amount exceeding $17,610,900, plus interest, as well as attorneys' fees and costs exceeding $194,528.95. *Id.* at *30-32.

2.    Defendants' Third Status Report also indicates that approval by the WVLC of the refinancing transaction has not yet been obtained. Furthermore, Defendants' timeline has been delayed by almost a month (or more). As the Court wrote on May 30: Defendants "repeatedly assert the financing transaction should be completed by the end of June." Mem. Op. and Order at 4 (Dkt. 80). Defendants now suggest that "due to the complexity of the transaction," the refinancing will not close until the week of July 20, 2026 "subject to the WVLC's review timeline."

a.  However, in a July 10, 2026, letter from David R. Bradley, Acting Director, to Steven R. Ruby, the WVLC advised counsel for GHC of the following:

i.    The submission of information regarding the refinancing transaction is incomplete and noted that additional items necessary for the review process include a completed acquisition application, purchase agreement, operating agreement, financial information, and key personnel information;

ii.   Based on the current status of the license renewal request, it is unlikely that the matter will be presented to the WVLC until the regularly scheduled meeting in August at the earliest;

iii.  It would be difficult to conclude that GHC possesses "financial integrity" or "adequate capital" if the proposed transaction does not address all outstanding debt. If the agreement allows GHC to take on new debt without eliminating all existing debt, it will only compound the problem instead of resolving it; and

iv.   It would be contrary to the financial watch and difficult for the Acting Director of the WVLC to stand by any agreement that does not account for all outstanding liabilities.

3.      Defendants' position regarding the effect of the financing transaction on this litigation has also materially evolved from what was previously represented.  In their briefing requesting a continuance to secure the financing, Defendants represented that: "As of May 21, 2026, Defendants have obtained a term sheet for new financing that will allow them to repay the total amount of debt that [WSSH] claims it is owed.  *That repayment will moot all pending motions and resolve this action*."  Defs.' Mot. Continue, at 1 (Dkt. 58) (emphasis added).  Yet in the Third Status Report, Defendants now state that repayment of their obligations to WSSH is conditioned on "any discussions that may occur between the parties to this case regarding resolution of their respective legal claims."  This suggests that rather than satisfying the final and non-appealable judgments, as well as their ever-increasing financial obligations to WSSH, Defendants may precondition payment on unspecified negotiations with WSSH, or further litigation.

4.      WSSH also notes that despite Defendants' acknowledgment of the complexity of this transaction, none of the following routine processes associated with a $500 million debt refinancing have occurred with respect to Defendants' purported re-financing transaction:

a.  Defendants' new lender, Kennedy Lewis, has not contacted WSSH concerning the payoff amount, escrow agreement form, release of lien forms or closing checklist;

b.  WSSH has no knowledge of any details of a possible re-financing and payoff of the Judgments in full other than the redacted term sheet (Dkt. 73-1) and the status reports (Dkts. 84, 85, 86) filed with the Court; and

c.  No title company or escrow agent has contacted WSSH regarding the payoff of the Judgments in full or the release of WSSH's security interests in the collateral securing the Judgments.

5.      GHC unilaterally cancelled $100 million of insurance that WSSH placed on the property to protect its collateral, leaving The Greenbrier substantially underinsured.

Based on the above, it appears likely that WSSH's senior secured position and its collateral have been and continue to be materially prejudiced, and it is unlikely that it will be repaid in full and this action mooted as previously represented by Defendants.

Respectfully submitted,

**WHITE SULPHUR SPRINGS HOLDINGS, LLC**

By counsel,

*s/ Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB #10381)
Zachary H. Warder, Esq. (WVSB #13566)
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

4

and

Ellen Cappellanti, Esq. (WVSB #627)
Albert F. Sebok, Esq. (WVSB #4722)
Elizabeth B. Elmore (WVSB #6061)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

| | |
|---|---|
| WHITE SULPHUR SPRINGS HOLDINGS, LLC a Texas Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> JAMES C. JUSTICE, II, Individually; <br> CATHY L. JUSTICE, Individually; <br> JAMES C. JUSTICE, III, Individually; <br> GREENBRIER HOTEL <br> CORPORATION, a West Virginia <br> GREENBRIER MEDICAL INSTITUTE, <br> LLC, a West Virginia Limited Liability <br> OAKHURST CLUB, LLC, <br> a West Virginia Limited Liability Company; <br> GREENBRIER GOLF AND TENNIS <br> CLUB CORPORATION, <br> a West Virginia Corporation; <br> GREENBRIER LEGACY COTTAGE <br> DEVELOPMENT COMPANY I, <br> Inc., a West Virginia Corporation; <br> GREENBRIER LEGACY COTTAGE <br> DEVELOPMENT II, Inc., <br> a West Virginia Corporation. <br><br> Defendants. | Case No. 5:26-cv-00257 <br> The Honorable Frank W. Volk |

**CERTIFICATE OF SERVICE**

I, Seth P. Hayes, certify that on the 15th day of July, 2026, the foregoing Plaintiff's

Response to Defendants' Third Status Report was filed using the Court's CM/ECF system.

Counsel of record will be served by the Court's CM/ECF system as follows:

6

Steven R. Ruby, Esquire
Raymond S. Franks II, Esquire
David R. Pogue, Esquire
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

H. Rodgin Cohen, Esquire
Robert L. Jones IV, Esquire
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff, Esquire
Oliver W. Engebretson-Schooley, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

*s/Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB #10381)

7