**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

WHITE SULPHUR SPRINGS HOLDINGS, LLC,

      Plaintiff,

      v.

JAMES C. JUSTICE, II, *et al.*,

      Defendants.

Civil Case No. 5:26-cv-00257

Hon. Frank W. Volk

## DEFENDANTS' REPLY REGARDING THIRD STATUS REPORT

Plaintiff's Response to Defendants' Third Status Report (ECF 87, hereinafter, the "Response") is not accurate in key respects. It inaccurately states that Defendants have conditioned their impending refinancing on discussions between the parties regarding resolution of their respective legal claims, i.e., settlement discussions. Not so. And it suggests that Defendants have not engaged with Plaintiff regarding the refinancing. Again, not so. Plaintiff continues to misrepresent the facts because it has no genuine interest in being repaid; its goal, rather, is to take The Greenbrier.

Defendants ordinarily would not disclose the details of settlement discussions in a public filing, but Plaintiff's misleading submission compels Defendants to do so in this instance. The facts are these: On June 26, 2026, counsel for Defendants contacted local counsel for Plaintiff to inquire whether Plaintiff had interest in discussing a global resolution that would address all the parties' legal claims against each other, including Defendants' claims against Plaintiff and Plaintiff's affiliated entities and individuals in Greenbrier County Circuit Court. *See Greenbrier Hotel Corp., et al.* v. *Carter Bank & Trust, et al.*, Case No. CC-13-2026-C-51 (Cir. Ct. Greenbrier

Cnty., W. Va.). Plaintiff's local counsel responded that such a discussion would need to involve Plaintiff's national counsel. On July 2, 2026, counsel for Defendants contacted Clay Hoblit, whom Defendants have been advised is Plaintiff's principal national counsel contact, to request a payoff statement and discuss a possible global resolution. Mr. Hoblit and defense counsel agreed to speak the following day, July 3, 2026. On July 3, 2026, Mr. Hoblit rescheduled the call for the next day. Also on July 3, 2026, defense counsel emailed Mr. Hoblit, requesting a payoff statement and a response as to whether Plaintiff was interested in discussing a global resolution. (*See* Ex. A (email correspondence) at 4.)

On July 4, 2026, defense counsel and Mr. Hoblit spoke by phone. Defense counsel reiterated Defendants' request for a payoff statement. Mr. Hoblit indicated that Plaintiff would provide such a statement. In response to a question from defense counsel, moreover, Mr. Hoblit indicated that Plaintiff would be interested in discussing a global resolution. On July 8, 2026, Mr. Hoblit emailed defense counsel a payoff demand for approximately $387 million (*see id.* at 2)—nearly $100 million more than Plaintiff paid to purportedly acquire the subject loans approximately three-and-a-half months earlier and an annual rate of return of about 115%. In that same email, which Mr. Hoblit designated as a Rule 408 settlement communication, he set forth terms that Plaintiff wished to include as part of a global resolution. (*See id.*)

On July 14, 2026, defense counsel emailed Mr. Hoblit, stating that Defendants had secured financing to pay the full amount of Plaintiff's demand. (*See id.* at 1.) Defense counsel went on to state, however, that, if Plaintiff wished to pursue a global resolution—which Mr. Hoblit's July 8 email indicated was the case—Defendants were willing to reach one while still paying Plaintiff more than $30 million above the amount that Plaintiff paid to acquire the subject loans less than four months ago. (*See id.*)

The next day, Plaintiff filed the Response, which stated that Defendants have "conditioned" their refinancing on discussions between the parties regarding settlement of their respective legal claims. The Response also characterized Defendants' position as one regarding "unspecified negotiations," suggesting that there had been no settlement discussions. Both those aspects of the Response are misleading. In the July 14 email to Mr. Hoblit, defense counsel expressly stated that Defendants had secured financing to pay Plaintiff in full but were *also* willing to discuss a global resolution that would settle all claims in exchange for a lesser payment. (*See id.*) Plaintiff's claim that Defendants have conditioned their refinancing on settlement discussions is incorrect. In fact, defense counsel's correspondence with Plaintiff said the exact opposite: Defendants have secured financing to pay Plaintiff's demand in full but would discuss a global resolution on other terms if Plaintiff were interested. (*See id.*)

Plaintiff further misleads by suggesting that it has not received adequate information or communication about the refinancing. Plaintiff's Response failed to inform the Court of the discussions described above, which clearly indicate that Plaintiff is aware that the transaction not only is progressing but that funds have been secured to pay Plaintiff's demand in full. In those discussions, Defendants also attempted to determine whether a global settlement could be reached, which could have affected both the payoff amount and closing logistics. But those ancillary settlement discussions do not change the fact that Plaintiff is aware of the current status of the refinancing and the fact that Defendants have secured the funds to pay Plaintiff's demand in full. Had Plaintiff provided the Court a complete description of the interaction between Plaintiff and Defendants regarding the refinancing transaction, it would have been evident that the transaction is on track and moving forward appropriately.

Plaintiff's Response is also misleading in its discussion of insurance coverage. After purportedly acquiring the subject loans, Plaintiff unilaterally took out insurance coverage on Defendants' assets and named itself as beneficiary. Once Defendants notified the relevant insurance carrier that Defendants dispute Plaintiff's claim to the loans and that Plaintiff's claim in that regard is the subject of active litigation, the carrier canceled Plaintiff's improperly obtained coverage. The Greenbrier's legitimate insurance coverage has not decreased, and The Greenbrier is not underinsured. Defendants further note that the tax liabilities cited in Plaintiff's Response will be fully satisfied when the refinancing transaction closes.

In sum, Defendants' refinancing transaction remains on track to close, much to Plaintiff's dismay. Plaintiff's Response is a last-ditch effort to derail that refinancing, contrary to Plaintiff's disingenuous claim that all it wants is to be repaid. Given the complexity of the refinancing transaction, Defendants have acted with haste to secure funding to pay Plaintiff not only the amount it spent to purportedly acquire the loans but also the enormous windfall it is demanding. Defendants' efforts in that regard should be welcomed, not derided, and the transaction should be allowed to close.

Dated:  July 16, 2026

Respectfully submitted,


/s/ *Steven R. Ruby*

Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY
PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV  25323
Telephone:  (304) 345-1234
Facsimile:  (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

/s/ *H. Rodgin Cohen*

H. Rodgin Cohen (WVSB #767)
Robert L. Jones IV (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff (*pro hac vice*)
Oliver W. Engebretson-Schooley (*pro hac vice*)
1700 New York Avenue, N.W.
Suite 700
Washington, DC  20006
Telephone:  (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, the foregoing document was served upon the following counsel by means of the Court's CM/ECF filing system.

Ellen S. Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
ebelmore@jacksonkelly.com

Seth Patrick Hayes, Esq.
Zachary Hanley Warder, Esq.
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

R. Clay Hoblit, Esq.
HOBLIT DARLING RALLS HERNANDEZ
& HUDLOW
802 North Carancahua Street
Suite 2100
Corpus Christi, TX 78401
choblit@hdr-law.com

Charles M. Jones, II
Richard D. Anigian
HAYNES & BOONE
Suite 2300
2801 North Harwood Street
Dallas, TX 75201
charlie.jones@haynesboone.com
rick.anigian@haynesboone.com

Cassandra Lynn Means
John Francis Willems
OFFICE OF THE ATTORNEY GENERAL
State Capitol, Room 435-W
Charleston, WV 25305
cassandra.l.means@wvago.gov
jwillems@wvago.gov

/s/ *H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)

-6-