IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)

WHITE SULPHUR SPRINGS HOLDINGS, LLC

     Plaintiff,

v.

                                   Case No. 5:26-cv-00257
                                   The Honorable Frank W. Volk

JAMES C. JUSTICE, II, et al.

     Defendants.

## NEW LONDON TOBACCO MARKET, INC. AND FIVEMILE ENERGY, LLC's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

New London Tobacco Market, Inc. (NLTM) and Fivemile Energy, LLC (Fivemile), by counsel and under and pursuant to, *inter alia*, Rule 24(a)(2) and Rule 24(b)(1)(B) of the *Federal Rules of Civil Procedure*, submit this *New London Tobacco Market, Inc. and Fivemile Energy, LLC's Memorandum of Law in Support of Motion to Intervene* in support of *New London Tobacco Market, Inc. and Fivemile Energy, LLC's Motion to Intervene*.

### BACKGROUND

The Eastern District of Kentucky Lawsuit

On April 13, 2026, the Plaintiff above filed this lawsuit seeking to appoint a receiver over the Defendants' assets. Nearly fourteen (14) years prior, on May 11, 2012, NLTM and Fivemile filed suit against James C. Justice Companies, Inc. (JCJC) and Kentucky Fuel Corporation in the United States District Court for the Eastern District of Kentucky. On September 30, 2014, the court rendered default Judgment against the Defendants. See "Exhibit A" hereto, which is said September 30, 2014 default judgment order. Subsequently, on April 24, 2020, that court rendered a judgment awarding damages against JCJC and Kentucky Fuel Corporation, which is not named

a party in this action. See "Exhibit B" hereto, which is said April 24, 2020 damage order. After appeal to the Sixth Circuit Court of Appeals, that court affirmed in part and reversed in part. See "Exhibit C" hereto, which is the Sixth Circuit Court of Appeals order affirming, in part, and reversing, in part. Ultimately, after remand, on July 3, 2024, the court rendered a new judgment against JCJC and Kentucky Fuel Corporation in the sum certain amount of $34,990,986.50, with legal interest accruing at a rate of 0.21% *per annum* from the date of judgment ("Judgment" hereinafter). See "Exhibit D" hereto, which is a true copy of the Judgment. That Judgment was not appealed and is now final. The Judgment has been registered in the United States District Court for the Southern District of West Virginia. See "Exhibit E" hereto, a true copy of the Amended Abstract of Judgment. and, subsequently, an Abstract of Judgment was duly recorded in Greenbrier County,[1] West Virginia, and Monroe County,[2] West Virginia. See "Exhibit F" hereto, a true copy of the Abstract of Judgment as recorded in Greenbrier County, West Virginia and "Exhibit G" hereto, a true copy of the Abstract of Judgment as recorded in Monroe County, West Virginia. NLTM and Fivemile Energy, LLC have filed and recorded Notices of *Lis Pendens* in both Greenbrier County and Monroe County regarding and concerning properties transferred from JCJC to Defendant Oakhurst Club. See "Exhibit H" hereto, a true copy of the recorded *Notice of Lis Pendens* in Greenbrier County, West Virginia, which is recorded and of record in Lis Pendens Book 3, beginning at page 252 in said county and "Exhibit I" hereto, a true copy of the recorded *Notice of Lis Pendens* in Monroe County, West Virginia, which is recorded and of record in Lis

---

[1] An Abstract of Judgment was duly recorded in Greenbrier County, West Virginia in Judgment Book 71, pg 576 with the Offices of the Clerk of the County Commission of Greenbrier County, West Virginia, on June 30, 2026

[2] An Abstract of Judgment was duly recorded in Monroe County, West Virginia in Judgment Book 37, pg 643 on June 30, 2026.

Pendens Book 2, beginning at page 142 in said county. Both Notices of Lis Pendens were recorded and of record on July 13, 2026.

