# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | |
|---|---|
| WHITE SULPHUR SPRINGS HOLDINGS, LLC, | |
| Plaintiff, | Civil No. 5:26-cv-00257 |
| v. | Hon. Frank W. Volk |
| JAMES C. JUSTICE, II, *et al.*, | |
| Defendants. | |

**DECLARATION OF STEVEN R. RUBY IN SUPPORT OF DEFENDANTS' RESPONSE TO THE COURT'S JULY 19, 2026 ORDER TO SHOW CAUSE**

I, Steven R. Ruby, hereby declare under penalty of perjury the following:

1. I am outside counsel to Defendants in this case. In that capacity, I have been personally involved on behalf of Defendants in the financing transaction between Defendants and Kennedy Lewis Investment Management LLC ("KLIM") that is described in Defendants' Response to the Court's July 19, 2026 Order to Show Cause.

2. I have personal knowledge of the facts set forth in this declaration and, if called to testify, could and would competently testify to the truth of the matters stated below.

3. I submit this declaration in support of Defendants' Response to the Court's July 19, 2026 Order to Show Cause to provide the current status of the relevant financing transaction.

4. Given the complex organizational structure of The Greenbrier and its relevant assets, a multi-step internal pre-closing reorganization was required to be in a position to transfer all of the appropriate assets unencumbered. This reorganization took multiple days and several filings with the secretary of state in each of Delaware, Virginia and West Virginia, as well as the

drafting of more than fifty governance and organizational documents, including, among others, member consents, board consents, operating agreements, and dissolution documentation.  Given delays in turnaround time to receive evidence of certain entity conversions, the timing of the reorganization was delayed.  But the parties expect that the reorganization will be completed by July 21, 2026.

5. This transaction is unique from a typical debt refinancing in that it also includes a significant mergers and acquisition ("M&A") component.  The parties had to negotiate a joint venture agreement setting forth the rights and obligations of each member, including with respect to voting rights, governance mechanics, and exit rights of each party.  This document is particularly important to the Justices, as it governs their ownership and rights with respect to The Greenbrier going forward.  Although negotiating such a document takes a significant amount of time, the document is currently in substantially final form and under review with the West Virginia Lottery Commission ("WVLC").

6. The M&A component of the transaction also required the preparation of a subscription agreement and management services agreement, each of which takes substantial time to draft and negotiate.  The subscription agreement is in final form, and the management services agreement is expected to be finalized by the end of the week of July 20, 2026.

7. Owned real property is also a material consideration in this transaction, which required significant diligence on the properties themselves, including, among other things, working with third parties to obtain flood certificates and title commitments, providing diligence information to the title company and the lender, and working with title to provide all requisite payoff and lien release documentation.  Defendants' outside counsel team remains in constant

-3-

communication with the title company and is working as expediently as possible to resolve all remaining outstanding items.

8.      The M&A transaction is structured as a simultaneous signing and closing. Therefore, several other actions were also required to be completed at an accelerated pace prior to signing, which are oftentimes addressed in an interim period between signing and closing. These include obtaining consents and providing notices to third parties as required under any material contract of The Greenbrier, addressing employment communications and onboarding items, diligencing insurance policies and taking requisite steps to ensure they remain outstanding post-closing, and legal due diligence by KLIM prior to becoming a member of the joint venture. All of these ancillary workstreams have either now been completed or are expected to be completed by the end of the week of July 20, 2026.

9.      Defendants are awaiting the approval of the WVLC as it relates to The Greenbrier's casino license. The primary transaction documents are under review by the WVLC. While Defendants have diligently sought approval of the transaction, WVLC has not yet acted on this issue, though Defendants expect to receive approval soon.

10.     To date, WSSH has impeded Defendants' attempts to quickly close the transaction. Earlier this month, I had to repeatedly prompt WSSH's representatives to provide the payoff statement that would allow Defendants to repay the loans as part of the closing process. It ultimately took me five days to obtain the payoff statement from WSSH. (*See* Ex. C (email correspondence with WSSH) at 6–7.) And last week, WSSH's representatives refused to even have a phone call with me and KLIM's representatives to discuss the final details of closing the transaction. (*See* Ex. C at 1–2.) This refusal resulted in several more days of delay. KLIM

-4-

nevertheless reached out again yesterday to WSSH directly to remind them of the documents needed to close the transaction.  (*See* Ex. D.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of July, 2026 in White Sulphur Springs, West Virginia.


_____
Steven R. Ruby