**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

WHITE SULPHUR SPRINGS HOLDINGS, LLC,

    Plaintiff,

v.

JAMES C. JUSTICE, II, *et al.*,

    Defendants.

Civil Case No. 5:26-cv-00257

Hon. Frank W. Volk

## DEFENDANTS' MOTION TO FURTHER CONTINUE DEADLINES AND SCHEDULED HEARINGS

On May 27, 2026, Defendants informed the Court that they had "obtained a term sheet for new financing that will allow them to repay the total amount of debt that Plaintiff White Sulphur Springs Holdings, LLC claims it is owed" and requested that the Court "continue all briefing deadlines for 60 days, continue the hearings currently scheduled for June 1, 2026, and June 8, 2026, and schedule a telephonic status conference for the week of June 22, 2026, or any other date that is convenient for the Court." (ECF No. 58 at 1.) By Memorandum Opinion and Order dated May 30, 2026, the Court directed that "the parties are relieved of the deadlines set forth in the Amended Case Management Order [ECF 35]." (ECF No. 80 at 6.) The Court further ordered that "Defendants shall file status reports on June 14 and July 3, 2026, apprising the Court of progress made toward closing the financing transaction, with the expectation that closing will occur on or before July 16, 2026." (*Id.*) Finally, the Court directed that "if the transaction abates at any point prior to closing, Defendants shall notify the Court on the docket forthwith, and in no event later

than twenty-four (24) hours after they receive notice from, or provide notice to, the financing partner of the cancelled transaction." (*Id.*)

Pursuant to the Court's May 30, 2026 Memorandum Opinion and Order, Defendants filed Status Reports on June 14, 2026, July 3, 2026, and July 10, 2026, updating the Court on the progress of the financing transaction. (ECF Nos. 84, 85, 86.)  In their July 10, 2026 Status Report, Defendants notified the Court that "Defendants are mindful of the expectation stated in the Court's May 30, 2026 Memorandum Opinion and Order . . . that the transaction would close by July 16, 2026, and have been working diligently to close the transaction by that date."  (ECF No. 86 at 2.) Defendants further explained that "[d]ue to the complexity of the transaction, a brief additional period may be required to close, but Defendants and [Kennedy Lewis Investment Management ("KLIM")] continue to affirm their commitment to close the transaction expeditiously." (*Id.*)

On July 19, 2026, the Court entered an Order to Show Cause asking Defendants to "explain[] why the Court should not forthwith enter an order setting the further proceedings necessary for a prompt adjudication of the merits."  (ECF No. 92 at 2.)  For the reasons set forth more fully in Defendants' Response to that Order (the "Response"), Defendants respectfully move for a further continuance of the deadlines and scheduled hearings in this action.

The Court may continue deadlines "for good cause."  Fed. R. Civ. P. 6(b)(1).  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  *Ahanchian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  Accordingly, extensions of time "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  4B Wright & Miller's Federal Practice & Procedure § 1165 (4th ed. 2026).  This Court has held that "the primary consideration is the

diligence of the moving party." *Insco* v. *Wexford Health Sources, Inc.*, 2021 WL 4074483, at *2 (S.D.W. Va. Sept. 7, 2021).

Here, there is good cause for a further continuance of the briefing deadlines and adjournment of the scheduled hearings. As explained in Defendants' Response, Defendants and their financing partner, KLIM, have diligently worked to close the financing transaction that the Court permitted Defendants time to complete in its May 30, 2026 Memorandum Opinion and Order (ECF No. 80). That transaction is not speculative or uncertain—it is nearly done. Defendants anticipate that all deal documents will be completed by the week of July 20, 2026, and closing will occur on or before August 7, 2026. A further continuance of the briefing deadlines and scheduled hearings will enable Defendants to close the financing transaction, pay WSSH the amount it claims it is owed—netting WSSH a nearly $100 million windfall—and moot this case. *See Whitmore* v. *Western Regional Jail*, 2019 WL 3756396, at *4 (S.D.W. Va. July 19, 2019) ("Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." (citing 13A Wright & Miller's Federal Practice and Procedure § 3533.2)).

Put simply, a further continuance promotes judicial economy and avoids placing an unnecessary burden both on the Court and the parties. And a further continuance is particularly appropriate here given that Defendants have acted diligently in pursuing the financing transaction, have complied with all Court ordered deadlines, and have endeavored to ensure that both the Court and Plaintiff are apprised of the status of the transaction.

Accordingly, Defendants respectfully request that the Court further continue all deadlines and scheduled hearings in this action until August 7, 2026, to permit Defendants to complete the financing transaction that will moot Plaintiff's claims. Additionally, to ensure that the Court

remains apprised of the status of the financing transaction, Defendants intend—subject to the Court's permission—to submit the following additional status reports to the Court:

- By July 27, 2026, Defendants will submit a status report to confirm that all transaction documents have been completed.

- By July 31, 2026, Defendants will submit a second status report to update the Court on the status of the three outstanding actions that must be completed to allow the transaction to close. (*See* Response to Order to Show Cause at 6–7.)

If the transaction has not closed by August 7, 2026, Defendants propose that the Court order an immediate inquiry by a magistrate judge into the circumstances delaying the closing of the transaction, along with a prompt recommendation as to the steps necessary for the transaction to close or for the matter to otherwise proceed.

-5-

Dated:  July 21, 2026

Respectfully submitted,

/s/ *Steven R. Ruby*

Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY
PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV  25323
Telephone:  (304) 345-1234
Facsimile:  (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

/s/ *H. Rodgin Cohen*

H. Rodgin Cohen (WVSB #767)
Robert L. Jones IV (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff (*pro hac vice*)
Oliver W. Engebretson-Schooley (*pro hac vice*)
1700 New York Avenue, N.W.
Suite 700
Washington, DC  20006
Telephone:  (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2026, the foregoing document was served upon the following counsel by means of the Court's CM/ECF filing system.

Ellen S. Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
ebelmore@jacksonkelly.com

Seth Patrick Hayes, Esq.
Zachary Hanley Warder, Esq.
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

R. Clay Hoblit, Esq.
HOBLIT DARLING RALLS HERNANDEZ
& HUDLOW
802 North Carancahua Street
Suite 2100
Corpus Christi, TX 78401
choblit@hdr-law.com

Charles M. Jones, II, Esq.
Richard D. Anigian, Esq.
HAYNES & BOONE
Suite 2300
2801 North Harwood Street
Dallas, TX 75201
charlie.jones@haynesboone.com
rick.anigian@haynesboone.com

Cassandra Lynn Means, Esq.
John Francis Willems, Esq.
OFFICE OF THE ATTORNEY GENERAL
State Capitol, Room 435-W
Charleston, WV 25305
cassandra.l.means@wvago.gov
jwillems@wvago.gov

Shawn R. Romano, Esq.
Miles B. Berger, Esq.
ROMANO & ASSOCIATES, PLLC
860 Court Street North, Suite 100
Lewisburg, West Virginia 24901
mberger@ro-law.com

W. Edward Shipe, Esq.
BROCK SHIPE KLENK PLC
265 Brookview Centre Way, Suite 604
Knoxville, TN 37919
eshipe@bskplc.com

/s/ *H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)