# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

WHITE SULPHUR SPRINGS HOLDINGS, LLC,

    Plaintiff,

v.

JAMES C. JUSTICE, II, *et al.*,

    Defendants.

Civil Case No. 5:26-cv-00257

Hon. Frank W. Volk

## DEFENDANTS' RESPONSE IN OPPOSITION TO NEW LONDON TOBACCO MARKET, INC. AND FIVEMILE ENERGY, LLC'S MOTION TO INTERVENE

On July 17, 2026, New London Tobacco Market, Inc. and Fivemile Energy, LLC ("Movants") moved to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure purportedly to protect their supposed interest in Defendants' property. (*See* ECF No. 89.) Movants also contend that they are "arguably . . . necessary parties to the case under Rule 19(a)(1)(B)(i) of the Federal Rules of Civil Procedure." (ECF No. 90 ("Mem. in Supp. of Mot. to Intervene") at 5.) Neither Rule provides an adequate basis for the requested intervention. That said, the Court should defer ruling on Movants' motion because Defendants' ongoing financing transaction is likely to moot this entire action and thus Movants' motion. (*See* ECF No. 93.) In the event that proceedings in this action move forward, the Court can at that time consider Movants' motion and the pending motion to intervene filed by the West Virginia State Tax Division (ECF No. 54).

Movants seek to intervene in this action based on a claimed interest in certain properties that are the subject of Plaintiff White Sulphur Spring Holdings, LLC's ("Plaintiff") receivership motion (the "Relevant Properties").[1] (*See* Mem. in Supp. of Mot. to Intervene at 4.) Movants assert that interest based on a series of judgments and alleged fraudulent transfers. (*Id.* at 1–4.) Movants purport to hold a final money judgment against two entities—Kentucky Fuel Corporation ("KFC") and James C. Justice Companies, Inc. ("JCJC")—that was issued by the U.S. District Court for the Eastern District of Kentucky and that has been registered in the U.S. District Court the Southern District of West Virginia and recorded in Greenbrier and Monroe Counties. (*Id.* at

---

[1]     According to Movants, the Relevant Properties are (i) 500 acres of real property located in both Monroe County and Greenbrier County, West Virginia, which is commonly called "Kate's Mountain Farm"; and (ii) five parcels of real property located in Greenbrier County, West Virginia, that are commonly called "'Colonial Court Property, Old White Hotel Property, Lot 27 Howard's Creek', etc." (Mem. in Supp. of Mot. to Intervene at 4.)

1–2.)  Neither KFC nor JCJC, however, is a party to this action.  Nonetheless, Movants contend that JCJC fraudulently transferred the Relevant Properties, which they assert could theoretically have been used to satisfy the judgment against KFC and JCJC in the event of non-payment, to Oakhurst Club, LLC, a Defendant in this action.  (*Id.* at 3–5.)[2]

Based on these accusations, Movants state that they have filed three lawsuits targeting JCJC's supposed fraudulent transfer of the Relevant Properties—one in the Eastern District of Kentucky, one in Greenbrier County Circuit Court, and one in Monroe County Circuit Court.  (*Id.* at 3.)  Movants also allege that they have filed and recorded Notices of *Lis Pendens* in both Greenbrier and Monroe Counties to notify potential purchasers of their claimed interest in the Relevant Properties.  (*Id.* at 2.)  Movants claim that JCJC's allegedly fraudulent transfers, which

---

[2]    Movants' Memorandum of Law also includes an inaccurate claim about an alter-ego ruling issued by the U.S. District Court for the Eastern District of Kentucky.  According to Movants, the Kentucky federal court ruled that certain Defendants in this action, including "Greenbrier Hotel Corporation; Greenbrier Medical Institute, LLC; Oakhurst Club, LLC; and Greenbrier Golf and Tennis Club Corporation, are the *alter egos* of JCJC, [KFC], and their shareholders, James Justice, III and Jillean Justice." (Mem. in Supp. of Mot. to Intervene at 3.)  But Movants do not even attempt to explain how this alter-ego decision supports their motion to intervene.  That is because they cannot.   The Kentucky federal court's alter-ego decision was imposed under Rule 37(b)(2)(A)(i) as a sanction for purported shortcomings during post-judgment discovery.  (*See* ECF No. 89-9 at 24–26.)  That rule affords courts the power to "direct[] that . . . designated facts be taken as established *for purposes of the action,* as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i) (emphasis added).  In other words, the alter-ego decision is not a final determination on the merits—it was imposed as a "discovery sanction" for purposes of only the Kentucky action.  (*See* ECF No. 89-9 at 24–26.)  Moreover, the alter-ego ruling is likely to be appealed. *Cf. Collins* v. *Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (noting that collateral estoppel requires "final and valid" judgment on issue that was "previously litigated" and "actually determined in the prior proceeding").  Even if the alter-ego decision could apply here, it would still not be relevant to the question of intervention.  The Kentucky federal court specifically determined that a group of companies, including KFC and JCJC, are the alter egos of Defendant James C. Justice III and non-party Jillean Justice.  (*See* ECF No. 89-9 at 30.)  The court did not conclude that Oakhurst Club, LLC, which owns the Relevant Properties, is an alter ego of KFC and JCJC.  (*See id.*); *see also Vitol, S.A.* v. *Primerose Shipping Co.*, 708 F.3d 527, 545 (4th Cir. 2013) (requiring "independent allegations" that each relevant entity was the alter ego of the other to impose alter-ego liability).

