# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### (BECKLEY DIVISION)

WHITE SULPHUR SPRINGS HOLDINGS, LLC )
a Texas Limited Liability Company, )
            )
    Plaintiff, )
            )
v. )  Case No. 5:26-cv-00257
            )  The Honorable Frank W. Volk
            )
JAMES C. JUSTICE, II, Individually; )
CATHY L. JUSTICE, Individually; )
JAMES C. JUSTICE, III, Individually; )
GREENBRIER HOTEL CORPORATION, )
a West Virginia Corporation; )
GREENBRIER MEDICAL INSTITUTE, LLC, )
a West Virginia Limited Liability Company; )
OAKHURST CLUB, LLC, )
a West Virginia Limited Liability Company; )
GREENBRIER GOLF AND TENNIS )
CLUB CORPORATION, )
a West Virginia Corporation; )
GREENBRIER LEGACY COTTAGE )
DEVELOPMENT COMPANY I, Inc., )
a West Virginia Corporation; )
GREENBRIER LEGACY COTTAGE )
DEVELOPMENT II, Inc., )
a West Virginia Corporation. )
            )
    Defendants. )

**PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO
DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE (DKT. 93) AND MOTION
TO FURTHER CONTINUE DEADLINES AND SCHEDULED HEARINGS (DKT. 94)**

Defendants' timeline for closing this transaction continues to grow longer with still no clear

end date in sight. White Sulphur Springs Holdings, LLC ("WSSH") is now told this transaction

will close on or before August 7, 2026. Recent developments give WSSH cautious optimism that

Defendants' plan will bear fruit by their newest August 7 deadline. But Defendants opacity

throughout this process—and the Justices' long history of litigation to avoid paying their debts—

tint WSSH's view with judicious skepticism.

1

## STATEMENT IN OPPOSITION

WSSH begins with the reasons for optimism.  On July 22, WSSH's counsel had their first discussion with counsel for Defendants' lender, KLIM.  Those discussions were frank and professional, and WSSH will not recount the details further here.[1]  The same day, WSSH sent Defendants and KLIM the detailed payoff letter requested.  The July 22 payoff letter contains detailed provisions for payment and release of WSSH's liens.

WSSH will continue to do what is reasonable and customary for a senior secured judgment creditor on judgment obligations of almost $400 million in order to facilitate the closing.  For example, WSSH has sent Defendants five payoff statements.  WSSH has made it clear that if this transaction is going to close, it needs to close as soon as possible and WSSH will cooperate fully with KLIM and any other parties necessary to complete the transaction.

As noted in the payoff letter sent to counsel for KLIM, WSSH will release its liens on the collateral securing Defendants' judgment obligations promptly upon satisfaction of the following conditions:

1.  Indefeasible payment in full of all judgment obligations, interest, and expenses as reflected in the payoff statement WSSH sent to counsel for Defendants and KLIM on July 22, together with any additional expenses and accrued interest as calculated in accordance with the terms of the 14th FBA and Judgments;

2.  Indefeasible payment of all indemnity and expense obligations in accordance with the terms of the 14th FBA;

3.  Dismissal with prejudice of all claims asserted in the action styled *Greenbrier Hotel Corp. et al. v. Carter Bank & Trust, et al.*, Case No. CC-13-2026-C-51, pending in the Circuit Court of Greenbrier County, West Virginia.  Such dismissal with prejudice is required by the 14th FBA and must be by all plaintiffs to the action and must cover all defendants in that action; and

---

[1] There has been much retelling of attorney conversations and confidential settlement discussions in Defendants' court filings.  That is as unfortunate as it is unproductive.  WSSH will only say that it disagrees with Defendants' version of events.

4. Execution by all Justice parties—including all Justice parties to the 14th FBA—of a comprehensive, general, and irrevocable release of all known and unknown claims against WSSH, TRT Holdings, and certain affiliates and individuals associated with these entities.

These are not arbitrary demands. Each of these points is entirely consistent with WSSH's rights under the 14th FBA (including its payment, interest, release, and indemnification provisions), the related judgment documents, the independent deeds of trust in favor of WSSH, and other contractual documents. These points are also commercially reasonable, and all are standard requirements for a senior secured judgment creditor to release its liens in such a transaction.

But however optimistic WSSH may be, it also imbued with skepticism. Based on Defendants' past representations, this deal should have long been closed and funded. As the Court wrote in May: Defendants "repeatedly assert[ed] the financing transaction should be completed by the end of June." (Mem. Op. and Order at 4, dkt. 80). Then it was early July. Then it was late July. Now, it is August 7, or possibly later. Indeed, Defendants' latest Motion for Continuance expressly contemplates that August 7 will come and go without finality.

