# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

WHITE SULPHUR SPRINGS HOLDINGS, LLC,
*a Texas Limited Liability Company,*

      Plaintiff,

v.
                                          CIVIL ACTION NO. 5:26-cv-00257

JAMES C. JUSTICE, II,
*individually,* and
CATHY L. JUSTICE,
*individually,* and
JAMES C. JUSTICE, III,
*individually,* and
GREENBRIER HOTEL CORPORATION,
*a West Virginia Corporation,* and
GREENBRIER MEDICAL INSTITUTE, LLC,
*a West Virginia Limited Liability Company,* and
OAKHURST CLUB, LLC,
*a West Virginia Limited Liability Company,* and
GREENBRIER GOLF AND TENNIS CLUB CORPORATION,
*a West Virginia Corporation,* and
GREENBRIER LEGACY COTTAGE DEVELOPMENT COMPANY I, INC.,
*a West Virginia Corporation,* and
GREENBRIER LEGACY COTTAGE DEVELOPMENT II, INC.,
*a West Virginia Corporation,*

      Defendants.

WEST VIRGINIA STATE TAX DIVISION
OF THE DEPARTMENT OF REVENUE and
FIVEMILE ENERGY, LLC, and
NEW LONDON TOBACCO MARKET, INC.,

      Putative Intervenors.

## ORDER

Pending is Defendants' Motion To Further Continue Briefing Deadlines and Scheduled Hearings [ECF 94], filed July 21, 2026. Plaintiff White Sulphur Springs Holdings, LLC ("WSSH") responded on July 24, 2026. [ECF 100]. The matter is ready for adjudication.

### I.

*Federal Rule of Civil Procedure* 6(b) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time . . . expires." Fed. R. Civ. P. 6(b); *see* Fed. R. Civ. P. 16(b)(4), ("A schedule may be modified only for good cause and with the judge's consent."); L.R. Civ. P. 16.1(f)(1) ("Time limits in the scheduling order . . . may be modified for good cause by order."); *see also Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026) ("'[A] finding of good cause under Rule 16 depends on the diligence of the party seeking amendment[.]'" (quoting *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 n.1 (4th Cir. 2020))); *Benjamin v. Sparks*, 986 F.3d 332, 344 (4th Cir. 2021) (concluding modification of the Court's scheduling order is appropriate for good cause); *Hawkins v. Leqqett*, 955 F. Supp. 2d 474, 498 (D. Md. 2013), *aff'd sub nom.*, *In re Canarte*, 558 Fed. App'x 327 (4th Cir. 2014) (concluding the Rule 16(b) good cause standard focuses on, *inter alia*, the "timeliness of the submission . . . and the danger of prejudice to the non-moving party").

### II.

On May 22, 2026, Defendants filed a Motion to Continue Briefing Deadlines and Scheduled Hearings [ECF 58] ("Suspension Motion"). For good cause shown, on May 30, 2026, the Court granted the Suspension Motion through July 16, 2026. [ECF 80]. On July 19, 2026, following Defendants' failure to file a motion to extend the previously scheduled deadline, the Court directed Defendants to show cause in writing "why the Court should not forthwith enter an order setting the

further proceedings necessary for a prompt adjudication of the merits." [ECF 92 at 2]. On July 21, 2026, Defendants filed a response to the Court's Order to Show Cause representing "Defendants and KLIM . . . are on the verge of closing" but "three outstanding items . . . remain to be completed before the transaction can close." [ECF 93 at 2, 6].

The same day, Defendants also filed the Motion To Further Continue Briefing Deadlines and Scheduled Hearings. [ECF 94]. Defendants' motion represents (1) the transaction is nearly complete, (2) "all deal documents will be completed by the week of July 20, 2026, and closing will occur on or before August 7, 2026," (3) a continuance is justified as a result of Defendants' diligence in pursuing the transaction, compliance with Court deadlines, and the fact that Defendants have kept Plaintiff and the Court "apprised of the status of the transaction," (4) Defendants intend to submit status reports on July 27, 2026, "to confirm that all transaction documents have been completed" and July 31, 2026, regarding "the three outstanding actions that must be completed to allow the transaction to close." [ECF 94 at 3–4]. Finally, if the transaction has not closed by August 7, 2026, Defendants request the Court to "order an immediate inquiry by a magistrate judge into the circumstances delaying the closing of the transaction, along with a prompt recommendation as to the steps necessary for the transaction to close or for the matter to otherwise proceed." [*Id.* at 4].

In response, WSSH indicates skepticism that an August 7, 2026, closing will materialize, but nevertheless accedes to a further brief continuance contingent on "a ***firm*** deadline of August 7, 2026, to close and fund the[] transaction." [ECF 100 at 4]. WSSH "strongly opposes" an inquiry by a magistrate judge inasmuch as (1) the proceedings have already been repeatedly delayed, and (2) any further delay will "waste the value of WSSH's collateral[,] . . . give Defendants further opportunities to misdirect revenues[, and] . . . further damage The Greenbrier Resort and all stakeholders." [*Id.*].

Defendants' request to "further continue all deadlines and scheduled hearings in this action until August 7, 2026[,]" satisfies the good cause standard inasmuch as Defendants have diligently proceeded in securing the transaction, [*see* ECF 93 at 2–6], and have provided regular status reports, [*see* ECF 84; ECF 85; ECF 86]. *See also* Fed. R. Civ. P. 6(b); Fed. R. Civ. P. 16(b)(4); L.R. Civ. P. 16.1(f)(1); *Eichin*, 173 F.4th at 127; *Hawkins*, 955 F. Supp. 2d at 498. Given WSSH's acquiesce to a further brief continuance, comparative prejudice weighs in favor of granting the brief delay sought. Nevertheless, these proceedings have now been suspended for over two months, and Defendants' anticipated timeline has shifted considerably since the original request. Given the potential for further prejudice to WSSH as a result of any further delay, the Court will set herein a schedule for further proceedings in the event the transaction does not close as anticipated.

### III.

For good cause shown, the Court **GRANTS AS MOULDED** Defendants' Motion To Further Continue Briefing Deadlines and Scheduled Hearings [**ECF 94**] and **ORDERS** as follows:

1. Defendants are **DIRECTED** to file their first status report no later than **July 28, 2026**, and their second no later than **July 31, 2026**;

2. A prehearing conference is set for **Thursday, September 3, 2026, at 10:00 a.m.**, in Charleston. Lead counsel for each party shall appear in person;

3. The parties are **DIRECTED** to submit draft proposed findings of fact and conclusions of law by **Wednesday, September 9, 2026**; and

4. An evidentiary hearing on the amended motions is set for **Wednesday, September 16, 2026, at 10:00 a.m.**, in Charleston. Lead counsel for each party shall appear in person.

4

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER:  July 27, 2026

Frank W. Volk
Chief United States District Judge