On July 10, 2026, the United States District Court for the Eastern District of Kentucky entered an order that one hundred sixty (160) affiliates of the Justice family, including several Defendants in the above-styled matter, namely, Greenbrier Hotel Corporation; Greenbrier Medical Institute, LLC; Oakhurst Club, LLC; and Greenbrier Golf and Tennis Club Corporation, are the *alter egos* of JCJC, Kentucky Fuel Corporation, and their shareholders, James Justice, III and Jillean Justice. See "Exhibit J" hereto, a true copy of said July 10, 2026 "Opinion and Order."

The Fraudulent Transfer Lawsuits

After the initiation of the above lawsuit resulting in the Judgment, JCJC, through its officers and agents, engaged in a series of transfers of assets. Although these transfers were done in secrecy, NLTM and Fivemile became aware that JCJC was engaged in transferring assets and that such transfers might render a judgment uncollectible. Accordingly, on September 11, 2017, NLTM and Fivemile filed a second lawsuit in the Eastern District of Kentucky against JCJC; Kentucky Fuel Corporation; Justice Management Services, LLC; Justice Farms of North Carolina, LLC; Oakhurst Club, LLC; Southern Minerals, LLC; Bluestone Industries, Inc.; Dynamic Energy Inc.; JCJ Coal Group, LLC; Bluestone Resources, Inc.; James C. Justice, III; and James C. Justice, II. After a pair of amendments, that lawsuit alleged counts for fraudulent transfers, conspiracy, violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and attorneys' fees and costs. Because the Defendants contest jurisdiction in that matter (which has not been ruled upon), NLTM and Fivemile timely filed two additional fraudulent transfer lawsuits in the Circuit Courts for Greenbrier County and Monroe County, West Virginia.

The Monroe County lawsuit concerns five hundred (500) acres of real property located in both Monroe County and Greenbrier County, West Virgina, commonly called "Kate's Mountain Farm." On April 5, 2016, JCJC executed a deed transferring this property to the Oakhurst Club, LLC, via Quitclaim Deed. The Quitclaim Deed expressly states that "it is a quitclaim deed between related parties and the property herein is transferred for no consideration." See "Exhibit K" hereto, a true copy of said recorded 2016 Monroe County Quitclaim Deed.

The Greenbrier County lawsuit concerns five (5) parcels of real property located in Greenbrier County, West Virginia, commonly called the "Colonial Court Property, Old White Hotel Property, Lot 27 Howard's Creek," etc. On April 6, 2016, JCJC executed a deed transferring these parcels of property to the Oakhurst Club, LLC, via Quitclaim Deed. The Quitclaim Deed expressly states that JCJC and Oakhurst Club, LLC are "related parties and the property herein is transferred for no consideration." See "Exhibit L" hereto, a true copy of said recorded 2016 Greenbrier County Quitclaim Deed.

At the time of these transfers, which NLTM and Fivemile allege in the Monroe County and Greenbrier County Complaints were wholly fraudulent transfers of property, in violation of West Virginia law, as NLTM and Fivemile were present or future creditors of JCJC, JCJC owed the debt and the lawsuit resulting in the Judgment had begun four years before JCJC made these transfers. JCJC made these transfers to the Oakhurst Club, LLC, with full knowledge of the suit that led to the Judgment, but, allegedly, in a collaborative effort with their lender, Carter Bank, to justify further borrowing to be secured by property at issue here.

## STANDARD & ARGUMENT

Rule 24(a)(2) of the *Federal Rules of Civil Procedure* requires the court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the

action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Federal Rule of Civil Procedure* § 24(a)(2). To have a right to intervene under this rule, NLTM and Fivemile need only show that they have "an interest sufficient to merit intervention;" "that without intervention, its interests may be impaired;" and "that present litigants do not adequately represent its interest." *Com. Of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

Additionally, *West Virgina Code* § 40-1A-7(3)(ii) further enables this Court to appoint a receiver based upon the fraudulent transfers by JCJC and lawsuits discussed above. Specifically, the statute permits "[a]ppointment of a receiver to take charge of the asset transferred or of other property of the transferee[.]"