"*might* render a judgment uncollectable," along with the recorded Notices of *Lis Pendens*, "are sufficient to merit intervention" in this action. (*Id.* at 3, 5 (emphasis added).) Not so. That is perhaps why Movants' request for intervention is supported by only a single case that does nothing more than recite the standard for intervention under Rule 24. (*See id.* at 5.)

Intervention as of right under Rule 24(a) requires the movant to show four things: (i) a timely motion to intervene; (ii) an interest in the subject matter of the action; (iii) a risk that the disposition of the action will impair the applicant's ability to protect that interest; and (iv) inadequate representation of that interest by the existing parties. *See Sierra Club* v. *EPA*, 2024 WL 3625682, at *5 (S.D.W. Va. Aug. 1, 2024). Although motions to intervene are "liberally permitted," courts apply the Rule 24 standard "thoughtfully" and caution that the standard "does not . . . [require] resolving every possible doubt in favor of intervention." *Mollohan* v. *Gregory*, 2021 WL 1583087, at *2 (S.D.W. Va. Apr. 22, 2021) (citations omitted). Defendants do not challenge the timeliness of intervention, but Movants fail to show that they have a right to intervene for at least two independent reasons.

*First*, a putative intervenor must have a "significantly protectable interest" in the "property or transaction" that is the subject matter of the action. *Ohio Valley Env't Coal., Inc.* v. *McCarthy*, 313 F.R.D. 10, 18 (S.D.W. Va. 2015) (citations omitted); *see also In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997) (noting putative intervenor "must demonstrate a direct and substantial interest in the property" (internal quotation marks omitted)). Movants have no such interest here. In fact, Movants currently have no interest *at all* in the Relevant Properties. Rather, Movants hold a monetary judgment enforceable against KFC and JCJC, two non-parties to this action. Movants merely speculate that, *if* those non-parties fail to satisfy that judgment, and *if* a court concludes that JCJC fraudulently transferred the Relevant Properties to Defendant Oakhurst Club, LLC, then

-4-

Movants *may* be able to claim an interest in those Properties after the transfer is unwound. (*See* Mem. in Supp. of Mot. to Intervene at 3–5.) Plainly, this is precisely the type of "speculative future interest" that is insufficient to support "intervention as of right." *Sierra Club*, 2024 WL 3625682, at *8, *11 (collecting cases); *see Env't Def.* v. *Leavitt*, 329 F. Supp. 2d 55, 69 (D.D.C. 2004) (denying motion for intervention where the putative intervenor asked "the court to make many . . . inferential leaps, tie them together with inferential string, and come up with injury or impairment"); *see also Dairy Maid Dairy, Inc.* v. *United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993) ("To be protectable, the putative intervenor's claim . . . must be direct, rather than remote or contingent.").

That is particularly so here because Movants' own submissions make clear that their fraudulent-transfer claims, which are a key aspect of Movants' theory as to why they have an interest in this action, are likely time-barred. Movants filed their West Virginia lawsuits seeking to unwind the transfer of the Relevant Properties in 2026 (*see* ECF Nos. 89-8, 89-12)—nearly nine years after Movants apparently learned of the transfers (*see* Mem. in Supp. of Mot. to Intervene at 3) and far outside any applicable limitations period, *see* W. Va. Code § 40-1A-9 (setting limitations period of a maximum of four years from the date of the transfer or one year after discovery by the relevant party).[3]

---

[3]     Movants' Memorandum of Law mentions that "West Virginia Code § 40-1A-7(3)(ii) further enables this Court to appoint a receiver based upon the fraudulent transfers of JCJC and lawsuits discussed [in the Memorandum]." (Mem. in Supp. of Mot. to Intervene at 5.) As an initial matter, Movants—just like Plaintiff—wrongly suggest that West Virginia law governs the decision whether to appoint a receiver. It does not—federal law governs. (*See* ECF No. 61 (Defs.' Consolidated Mem. of Law in Opp'n to Pl.'s Am. Emergency Mot. for Appointment of a Receiver and Emergency Mot. for Prelim. Inj.) at 11 n.8.) But in any event, the question of whether the Court should appoint a receiver is entirely irrelevant to Movants' request to intervene because the propriety of Plaintiff's receivership request is unrelated to whether Movants have a sufficient interest in this action to permit intervention.