Further, WSSH has yet to see drafts of any necessary deal documents yet alone definitive closing documents. WSSH now understands that the closing is conditioned on the approval of the West Virginia Lottery Commission, which may have its own ideas about the appropriateness of these matters. More concerning, WSSH recently learned that the sales staff at The Greenbrier Hotel is reaching out to existing future group customers and offering credits (discounts) if the customers pay for their meetings in advance. Moreover, the funds are being wired to the bank accounts of another entity which is not a defendant in this proceeding, and which is unknown to WSSH. This could result in this cash being unavailable to provide the promised services when the

3

group arrives. Any misdirection of proceeds that comprise a significant piece of WSSH's collateral directly supports WSSH's request for a receivership and injunctive relief.

Last, as described to the Court in briefing earlier this week (dkt. 90 at 2-3; dkt. 97 at 2), opinions and orders from the U.S. District Court for the Eastern District of Kentucky and the U.S. Court of Appeals for the Sixth Circuit paint an ugly picture of certain Justice parties' disregard for, and lack of adherence to, the rule of law.

\* \* \* \* \*

Defendants essentially seek a two-part continuance. First, they ask the Court to give them until August 7 "to complete the financing transaction that will moot Plaintiff's claims." (Mot. to Further Continue at 4, dkt. 94). Second, if that closing does not occur by August 7, Defendants propose that the Court "order an immediate inquiry by a magistrate judge into the circumstances delaying the closing of the transaction, along with a prompt recommendation as to the steps necessary for the transaction to close or for the matter to otherwise proceed." (*Id.*)

WSSH accedes to the first request. The Court should give Defendants a ***firm*** deadline of August 7, 2026, to close and fund their transaction. Conversely, WSSH strongly opposes the second part of Defendants' requested continuance. Defendants know full well that an "inquiry by a magistrate judge" is nothing more than a recipe for further delay. Delay that will further waste the value of WSSH's collateral. Delay that will give Defendants further opportunities to misdirect revenues. Delay that will further damage The Greenbrier Resort and all stakeholders.

This refinancing process must have an end. Defendants have had their opportunity and thrice extended their own deadline. If Defendants' transaction does not close and fund by August 7, the Court should promptly set a schedule to hear and determine the merits of WSSH's request for a receivership and injunctive relief.

Respectfully submitted,

**WHITE SULPHUR SPRINGS
HOLDINGS, LLC**

By counsel,

/s/ *Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB #10381)
Zachary H. Warder, Esq. (WVSB #13566)
JACKSON KELLY PLLC
3000 Swiss Pine Way, Suite 200
P.O. Box 619
Morgantown, WV 26501
shayes@jacksonkelly.com
zachary.warder@jacksonkelly.com

and

Ellen Cappellanti, Esq. (WVSB #627)
Albert F. Sebok, Esq. (WVSB #4722)
Elizabeth B. Elmore (WVSB #6061)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
ecappellanti@jacksonkelly.com
asebok@jacksonkelly.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)**

WHITE SULPHUR SPRINGS HOLDINGS, LLC  )
a Texas Limited Liability Company,  )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,  )
　　　　　　　　　　　　　　　　　　　　)
v.  )　　　Case No. 5:26-cv-00257
　　　　　　　　　　　　　　　　　　　　)　　　The Honorable Frank W. Volk
JAMES C. JUSTICE, II, Individually;  )
CATHY L. JUSTICE, Individually;  )
JAMES C. JUSTICE, III, Individually;  )
GREENBRIER HOTEL CORPORATION,  )
a West Virginia Corporation;  )
GREENBRIER MEDICAL INSTITUTE, LLC,  )
a West Virginia Limited Liability Company;  )
OAKHURST CLUB, LLC,  )
a West Virginia Limited Liability Company;  )
GREENBRIER GOLF AND TENNIS  )
CLUB CORPORATION,  )
a West Virginia Corporation;  )
GREENBRIER LEGACY COTTAGE  )
DEVELOPMENT COMPANY I, Inc.,  )
a West Virginia Corporation;  )
GREENBRIER LEGACY COTTAGE  )
DEVELOPMENT II, Inc.,  )
a West Virginia Corporation.  )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.  )

**CERTIFICATE OF SERVICE**

I, Seth P. Hayes, certify that on the 24th day of July, 2026, the foregoing Plaintiff's

Combined Response in Opposition to Defendants' Response to Order to Show Cause (Dkt. 93)

and Motion to Further Continue Deadlines and Scheduled Hearings (Dkt. 94) was filed using the

Court's CM/ECF system.  Counsel of record will be served by the Court's CM/ECF system as

follows:

6

Steven R. Ruby, Esquire
Raymond S. Franks II, Esquire
David R. Pogue, Esquire
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

H. Rodgin Cohen, Esquire
Robert L. Jones IV, Esquire
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
cohenhr@sullcrom.com
jonesrob@sullcrom.com

Amanda Flug Davidoff, Esquire
Oliver W. Engebretson-Schooley, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
davidoffa@sullcrom.com
engebretsono@sullcrom.com

*/s/ Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB # 10381)

7