The *Lis Pendens* Notices recorded by NLTM and Fivemile in Greenbrier and Monroe County and the fraudulent transfers are sufficient to merit intervention under the applicable rule, as NLTM and Fivemile indisputably have "an interest relating to the property or transaction that is the subject of this action." No other party currently represents NLTM and Fivemile's interest in this litigation. Furthermore, NLTM and Fivemile are arguably necessary parties to the case under Rule 19(a)(1)(B)(i) of the *Federal Rules of Civil Procedure*, which provides that a party must be joined when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." If the receiver fails to satisfy NLTM and Fivemile's liens, there may be insufficient assets remaining in the Defendants' estate to satisfy the outstanding Judgement once Plaintiff's claims are resolved.

For the reasons set forth above, the movants respectfully request that they be granted leave to intervene in this matter for the purpose of protecting their interest in the Defendants' property and that *New London Tobacco Market, Inc. and Fivemile Energy, LLC's Motion to Intervene* be granted by this Honorable Court

**Respectfully submitted,**

**New London Tobacco Market, Inc.
AND Fivemile Energy, LLC.**

**By counsel,**

Shawn R. Romano, Esq. (W. Va. State Bar No. 7577)
Miles B. Berger, Esq. (W. Va. State Bar No. 12147)
**ROMANO & ASSOCIATES, PLLC**
860 Court Street North, Suite 100
Lewisburg, West Virginia 24901
(304) 345-2626
(304) 345-7626 (*facsimile*)
mberger@ro-law.com
www.ro-law.com

AND

/s/ *W. Edward Shipe*
*W. Edward Shipe (TN # 023887)
**BROCK SHIPE KLENK PLC**
265 Brookview Centre Way, Suite 604
Knoxville, TN 37919
865-338-9700
eshipe@bskplc.com
*pro hac vice* application forthcoming

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)

WHITE SULPHUR SPRINGS HOLDINGS, LLC

  Plaintiff,

v.            Case No. 5:26-cv-00257
             The Honorable Frank W. Volk

JAMES C. JUSTICE, II, et al.

  Defendants.

## CERTIFICATE OF SERVICE

I, Miles B. Berger, hereby certify that on this, the 17th day of July, 2026, the foregoing *New London Tobacco Market, Inc. and Fivemile Energy, LLC's Memorandum of Law in Support of Motion to Intervene* was filed using the Court's CM/ECF system.  Counsel of record in this Civil Action will be served by the Court's CM/ECF system, as follows:

Seth P. Hayes, Esq.
Zachary H. Warder, Esq.
**JACKSON KELLY PLLC**
3000 Swiss Pine Way, Suite 200
Morgantown, West Virginia 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

&

Ellen Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
**JACKSON KELLY PLLC**
500 Lee Street East, Suite 1600
Charleston, West Virginia 25301
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
*Counsel for White Sulphur Springs Holdings, LLC*

Steven R. Ruby, Esq.
Raymond S. Franks, II, Esq.
David R. Pogue, Esq.
**CAREY, DOUGLAS, KESSLER & RUBY, PLLC**
707 Virginia Street East, Suite 901
Charleston, West Virginia 25301
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

&

H. Rodgin Cohen, Esq.
Robert L. Jones, IV, Esq.
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
cohenhr@sullcrom.com
jonesrob@sullcrom.com

&

Amanda Flug Davidoff, Esq.
Oliver W. Engebretson-Schooley, Esq.
**SULLIVAN & CROMWELL LLP**
1700 New York Avenue NW, Suite 700
Washington, D.C. 20006
davidoffa@sullcrom.com
engebretsono@sullcrom.com
*Counsel for Defendants*

Miles B. Berger, Esq. (W. Va. State Bar No. 12147)