*Second*, Movants have failed to demonstrate that any interest that they may have in this action would be impaired by disposition of this action in their absence. Courts have routinely held that intervention in a receivership proceeding is not necessary to protect a lienholder's or creditor's interest, which is the interest that Movants claim to have in the Relevant Properties. (*See* Mem. in Supp. of Mot. to Intervene at 5.) Rather, that interest will be adequately protected by the ordinary claims-processing mechanisms of the receivership itself. *See CFTC* v. *Rust Rare Coin Inc.*, 811 F. App'x 497, 501 (10th Cir. 2020) (denying creditors' motion to intervene because the creditors had "fail[ed] to demonstrate that any aspect of their claim . . . [could not] be asserted and resolved without impairment of their interest through the claim resolution procedure"); *see also SEC* v. *Provident Royalties, LLC*, 2009 WL 10678431, at *2 (N.D. Tex. Sep. 1, 2009) (finding lienholder failed to show impairment where it could object to receiver's distribution plan); *SEC* v. *Illarramendi*, 2012 WL 5832330, at *4 (D. Conn. Nov. 16, 2012) (denying intervention as of right where creditors failed to show intervention was the "only appropriate method" by which they could object to the settlement distributing the debtor's assets).

Here, if Plaintiff prevailed in this action, the Court could appoint a receiver to take control of Defendants' property, including the Relevant Properties. Movants' purported recording of a Notice of *Lis Pendens* regarding that property gives notice of Movants' claimed interest in the property at issue to any potential purchaser or encumbrancer. *See* W. Va. Code § 55-11-2. Accordingly, any appointed receiver would be aware of Movants' claimed interest and would have to account for that interest if Movants ultimately prove that they have a valid interest. Put simply, Movants have not identified any reason why they could not adequately protect their asserted interests through a claims-resolution procedure established by a receiver, if one is appointed. Thus,

even assuming that they have asserted an actual, non-speculative interest in the Relevant Properties, intervention is not necessary.[4]

For these same reasons, Movants cannot establish that they are "necessary parties to the case" under Rule 19, which states that a party is necessary if it "claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." *McKiver* v. *Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020) (quoting Fed. R. Civ. P. 19(a)(1)(B)(i)). For the reasons stated above, Movants cannot meet that standard. *See id.* at 952 (requiring that an absent party's interest "be more than a financial stake, and more than speculation about a future event" to render them "necessary" (citation omitted)).

At bottom, Movants tellingly admit that their interests in the Relevant Properties are contingent and speculative: "*If* the receiver fails to satisfy NLTM and Fivemile's liens, *there may be* insufficient assets remaining in the Defendants' estate to satisfy the outstanding Judgement once Plaintiff's claims are resolved." (Mem. in Supp. of Mot. to Intervene at 5 (emphasis added).) This type of speculative, contingent interest is insufficient to render Movants necessary parties under Rule 19 or to permit intervention under Rule 24.

---

[4]     Movants' Motion to Intervene suggested in passing that they are also entitled to permissive intervention under Rule 24(b)(1)(B), which allows a court to permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." But Movants offer no argument in support of that request and do not even attempt to make that requisite showing. *See Mollohan*, 2021 WL 1583087, at *3 (noting that if a putative permissive intervenor "fails to identify a claim or defense that shares a common question of law or fact, permissive intervention should be denied").

For the foregoing reasons, if the Court does not defer ruling on Movants' motion to intervene pending completion of the ongoing financing transaction that will likely moot this action and the Motion, the Court should deny the Motion.

.

Dated: July 22, 2026

Respectfully submitted,

/s/ Steven R. Ruby
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY
PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

/s/ H. Rodgin Cohen
H. Rodgin Cohen (WVSB #767)
Robert L. Jones IV (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff (*pro hac vice*)
Oliver W. Engebretson-Schooley (*pro hac vice*)
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, the foregoing document was served upon the following counsel by means of the Court's CM/ECF filing system.

Ellen S. Cappellanti, Esq.
Albert F. Sebok, Esq.
Elizabeth B. Elmore, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com
ebelmore@jacksonkelly.com

Seth Patrick Hayes, Esq.
Zachary Hanley Warder, Esq.
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

R. Clay Hoblit, Esq.
HOBLIT DARLING RALLS HERNANDEZ
& HUDLOW
802 North Carancahua Street
Suite 2100
Corpus Christi, TX 78401
choblit@hdr-law.com

Charles M. Jones, II, Esq.
Richard D. Anigian, Esq.
HAYNES & BOONE
Suite 2300
2801 North Harwood Street
Dallas, TX 75201
charlie.jones@haynesboone.com
rick.anigian@haynesboone.com

Cassandra Lynn Means, Esq.
John Francis Willems, Esq.
OFFICE OF THE ATTORNEY GENERAL
State Capitol, Room 435-W
Charleston, WV 25305
cassandra.l.means@wvago.gov
jwillems@wvago.gov

Shawn R. Romano, Esq.
Miles B. Berger, Esq.
ROMANO & ASSOCIATES, PLLC
860 Court Street North, Suite 100
Lewisburg, West Virginia 24901
mberger@ro-law.com

W. Edward Shipe, Esq.
BROCK SHIPE KLENK PLC
265 Brookview Centre Way, Suite 604
Knoxville, TN 37919
eshipe@bskplc.com

*/s/ H. Rodgin Cohen*
H. Rodgin Cohen (WVSB #767)